# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>                       Plaintiff,<br><br>v.<br><br>MANUEL ALTAMIRANO, et al.,<br><br>                       Defendants. | Case No.: 3:19-cv-01185-H-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RECUSE**<br><br>[Doc. No. 16.] |

On August 9, 2019, Plaintiff Anthony Johnson, a *pro se* litigant, filed a motion to recuse the assigned judge from this case pursuant to 28 U.S.C. §§ 144 and 455(a). (Doc. No. 16.) On August 9, 2019, the Court took Plaintiff's motion to recuse under submission and issued a briefing schedule for the motion. (Doc. No. 17.) On September 16, 2019, Defendants filed responses in opposition to Plaintiff's motion to recuse. (Doc. Nos. 37, 38.) On September 23, 2019, Plaintiff filed his replies. (Doc. Nos. 48, 50.) For the reasons below, the Court denies Plaintiff's motion for recusal.

///
///
///

**Background**

On June 24, 2019, Plaintiff Johnson filed a complaint against Defendants Manuel Altamirano, Richard Turner, David Kinney, David Huffman, Paul Tyrell, Sean Sullivan, and Storix, Inc., alleging causes of action for: (1) malicious prosecution; (2) breach of fiduciary duty; (3) conversion; (4) economic interference; (5) breach of contract; (6) rescission; and (7) indemnification. (Doc. No. 1, Compl.) On July 18, 2019, pursuant to Civil Local Rule 40.1(e) and (i) (the "low number rule"), the Clerk of Court transferred the case to this Court. (Doc. No. 4.) By the present motion, Plaintiff moves pursuant to 28 U.S.C. §§ 144 and 455(a) to recuse the assigned judge from this case. (Doc. No. 16 at 1.)[1]

**Discussion**

**I.    28 U.S.C. §§ 144 and 455**

A.    Legal Standards

A request for the recusal of an assigned judge is governed by 28 U.S.C. §§ 144 and 455. Section 144 provides: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. Section 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

"'The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012) (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam)); accord United States v. Carey, 929 F.3d 1092, 1104

---

[1]    The briefing in support of Plaintiff's motion to recuse begins on CM/ECF stamped page 19 of Docket Entry No. 16. (See Doc. No. 20 at 2.)

(9th Cir. 2019). "Under § 455(a), impartiality must be 'evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance.'" Carey, 929 F.3d at 1104 (quoting Liteky v. United States, 510 U.S. 540, 548 (1994)); see Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) ("[R]ecusal will be justified either by actual bias or the appearance of bias."). "Disqualification under § 455(a) is necessarily fact-driven and may turn on subtleties in the particular case." United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008)

The Ninth Circuit has explained that a judge reviewing a motion to recuse "should also bear in mind that § 455(a) is limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." Holland, 519 F.3d at 913–14 (citing Liteky, 510 U.S. at 554–56). "Put differently, the judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal under § 455(a)." Id. (footnote omitted); see Liteky, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); see also Toscano v. McLean, No. 16-CV-06800-EMC, 2018 WL 732341, at *2 (N.D. Cal. Feb. 6, 2018) ("It is well-established that actions taken by a judge during the normal course of proceedings are not proper grounds for disqualification." (citing United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999)). A district court's determination of a motion to recuse is reviewed for abuse of discretion. See Yagman, 987 F.2d at 626; United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir. 2000).

B.  Analysis

In attempting to establish a basis for this Court's recusal, Plaintiff fails to identify any extrajudicial source for the alleged bias. (See Doc. No. 16 at 5-16; Doc. No. 48 at 3-4; Doc. No. 50 at 2-3.) Rather, Plaintiff only relies on this Court's prior rulings and analysis in Johnson v. Storix, 14-cv-01873-H-BLM, specifically the Court's rulings and analysis on the issue of attorney's fees including the Court's award of attorney's fees against Plaintiff. (See id.) Plaintiff argues that the analyses underlying the Court's imposition and

calculation of attorney's fees in the prior action were faulty, and Plaintiff further argues that in light of these purportedly faulty analyses, a reasonable person would conclude that the Court's impartiality might reasonably be questioned. (See id.) But this is not an adequate basis for recusal.

Because Plaintiff's allegations of bias stem entirely from this Court's adverse rulings and analysis in the prior action on the issue of attorney's fees, Plaintiff has failed to provide an adequate basis for recusal. See United States v. Johnson, 610 F.3d 1138, 1148 (9th Cir. 2010) ("[The district court]'s dismissal of the defendants' prior civil case, his order of sanctions against their attorney, his award of costs and fees to the civil defendants, and his referral of the matter to the U.S. Attorney's Office were judicial actions that will not serve as bases for recusal absent unusual circumstances not present here. Adverse findings do not equate to bias." (citation omitted)); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999) ("[Plaintiff]'s allegations stem entirely from the district court judge's adverse rulings. That is not an adequate basis for recusal."); Scholl, 166 F.3d at 978 ("[The district judge]'s judicial rulings and efforts at trial administration are an inadequate basis for disqualification.").

Plaintiff notes that in certain circumstances a party can establish a proper basis for recusal without extrajudicial evidence, citing the Supreme Court's decision in Liteky v. United States, 510 U.S. 540, 548 (1994). (Doc. No. 16 at 2, 3 n.2.) In Liteky, the Supreme Court explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the

course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible. . . . *Not* establishing bias or partiality, however, are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display. A judge's ordinary efforts at courtroom administration—even a stern and short-tempered judge's ordinary efforts at courtroom administration—remain immune.

510 U.S. at 555–56 (emphasis in original).

In this passage, the Supreme Court explains that "judicial rulings" and "opinions formed by the judge on the basis of facts introduced or events occurring in the course" of the proceedings almost never constitute a valid basis for a motion to recuse. Id. at 555. Here, Plaintiff's motion to recuse is based entirely on this Court's judicial rulings, analysis, and opinions made during the course of the prior proceedings. In Liteky, the Supreme Court noted an exception to this general rule in explaining that judicial opinions might constitute a valid basis for recusal if "they display a deep-seated favoritism or antagonism that would make fair judgment impossible." 510 U.S. at 555. But the Supreme Court clarified that "judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Id. The rulings and opinions by this Court in the prior proceedings identified by Plaintiff in his motion to recuse fall well short of the "deep-seated favoritism or antagonism" standard set forth by the Supreme Court in Liteky. At best, the rulings and analysis made during the prior proceedings with respect to the fee award could be characterized as adverse to Plaintiff. This is insufficient to provide an adequate basis for recusal. See Liteky, 510 U.S. at 555–56; Johnson, 610 F.3d at 1148.

In sum, Plaintiff has failed to set forth an adequate basis for this Court's recusal in this action. As a result, the Court, exercising its sound discretion, denies Plaintiff's motion for recusal under 28 U.S.C. §§ 144 and 455. See Liteky, 510 U.S. at 556 (affirming the

denial of a motion to recuse where the motion was based entirely on "judicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses"); Johnson, 610 F.3d at 1148 (affirming the denial of a motion to recuse where the motion was based entirely on the district judge's "judicial actions," including "his award of costs and fees" against the movant in a prior civil action); Leslie, 198 F.3d at 1160 (affirming the denial of a motion to recuse where the motion was based entirely on "the district court judge's adverse rulings").

Plaintiff argues that, pursuant to 28 U.S.C. § 144, a neutral district court judge should determine whether bias exists and decide his motion for recusal. (Doc. No. 16 at 16.) Section 144 provides: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144. "Nonetheless, Section 144 permits a challenged judge to rule on the legal sufficiency of the challenger's affidavit and does not require a judge to assign a recusal motion to another judge for hearing where the affidavit is insufficient." Arunachalam v. Pazuniak, No. 14-CV-05051-JST, 2015 WL 12839126, at *1 (N.D. Cal. Feb. 9, 2015); see United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978); ("[T]he judge against whom an affidavit of bias is filed may pass on its legal sufficiency." (citing Berger v. United States, 255 U.S. 22, 32-34 (1922))). Indeed, the Ninth Circuit "ha[s] held repeatedly that the challenged judge himself should rule on the legal sufficiency of a recusal motion in the first instance." United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986). "Only after the legal sufficiency of the affidavit is determined does it become the duty of the judge to 'proceed no further' in the case." Azhocar, 581 F.2d at 738.

Here, because Plaintiff's affidavit is based entirely on this Court's judicial rulings, analysis, and opinions made during the course of the prior proceedings, and Plaintiff has failed to set forth an adequate basis for this Court's recusal in the affidavit, his section 144 affidavit is not legally sufficient. See United States v. Sibla, 624 F.2d 864, 868 (9th Cir.

1980) ("An affidavit filed pursuant to that section is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source."); Liteky, 510 U.S. at 556. As such, the Court may consider and deny Plaintiff's motion for recusal without referring the matter to another judge. See Azhocar, 581 F.2d at 738; Studley, 783 F.2d at 940; Arunachalam, 2015 WL 12839126, at *1.

## II.     The Low Number Rule

In his motion, Plaintiff also contends that the case was improperly transferred to this Judge under the low number rule, Civil Local Rule 40.1(e). (Doc. No. 16 at 4, 16; Doc. No. 48 at 4-5; Doc. No. 50 at 3.) Civil Local Rule 40.1 governs the assignment of civil cases in this district. Civil Local Rule 40.1(i) provides: "In order to avoid unnecessary duplication of judicial effort, all pending civil actions and proceedings, which are determined to be related to any other pending civil action or proceeding pursuant to the criteria set forth in Civil Local Rule 40.1.e will be assigned to the district and magistrate judge to whom the lowest numbered case was assigned."

Civil Local Rule 40.1(e) provides the criteria for transfer pursuant the low number rule. Under Civil Local Rule 40.1(e), the Clerk of Court considers whether the cases (1) arise from the same or substantially identical transactions, happenings, or events; or (2) involve the same or substantially the same parties or property, or (3) involve the same patent or the same trademark; or (4) call for determination of the same or substantially identical questions of law; or (5) where a case is refiled within one year of having previously been terminated by the Court; or (6) for other reasons would entail substantial duplication of labor if heard by different judges. Under Civil Local Rule 40.1(h), any order for transfer of a case under the low number rule requires the signatures of the both judges concerned with the proposed transfer.

Here, the present action was properly assigned to this Court under the low number rule, Civil Local Rule 40.1(e)(2) and (i). The present action and the prior action, Johnson v. Storix, 14-cv-01873-H-BLM, both involve some of "the same parties." (Compare Doc.

7

3:19-cv-01185-H-BLM

No. 1 with Johnson, 14-cv-01873-H-BLM, Docket Entry No. 1 (S.D. Cal., filed Aug. 8, 2014).) Plaintiff Anthony Johnson is the plaintiff in both actions, and Defendant Storix Inc. is a defendant in both actions.[2] (Id.) As a result, the Court rejects Plaintiff's challenge to the assignment of the present case to this Court under the low number rule.

### Conclusion

For the reasons above, the Court denies Plaintiff's motion for recusal.

**IT IS SO ORDERED.**

DATED: September 30, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[2] The Court acknowledges that the complaint in the present action names additional defendants that were not named as defendants in Case No. 14-cv-1873. Nonetheless, the two actions still involve some identical parties, Plaintiff Johnson and Defendant Storix.