**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY JOHNSON, | Case No.: 3:19-cv-01185-H-BLM |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO STAY** |
| MANUEL ALTAMIRANO, et al., | |
| Defendants. | [Doc. No. 63.] |

On October 21, 2019, Plaintiff Anthony Johnson filed a motion (1) to stay the present action pending resolution of his petition for writ of mandamus filed with the United States Court of Appeals for the Ninth Circuit, and (2) to stay the resolution of Defendants' motions to dismiss and to strike Plaintiff's malicious prosecution claim pending Plaintiff's state court appeal of the judgment in the underlying lawsuit. (Doc. No. 63.) On October 25, 2019, the Court took the motion to stay under submission. (Doc. No. 65.) On November 8, 2019, Defendants Storix Inc., Paul Tyrell and Sean Sullivan filed a response in opposition to Plaintiff's motion to stay. (Doc. No. 68.) On November 18, 2019, Plaintiff filed his reply. (Doc. No. 70.) For the reasons below, the Court denies Plaintiff's motion to stay.

///

# Background

## I. The State Court Actions

On August 20, 2015, Storix filed a complaint in state court, Case No. 37-2015-28262-CU-BT-CTL, against Anthony Johnson and Janstor Technology, alleging claims for: (1) breach of fiduciary duty against Johnson; and (2) aiding and abetting breach of fiduciary duty against Janstor. (Doc. No. 34-2, RJN Ex. 8.) On October 13, 2015, Anthony Johnson along with Robin Sassi filed a derivative complaint on behalf of Storix in state court, Case No. 37-2015-34545-CU-BT-CTL, against David Huffman, Richard Turner, Manuel Altamirano, David Kinney, and David Smiljkovich, alleging claims for: (1) breach of fiduciary duty; (2) abuse of control; (3) corporate waste; and (4) an accounting. (Doc. No. 34-3, RJN Ex. 14.) The two actions were subsequently consolidated by the state court.

On March 14, 2016, Storix filed a first amended complaint in Case No. 37-2015-28262, alleging the same two causes of action. (Doc. No. 34-2, RJN Ex. 9.) On April 13, 2016, Johnson filed a cross-complaint in Case No. 37-2015-28262 against David Huffman, Richard Turner, Manuel Altamirano, David Kinney, and David Smiljkovich, alleging claims for: (1) breach of fiduciary duty; (2) civil conspiracy; and (3) fraud. (Id. Ex. 13.) On June 2, 2016, Johnson and Sassi filed a first amended complaint in the derivative action, alleging the same four causes of action. (Doc. No. 34-3, RJN Ex. 15.) On September 6, 2016, Storix filed a second amended complaint in Case No. 37-2015-28262, alleging the same two causes of action for: (1) breach of fiduciary duty against Johnson; and (2) aiding and abetting breach of fiduciary duty against Janstor. (Doc. No. 34-2, RJN Ex. 11.)

Following a jury trial, on February 20, 2018, a jury returned a verdict in Case No. 37-2015-28262 in favor of Storix and against Johnson on Storix's claim for breach of fiduciary duty and against Johnson on all of his cross-claims. (Doc. No. 34-4, RJN Ex. 17.) Specifically, in the verdict, the jury found that "Anthony Johnson breach[ed] his duty of loyalty by knowingly acting against Storix, Inc.'s interests while serving on the Board of Directors of Storix, Inc." (Id. at 1.) In addition, the jury award Storix $3,739.14 "as a result of Anthony Johnson's acts or conduct in breach of a fiduciary duty or duties owed

1  to Storix, Inc." (Id. at 2.)

2  On May 16, 2018, after a bench trial, the state court issued a decision and order on

3  the claims in the derivative action, finding in favor of the defendants and against the

4  plaintiff on all four causes of action. (Doc. No. 34-4, RJN Ex. 20.) On September 12,

5  2018, the state court entered a consolidated judgment in the two actions as follows: (1)

6  "[i]n favor of plaintiff Storix, Inc. and against Defendant Anthony Johnson on Storix Inc.'s

7  complaint for breach of fiduciary duty;" (2) "Cross-Complainant Anthony Johnson shall

8  take nothing from Cross-Defendants David Huffman, Richard Turner, Manuel Altamirano,

9  David Kinney, and David Smiljkovich, or any of them, on the Cross-Complaint filed in

10  Case No. 37-2015-00028262-CU-BT-CTL;" (3) Plaintiffs Anthony Johnson and Robin

11  Sassi shall take nothing from Defendants David Huffman, Richard Turner, Manuel

12  Altamirano, David Kinney, and David Smiljkovich, or any of them on the First Amended

13  Derivative Complaint filed in Case No. 37-2015-00034545-CUBT-CTL." (Id. Ex. 22.) In

14  December 2018, Plaintiff appealed the September 12, 2018 consolidated judgment to the

15  California Court of Appeal. (Doc. No. 63-1, Exs. C, D.) Plaintiff's appeal is currently

16  pending before the California Court of Appeal.

17  **III.  The Present Action**

18  On June 24, 2019, Plaintiff Anthony Johnson, proceeding *pro se*, filed a complaint

19  against Defendants Manuel Altamirano, Richard Turner, David Kinney, David Huffman,

20  Paul Tyrell, Sean Sullivan, and Storix, Inc., alleging causes of action for: (1) malicious

21  prosecution; (2) breach of fiduciary duty; (3) conversion; (4) economic interference; (5)

22  breach of contract; (6) rescission; and (7) indemnification. (Doc. No. 1, Compl.) On

23  August 29 and 30, 2019, Defendants filed motions to dismiss Plaintiffs' complaint pursuant

24  to Federal Rule of Civil Procedure 12(b)(6) along with anti-SLAPP motions to strike

25  certain claims in Plaintiff's complaint under California Code of Civil Procedure § 425.16.

26  (Doc. Nos. 29, 30, 31, 32, 33.)

27  On September 30, 2019, the Court denied Plaintiff's motion for recusal under 28

28  U.S.C. §§ 144 and 455(a). (Doc. No. 51.) On October 2, 2019, Plaintiff filed a petition

for writ of mandamus with the United States Court of Appeals for the Ninth Circuit, challenging the Court's denial of his motion for recusal. (Doc. No. 60.) On November 22, 2019, the Ninth Circuit denied Plaintiff's petition for writ of mandamus and closed the case. In re Johnson, No. 19-72507, Docket No. 3 (9th Cir. Nov. 22, 2019). By the present motion, Plaintiff moves (1) for a stay of the action pending the resolution of his petition for writ of mandamus and (2) for a stay of his malicious prosecution claim pending the resolution of his state court appeal. (Doc. No. 63 at 2.)

### Discussion

### I. Plaintiff's Motion to Stay Pending His Writ of Mandamus

Plaintiff moves to stay the entire action pending the resolution of his petition for writ of mandamus filed with the Ninth Circuit. (Doc. No. 63 at 4-5; Doc. No. 70 at 2-3.) On November 22, 2019, the Ninth Circuit issued an order denying Plaintiff's petition for writ of mandamus and closing the case. In re Johnson, No. 19-72507, Docket No. 3 (9th Cir. Nov. 22, 2019). As such, Plaintiff's request to stay the action pending the resolution of his petition for writ of mandamus is now moot, and the Court denies Plaintiff's motion to stay the action as moot.

### II. Plaintiff's Motion to Stay His Malicious Prosecution Claim Pending His State Court Appeal

Plaintiff also moves to stay his claim for malicious prosecution pending the final resolution of his appeal in the state court actions. (Doc. No. 63 at 5-7; Doc. No. 70 at 4-6.) Plaintiff argues that a stay is appropriate because if the California Court of Appeal reverses the state court judgment, Plaintiff will be able to satisfy the favorable termination requirement of his malicious prosecution claim. (Id. at 6.)

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). "'A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'"

4

Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979)).

In determining whether to grant a motion to stay, a court "should generally consider the following factors:"

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Keating v. Office of Thrift Supervision, 45 F.3d 322, 324–25 (9th Cir. 1995); see Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc., 490 F.3d 718, 724 (9th Cir. 2007). "The proponent of a stay bears the burden of establishing its need." Clinton, 520 U.S. at 708.

After reviewing the above factors, the Court declines to stay Plaintiff's malicious prosecution claim. Plaintiff chose to file his present claim for malicious prosecution while his appeal was still pending even though the state court judgment at issue was entered against him, (Doc. No. 34-4, RJN Ex. 22), and a favorable termination is "an essential element" of a claim for malicious prosecution. Lane v. Bell, 20 Cal. App. 5th 61, 68 (2018), review denied (Apr. 18, 2018); see Siebel v. Mittlesteadt, 41 Cal. 4th 735, 741 (2007) ("'[I]t is hornbook law that the plaintiff in a malicious prosecution action must plead and prove that the prior judicial proceeding of which he complains terminated in his favor.'"). As such, the Court declines to stay Plaintiff's claim for malicious prosecution based on Plaintiff's speculation that the California Court of Appeal might reverse the judgment in the future. See Pasternack v. McCullough, 235 Cal. App. 4th 1347, 1358 (2015) (affirming the decision to dismiss rather than stay a plaintiff's claim for malicious prosecution where the malicious prosecution claim "was premature when it was filed and was still premature when the special motions to strike were heard" and explaining: "The proper remedy here, we believe, is to affirm the order dismissing [plaintiff]'s malicious prosecution complaint

3:19-cv-01185-H-BLM

against the [] defendants, the last remaining malicious prosecution defendants. For whatever reason, [plaintiff] chose not to wait until his malicious prosecution claim had accrued before filing and proceeding on his malicious prosecution complaint. He should bear the consequences of that decision, whatever they may be or have been."); Tarsadia Hotels v. Aguirre & Severson, No. D068887, 2016 WL 7488351, at *10 (Cal. Ct. App. Dec. 30, 2016).

## Conclusion

For the reasons above, the Court denies Plaintiff's motion to stay.

**IT IS SO ORDERED.**

DATED: December 2, 2019

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

3:19-cv-01185-H-BLM