1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

9
10
11

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>                Plaintiff,<br><br>v.<br><br>MANUEL ALTAMIRANO, an individual; RICHARD TURNER, an individual; DAVID KINNEY, an individual; DAVID HUFFMAN, an individual; PAUL TYRELL, an individual; SEAN SULLIVAN, an individual; STORIX, INC., a California corporation; and DOES 1-5, inclusive,<br><br>                Defendants. | Case No.: 3:19-cv-01185-H-BLM<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS ALTAMIRANO, HUFFMAN, KINNEY, AND TURNER'S MOTION TO DISMISS;**<br><br>[Doc. No. 30.]<br><br>**(2) GRANTING DEFENDANTS STORIX, TYRELL, AND SULLIVAN'S MOTIONS TO DISMISS WITH PREJUDICE;**<br><br>[Doc. Nos. 31, 32.]<br><br>**(3) GRANTING IN PART AND DENYING IN PART DEFENDANTS ALTAMIRANO, HUFFMAN, KINNEY, AND TURNER'S ANTI-SLAPP MOTION TO STRIKE;**<br><br>[Doc. No. 29.] |

**(4) GRANTING DEFENDANTS TYRELL AND SULLIVAN'S ANTI-SLAPP MOTION TO STRIKE; AND**

[Doc. No. 33.]

**(5) DENYING DEFENDANTS ALTAMIRANO, HUFFMAN, KINNEY, AND TURNER'S MOTION FOR AN UNDERTAKING UNDER CAL. CIV. PROC. CODE § 1030**

[Doc. No. 28.]

On August 29, 2019, Defendants Manuel Altamirano, David Huffman, David Kinney, and Richard Turner filed a motion to dismiss Plaintiff Anthony Johnson's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6); an anti-SLAPP motion to strike pursuant to California Code of Civil Procedure § 425.16; and a motion for an order requiring Plaintiff to comply with a statutory undertaking pursuant to California Code of Civil Procedure § 1030. (Doc. Nos. 28, 29, 30.) On August 30, 2019, Defendants Paul Tyrell and Sean Sullivan filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and an anti-SLAPP motion to strike pursuant to California Code of Civil Procedure § 425.16. (Doc. Nos. 32, 33.) On August 30, 2019, Defendant Storix Inc. filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 31.) On September 17, 2019, Plaintiff filed his responses in oppositions to Defendants' motions. (Doc. Nos. 39, 40, 41, 42, 43, 44.) On September 30, 2019, Defendants filed their replies. (Doc. Nos. 53, 54, 55, 56, 57, 58.) On October 1, 2019, the Court took the matters under submission. (Doc. No. 59.)

On October 9, 2019, the Court requested supplemental briefing on the issue of *res judicata* as to Plaintiff's claim for conversion. (Doc. No. 62.) On October 25, 2019, Defendants Altamirano, Huffman, Kinney, and Turner filed their opening supplemental brief. (Doc. No. 66.) On November 7, 2019, Plaintiff filed his responsive supplemental

brief. (Doc. No. 67.) On November 15, 2019, Defendants Altamirano, Huffman, Kinney, and Turner filed their reply supplemental brief. (Doc. No. 69.) For the reasons below, the Court: (1) grants in part and denies in part Defendants Altamirano, Huffman, Kinney, and Turner's motion to dismiss; (2) grants Defendants Storix, Tyrell, and Sullivan's motions to dismiss; (3) grants in part and denies in part Defendants Altamirano, Huffman, Kinney, Turner's motions to strike; (4) grants Defendants Tyrell and Sullivan's motion to strike; and (5) denies Altamirano, Huffman, Kinney, and Turner's motion for a statutory undertaking.

## Background

### I. The Prior Federal Action

On August 8, 2014, Anthony Johnson – the Plaintiff in this action – filed a complaint in federal court, Case No. 14-cv-1873-H-BLM, against Storix – one of the defendants in this action – alleging claims for: (1) federal copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*; (2) contributory copyright infringement; and (3) vicarious copyright infringement. [1] (Doc. No. 34-2, RJN Ex. 1.) On September 19, 2014, Storix filed an answer to Johnson's complaint and counterclaims for: (1) a declaratory judgment of non-infringement; and a declaratory judgment that it is the owner of the copyrights at issue. (Id. Ex. 2.)

The action was tried before a jury beginning on December 8, 2015. (Doc. No. 34-2, RJN Ex. 3 at 1.) On December 15, 2015, the jury returned a verdict that was in favor of Storix on all causes of action. (Id. at 2.) Specifically, in the verdict, the jury found that "Storix, Inc. proved by a preponderance of the evidence that Anthony Johnson's copyright

---

[1]     In deciding the present motions, the Court takes judicial notice of the filings from the prior federal action and the state court actions submitted by the parties. See United States v. Black, 482 F.3d 1035, 1041 (9th Cir. 2007) (A district court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"); Vasserman v. Henry Mayo Newhall Mem'l Hosp., 65 F. Supp. 3d 932, 942–43 (C.D. Cal. 2014) ("Court orders and filings are proper subjects of judicial notice."); ScripsAmerica, Inc. v. Ironridge Glob. LLC, 56 F. Supp. 3d 1121, 1136 (C.D. Cal. 2014) ("It is well established that federal courts may take judicial notice of related state court orders and proceedings.").

infringement claim against Storix, Inc. is barred because Anthony Johnson transferred ownership of all pre-incorporation copyrights, including SBAdmin Version 1.3, in writing from himself to Storix, Inc." (Id.) On November 16, 2016, the Court entered an amended judgment incorporating the jury's verdict "in favor of Defendant and Counter-Claimant Storix, and against Plaintiff Anthony Johnson." (Id. at 3.)

Johnson appealed the Court's judgment to the United States Court of Appeals for the Ninth Circuit. On December 19, 2017, the Ninth Circuit affirmed in part, reversed in part, and remanded for further proceedings. Johnson v. Storix, Inc., 716 F. App'x 628, 632 (9th Cir. 2017), cert. denied, 139 S. Ct. 76 (2018). In the decision, the Ninth Circuit affirmed the jury's verdict on liability, as well as the Court's decision to award Storix attorneys' fees. Id. at 631. However, the Ninth Circuit held that the fees awarded were "unreasonable," and remanded with instructions for the Court "to reconsider the amount." Id. at 632.

On August 7, 2018, after issuing an order awarding attorneys' fees on remand, the Court entered a second amended judgment in the action. (Doc. No. 34-2, RJN Ex. 6.) On August 14, 2018, Plaintiff appealed the Court's second amended judgment to the Ninth Circuit. Johnson v. Storix, Inc., No. 14-cv-01873-H-BLM, Docket No. 304 (S.D. Cal. Aug. 14, 2018). Plaintiff's appeal of the amount of attorneys' fees is currently pending before the Ninth Circuit. See Johnson v. Storix, Inc., No. 18-56106 (9th Cir., filed Aug. 16, 2018).

## II. The State Court Actions

On August 20, 2015, Storix filed a complaint in state court, Case No. 37-2015-28262-CU-BT-CTL, against Anthony Johnson and Janstor Technology, alleging claims for: (1) breach of fiduciary duty against Johnson; and (2) aiding and abetting breach of fiduciary duty against Janstor. (Doc. No. 34-2, RJN Ex. 8.) On October 13, 2015, Anthony Johnson along with Robin Sassi filed a derivative complaint on behalf of Storix in state court, Case No. 37-2015-34545-CU-BT-CTL, against David Huffman, Richard Turner, Manuel Altamirano, David Kinney, and David Smiljkovich, alleging claims for: (1) breach of fiduciary duty; (2) abuse of control; (3) corporate waste; and (4) an accounting. (Doc.

No. 34-3, RJN Ex. 14.)  The two actions were subsequently consolidated by the state court.

On March 14, 2016, Storix filed a first amended complaint in Case No. 37-2015-28262, alleging the same two causes of action.  (Doc. No. 34-2, RJN Ex. 9.)  On April 13, 2016, Johnson filed a cross-complaint in Case No. 37-2015-28262 against David Huffman, Richard Turner, Manuel Altamirano, David Kinney, and David Smiljkovich, alleging claims for: (1) breach of fiduciary duty; (2) civil conspiracy; and (3) fraud.  (Id. Ex. 13.)  On June 2, 2016, Johnson and Sassi filed a first amended complaint in the derivative action, alleging the same four causes of action.  (Doc. No. 34-3, RJN Ex. 15.)  On September 6, 2016, Storix filed a second amended complaint in Case No. 37-2015-28262, alleging the same two causes of action for: (1) breach of fiduciary duty against Johnson; and (2) aiding and abetting breach of fiduciary duty against Janstor.  (Doc. No. 34-2, RJN Ex. 11.)

Following a jury trial, on February 20, 2018, a jury returned a verdict in Case No. 37-2015-28262 in favor of Storix and against Johnson on Storix's claim for breach of fiduciary duty and against Johnson on all of his cross-claims.  (Doc. No. 34-4, RJN Ex. 17.)  Specifically, in the verdict, the jury found that "Anthony Johnson breach[ed] his duty of loyalty by knowingly acting against Storix, Inc.'s interests while serving on the Board of Directors of Storix, Inc."  (Id. at 1.)  In addition, the jury award Storix $3,739.14 "as a result of Anthony Johnson's acts or conduct in breach of a fiduciary duty or duties owed to Storix, Inc."  (Id. at 2.)

On May 16, 2018, after a bench trial, the state court issued a decision and order on the claims in the derivative action, finding in favor of the defendants and against the plaintiff on all four causes of action.  (Doc. No. 34-4, RJN Ex. 20.)  On September 12, 2018, the state court entered a consolidated judgment in the two actions as follows: (1) "[i]n favor of plaintiff Storix, Inc. and against Defendant Anthony Johnson on Storix Inc's complaint for breach of fiduciary duty;" (2) "Cross-Complainant Anthony Johnson shall take nothing from Cross-Defendants David Huffman, Richard Turner, Manuel Altamirano, David Kinney, and David Smiljkovich, or any of them, on the Cross-Complaint filed in Case No. 37-2015-00028262-CU-BT-CTL;" (3) Plaintiffs Anthony Johnson and Robin

Sassi shall take nothing from Defendants David Huffman, Richard Turner, Manuel Altamirano, David Kinney, and David Smiljkovich, or any of them on the First Amended Derivative Complaint filed in Case No. 37-2015-00034545-CUBT-CTL." (Id. Ex. 22.) In December 2018, Plaintiff appealed the September 12, 2018 consolidated judgment to the California Court of Appeal. (Doc. No. 63-1, Exs. C, D.) Plaintiff's appeal is currently pending before the California Court of Appeal. See Storix, Inc. v. Johnson, No. D075308 (Cal. App., filed Dec. 10, 2018).

## III. The Present Action

On June 24, 2019, Plaintiff Anthony Johnson, proceeding *pro se*, filed a complaint against Defendants Manuel Altamirano, Richard Turner, David Kinney, David Huffman, Paul Tyrell, Sean Sullivan, and Storix, Inc., alleging causes of action for: (1) malicious prosecution; (2) breach of fiduciary duty; (3) conversion; (4) economic interference; (5) breach of contract; (6) rescission; and (7) indemnification. (Doc. No. 1, Compl.) On September 30, 2019, the Court denied Plaintiff's motion for recusal under 28 U.S.C. §§ 144 and 455(a). (Doc. No. 51.) On October 2, 2019, Plaintiff filed a petition for writ of mandamus with the United States Court of Appeals for the Ninth Circuit, challenging the Court's denial of his motion for recusal. (Doc. No. 60.) On November 22, 2019, the Ninth Circuit denied Plaintiff's petition for writ of mandamus and closed the case. In re Johnson, No. 19-72507, Docket No. 3 (9th Cir. Nov. 22, 2019). (Doc. No. 71.)

By the present motions: (1) Defendants Altamirano, Turner, Kinney, and Huffman move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss all of the claims in Plaintiff's complaint, (Doc. No. 30); (2) Defendant Storix moves pursuant to Rule 12(b)(6) to dismiss Plaintiff's claims for breach of contract, rescission, and indemnification, (Doc. No. 31); (3) Defendants Tyrell and Sullivan move pursuant to Rule 12(b)(6) to dismiss Plaintiff's claim for malicious prosecution, (Doc. No. 32); (4) Defendants Altamirano, Turner, Kinney, and Huffman move pursuant to California's anti-SLAPP statute, California Code of Civil Procedure § 425.16, to strike Plaintiff's claims for malicious prosecution and breach of fiduciary duty, (Doc. No. 29); (5) Defendants Tyrell and Sullivan

move pursuant to California's anti-SLAPP statute to strike Plaintiff's claim for malicious prosecution, (Doc. No. 33); and (6) Defendants Altamirano, Turner, Kinney, and Huffman move for an order requiring Plaintiff to file an undertaking pursuant to California Code of Civil Procedure § 1030. (Doc. No. 28.)

## **Discussion**

## **I. Defendants' Rule 12(b)(6) Motions to Dismiss**

### A. Legal Standards for a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief containing "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true

all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant.  See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014).  But, a court need not accept "legal conclusions" as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged."  Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice.  See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).  Further, "[a] pro se complaint must be 'liberally construed,' since 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Entler v. Gregoire, 872 F.3d 1031, 1038 (9th Cir. 2017) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend.  See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  "A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies."  Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted).

B.    Plaintiff's Claim for Malicious Prosecution

In the complaint, Plaintiff alleges a cause of action for malicious prosecution against Defendants Altamirano, Turner, Kinney, Huffman, Tyrell and Sullivan.  (Doc. No. 1, Compl. ¶¶ 37-43.)  Defendants Altamirano, Turner, Kinney, Huffman, Tyrell and Sullivan argue that this claim should be dismissed because Plaintiff cannot allege that the underlying prior action was terminated in his favor.  (Doc. No. 30-1 at 3-5; Doc. No. 32-1 at 10-15.)

In California, a claim for malicious prosecution "consists of three elements.  The underlying action must have been: (i) initiated or maintained by, or at the direction of, the

defendant, and pursued to a legal termination in favor of the malicious prosecution plaintiff; (ii) initiated or maintained without probable cause; and (iii) initiated or maintained with malice." <u>Parrish v. Latham & Watkins</u>, 3 Cal. 5th 767, 775 (2017). The California Supreme Court has noted that "[m]alicious prosecution actions have traditionally been disfavored as potentially chilling the right to pursue legal redress and report crime." <u>Siebel v. Mittlesteadt</u>, 41 Cal. 4th 735, 740 (2007); <u>accord</u> <u>Sheldon Appel Co. v. Albert & Oliker</u>, 47 Cal. 3d 863, 872 (1989).

"'Favorable termination . . . is an essential element of the tort of malicious prosecution, and it is strictly enforced.'" <u>Lane v. Bell</u>, 20 Cal. App. 5th 61, 68 (2018), <u>review denied</u> (Apr. 18, 2018); <u>see also</u> <u>Siebel</u>, 41 Cal. 4th at 741 ("'[I]t is hornbook law that the plaintiff in a malicious prosecution action must plead and prove that the prior judicial proceeding of which he complains terminated in his favor.'" (quoting <u>Casa Herrera, Inc. v. Beydoun</u>, 32 Cal. 4th 336, 341 (2004))). In determining whether a party has received a favorable termination, a court should consider "the judgment as a whole in the prior action." <u>Siebel</u>, 41 Cal. 4th at 741 (internal quotation marks omitted) (quoting <u>Casa Herrera</u>, 32 Cal. 4th at 341). The California Supreme Court has clarified that in order for this element to be satisfied "'there must first be a favorable termination of the *entire* action.'" <u>Crowley v. Katleman</u>, 8 Cal. 4th 666, 686 (1994) (emphasis in original).

Here, Plaintiff's claim for malicious prosecution is based on the prior state court action <u>Storix, Inc. v. Johnson</u>, San Diego Superior Court Case No. 2015-00028262-CU-BT-CTL. (Doc. No. 1, Compl. ¶¶ 17, 38-40, 42.) In his complaint in the present action, Plaintiff alleges that in the prior action, the state court adopted the jury's verdict in his favor. (<u>Id.</u> ¶ 27.) But this allegation is directly contradicted by the judicially noticeable state court documents.

Under Federal Rule of Evidence 201, "[a] court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 690 (9th Cir. 2001). "Court orders and filings are proper subjects of judicial notice." <u>Vasserman</u>, 65 F. Supp. 3d at 942–43;

see Black, 482 F.3d at 1041; ScripsAmerica, 56 F. Supp. 3d at 1136. Further, in deciding a Rule 12(b)(6) motion to dismiss, a court need not accept as true allegations that "'contradict matters properly subject to judicial notice.'" In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008); accord Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000).

The judicially noticeable state court documents show that in Storix, Inc. v. Johnson, San Diego Superior Court Case No. 2015-00028262-CU-BT-CTL, Storix asserted a single cause of action for breach of fiduciary duty against Johnson. (Doc. No. 34-2, RJN Exs. 8, 9, 11.) Following a jury trial, the jury returned a verdict finding that "Anthony Johnson breach[ed] his duty of loyalty by knowingly acting against Storix, Inc.'s interests while serving on the Board of Directors of Storix, Inc." (Doc. No. 34-4, RJN Ex. 17 at 1.) In addition, the jury award Storix $3,739.14 "as a result of Anthony Johnson's acts or conduct in breach of a fiduciary duty or duties owed to Storix, Inc." (Id. at 2.) On September 12, 2018, the state court entered judgment in a consolidated action that included Case No. 2015-00028262-CU-BT-CTL. (Doc. No. 34-4, RJN Ex. 22.) In the judgment, the state court entered judgment "[i]n favor of plaintiff Storix., Inc. and against Defendant Anthony Johnson on Storix Inc.'s complaint for breach of fiduciary duty." (Id. at 8.)

Thus, a review of the state court judgment in the prior action shows that a judgment was entered against Plaintiff on Storix's claim for breach of fiduciary duty. (See id.) As such, Plaintiff cannot plausibly allege a favorable termination of the entire underlying action in his favor. The prior action concluded with a judgment against him. Thus, Plaintiff's claim for malicious prosecution fails as a matter of law. See Crowley, 8 Cal. 4th at 686; Lane, 20 Cal. App. 5th at 76

In response, Plaintiff argues that his claim for malicious prosecution can proceed despite that state court judgment because his malicious prosecution claim is based on a different and severable claim from the claim was adjudicated against him in the prior action. (Doc. No. 40 at 3-7; Doc. No. 41 at 4-7.) But even assuming Plaintiff's malicious prosecution claim is based a different and severable claim from the claim that was

ultimately entered against him in the prior action, the California Supreme Court has held that in order for the favorable termination element to be satisfied "'there must first be a favorable termination of the *entire* action.'"[2]  Crowley, 8 Cal. 4th at 686 (emphasis in original).

The Court acknowledges that some California Court of Appeal decisions have held that "'a malicious prosecution plaintiff is not precluded from establishing favorable termination where severable claims are adjudicated in his or her favor.'"  Lanz v. Goldstone, 243 Cal. App. 4th 441, 460 (2015) (quoting Sierra Club Found. v. Graham, 72 Cal. App. 4th 1135, 1153 (1999)); see Paramount Gen. Hosp. Co. v. Jay, 213 Cal. App. 3d 360, 369 (1989).  But other California Court of Appeal decisions have held that a malicious prosecution plaintiff must show "there [was] a favorable termination of the entire [underlying] action in [his] favor, and that a partial recovery against the malicious prosecution plaintiff in the underlying action is fatal to showing the favorable termination element."  Lane, 20 Cal. App. 5th at 75; see Staffpro, Inc. v. Elite Show Servs., Inc., 136 Cal. App. 4th 1392, 1405 (2006) ("[S]everability analysis is improper in determining whether a malicious prosecution plaintiff has demonstrated favorable termination of an underlying lawsuit."); Dalany v. Am. Pac. Holding Corp., 42 Cal. App. 4th 822, 829 (1996); Jenkins v. Pope, 217 Cal. App. 3d 1292, 1300 (1990) ("[T]he Supreme Court's holding that a malicious prosecution suit may be maintained where only one of several claims in the prior action lacked probable cause does not alter the rule there must first be a favorable termination of the entire action." (citation omitted))

The reasoning and analysis presented in the Lane v. Bell case is persuasive.  See 20 Cal. App. 5th at 68–76.  Lane and the latter decisions comport with the California Supreme Court's holding in Crowley that in order for a malicious prosecution plaintiff to satisfy the favorable termination element, "'there must first be a favorable termination of the *entire*

---

[2]     The Court notes that Storix's complaint, its first amended complaint, and its second amended complaint in the underlying state action all asserted a single cause of action for breach of fiduciary duty. (Doc. No. 34-2, RJN Exs. 8, 9, 11.)

action.'" Crowley, 8 Cal. 4th at 686 (emphasis in original). In addition, the Court notes that the Ninth Circuit has issued several decisions following the holdings in Crowley and Staffpro, albeit unpublished decisions. See, e.g., Cairns v. Cty. of El Dorado, 694 F. App'x 534, 535 (9th Cir. 2017) ("Because Kevin Cairns was convicted of disturbing the peace in the same action in which he was acquitted of four other offenses, he cannot demonstrate that he was successful in the entire criminal action. The malicious prosecution claim therefore fails as a matter of law." (citations omitted)); Rezek v. City of Tustin, 684 F. App'x 620, 622 (9th Cir. 2017); Law Offices of Bruce Altschuld v. Wilson, 632 F. App'x 321, 323–24 (9th Cir. 2015) ("The California Supreme Court has squarely held that the favorable termination element requires 'a favorable termination of the entire action.' Contrary to Plaintiffs' contention, Crowley's holding, 'which requires judgment to have been reached in the plaintiff's favor in the prior action as a whole, cannot coexist with an exception for partial favorable termination.'" (citations omitted)); see also, e.g., DeVaughn v. Cty. of Los Angeles, No. CV 08-1461 AB (FFM), 2018 WL 7324527, at *9 (C.D. Cal. Dec. 12, 2018), report and recommendation adopted by No. CV 08-1461 AB (FFM), 2019 WL 631887 (C.D. Cal. Feb. 13, 2019) ("California courts look to the 'judgment as a whole' when determining whether favorable termination exists. Under this rule, it is not sufficient that some or most of the claims in the prior action terminated in favor of the malicious prosecution plaintiff. Rather, for a malicious prosecution claim to lie under California law, 'there must first be a favorable termination of the entire action.'").

Here, Plaintiff cannot plausibly allege that the entire underlying action was terminated in his favor because the judicially noticeable state court documents show that a judgment was entered against him on Storix's claim for breach of fiduciary duty in the prior action. (See Doc. No. 34-4, RJN Ex. 22 at 8.) As a result, Plaintiff cannot satisfy the essential element of favorable termination, and Plaintiff's claim for malicious prosecution fails as a matter of law. See Lane, 20 Cal. App. 5th at 76 ("[T]he Lanes cannot establish the essential element of favorable termination because the entire underlying action was not terminated in the Lanes' favor."); Crowley, 8 Cal. 4th at 686. Further, because the defect

in Plaintiff's malicious prosecution claim is not one that can be cured through amendment of the complaint, the Court dismisses Plaintiff's claim for malicious prosecution with prejudice.[3]

### C. Plaintiff's Claim for Indemnification

In the complaint, Plaintiff alleges a cause of action for indemnification against Defendants Storix, Altamirano, Turner, Kinney, and Huffman. (Doc. No. 1, Compl. ¶¶ 68-71.) In this claim, Plaintiff alleges that he is entitled to indemnification by Storix under California Corporations Code § 317(d) and Storix's bylaws for all expenses he incurred in connection with his successful defense of any issues, claims or matters in <u>Storix, Inc. v. Johnson</u>, San Diego Superior Court Case No. 2015-00028262-CU-BT-CTL. (<u>Id.</u> ¶¶ 30, 69-70.) In response, Defendants argues that this claim should be dismissed because Plaintiff was not successful in the prior lawsuit, and, therefore, he is not entitled to indemnification under California Corporations Code § 317(d). (Doc. No. 30-1 at 19; Doc. No. 31-1 at 19-21.)

California Corporations Code § 317(c) provides: "A corporation shall have power to indemnify any person who was or is a party or is threatened to be made a party to any threatened, pending, or completed action by or in the right of the corporation to procure a judgment in its favor by reason of the fact that the person is or was an agent of the corporation, against expenses actually and reasonably incurred by that person in connection with the defense or settlement of the action if the person acted in good faith, in a manner the person believed to be in the best interests of the corporation and its shareholders." California Corporations Code § 317(d) further provides: "To the extent that an agent of a corporation has been successful on the merits in defense of any proceeding referred to in

---

[3] Defendants also argue that Plaintiff's malicious prosecution claim should be dismissed because Plaintiff cannot plead the probable cause element of his claim; Plaintiff failed to adequately allege the malice element of his claim; and the claim is barred by the *Rooker-Feldman* doctrine. (Doc. No. 30-1 at 6-7; Doc. No. 32-2 at 12-18; Doc. No. 57 at 4-5.) Because the Court dismisses Plaintiff's malicious prosecution claim with prejudice for failure to satisfy the favorable termination element as a matter of law, the Court declines to address these additional grounds for dismissal.

subdivision (b) or (c) or in defense of any claim, issue, or matter therein, the agent shall be indemnified against expenses actually and reasonably incurred by the agent in connection therewith."

"The policy considerations behind [Section 317 is] that persons who serve the corporation in good faith should, in the absence of certain conduct (fraud, breach of fiduciary duties, etc.) be free from liability for corporate acts; indemnification encourages capable persons to perform their duties, secure in the knowledge that expenses incurred by them despite their honesty and integrity will be borne by the corporation." Plate v. Sun-Diamond Growers, 225 Cal. App. 3d 1115, 1122–23 (1990); accord Wilshire-Doheny Assocs. Ltd. v. Shapiro, 83 Cal. App. 4th 1380, 1388–89 (2000).

Under California Corporations Code § 317(d), "[i]f the corporate agent accused of wrongdoing wins a judgment on the merits in defense of the action, indemnification is mandatory." Groth Bros. Oldsmobile v. Gallagher, 97 Cal. App. 4th 60, 73 (2002) (emphasis removed). But section 317(d), by its terms, requires "a showing that the agent has been 'successful on the merits in defense of [the] proceeding.'" Wilshire-Doheny, 83 Cal. App. 4th at 1391 (quoting Cal. Corp. Code § 317(d)). The California Court of Appeal has explained that in order for a plaintiff to recover under section 317(d), the plaintiff "must make the same showing of a prior favorable termination required to maintain a malicious prosecution action." Dalany, 42 Cal. App. 4th at 830.

Here, the Court has dismissed Plaintiff's claim for malicious prosecution based on the state court action Storix, Inc. v. Johnson, San Diego Superior Court Case No. 2015-00028262-CU-BT-CTL with prejudice specifically on the grounds that Plaintiff cannot satisfy the favorable termination element of his malicious prosecution claim as a matter of law. See Lane, 20 Cal. App. 5th at 76; Crowley, 8 Cal. 4th at 686; Cairns, 694 F. App'x at 535; Rezek, 684 F. App'x at 622; Law Offices of Bruce Altschuld, 632 F. App'x at 323–24. A judgment was entered against Plaintiff on Storix's claim for breach of fiduciary duty in that action. (See Doc. No. 34-4, RJN Ex. 22 at 8.) As such, Plaintiff's claim for indemnification is also defective as a matter of law, and the Court dismisses Plaintiff's

3:19-cv-01185-H-BLM

claim for indemnification with prejudice.[4]  See Dalany, 42 Cal. App. 4th at 830 (after finding that plaintiff could not establish the favorable termination element of his malicious prosecution claim, holding that "his indemnity cause of action is also defective").

### D.  Plaintiff's Claims for Breach of Contract and Rescission

In the complaint, Plaintiff alleges a cause of action for breach of contract against Defendants Storix, Altamirano, Turner, Kinney, and Huffman.  (Doc. No. 1, Compl. ¶¶ 58-61.)  Plaintiff also alleges a claim for rescission against these same defendants.  (Id. ¶¶ 62-67.)  In support of these two claims, Plaintiff alleges that he entered into an oral contract with Storix wherein Storix was granted the copyrights to SBAdmin in exchange for future compensation if or when Plaintiff's participation in Storix ended.  (Id. ¶¶ 11, 59, 63.)

Defendants Storix, Altamirano, Turner, Kinney, and Huffman argue that Plaintiff's claims for breach of contract and rescission should be dismissed because the claims are barred by res judicata in light of the prior judgment that was entered in the prior federal action, Johnson v. Storix, 14-cv-1873-H-BLM.  (Doc. No. 30-1 at 16, 18; Doc. No. 31-1 at 9-13.)  Defendant Storix also argues that the claims should be dismissed because Plaintiff's allegations of an oral contract transferring the copyrights to SBAdmin fail as a matter of law under 17 U.S.C. § 204(a).  (Doc. No. 31-1 at 18-19.)  In addition, Defendants Altamirano, Turner, Kinney, and Huffman argue that Plaintiff's claims for breach of contract and rescission against them should be dismissed because Plaintiff does not allege that they are parties to the contract at issue.  (Doc. No. 30-1 at 14-15, 18.)

### i.  Legal Standards for Breach of Contract and Rescission

Under California law, the elements of a claim for breach of contract are: "(1) the existence of a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damages to the plaintiff."  Oasis W. Realty, LLC v.

---

[4]  Defendants Altamirano, Turner, Kinney, and Huffman also argue that Plaintiff's claim for indemnification should be dismissed because (1) the claim can only be brought against defendant Storix; and (2) the claim is barred by res judicata.  (Doc. No. 30-1 at 19-20.)  Because the Court dismisses Plaintiff's claim for indemnification with prejudice for failure to satisfy the favorable termination element as a matter of law, the Court declines to address these additional grounds for dismissal.

*Goldman*, 51 Cal. 4th 811, 821 (2011).  "The essential elements of a contract are: [1] parties capable of contracting; [2] the parties' consent; [3] a lawful object; and [4] sufficient cause or consideration."  *Lopez v. Charles Schwab & Co.*, 118 Cal. App. 4th 1224, 1230 (2004) (citing Cal. Civ. Code § 1550).  "An essential element of any contract is the consent of the parties, or mutual assent."  *Donovan v. RRL Corp.*, 26 Cal. 4th 261, 270 (2001).

Under California law, "[a] party to a contract cannot rescind at his pleasure, but only for some one or more of the causes enumerated in section 1689 of the Civil Code."  *Nmsbpcsldhb v. Cty. of Fresno*, 152 Cal. App. 4th 954, 959 (2007) (internal quotation marks omitted) (quoting *McCall v. Superior Court*, 1 Cal. 2d 527, 538 (1934)).  "'Rescission' is a 'retroactive termination' of a contract, as compared to 'cancellation,' which is a 'prospective termination.'  'The consequence of rescission is not only the termination of further liability, but also the restoration of the parties to their former positions by requiring each to return whatever consideration has been received.'"  *Id.* at 959–60 (quoting *Barrera v. State Farm Mut. Auto. Ins. Co.*, 71 Cal. 2d 659, 663 n.3 (1969); *Imperial Cas. & Indem. Co. v. Sogomonian*, 198 Cal. App. 3d 169, 184 (1988)).  "A prerequisite to any claim for rescission is a contract between the parties.  This is because rescission requires each party to the contract to restore to the other everything of value received under the contract."  *Viterbi v. Wasserman*, 191 Cal. App. 4th 927, 935 (2011) (citation omitted).

ii.   Legal Standards for *Res Judicata*

Federal preclusion law applies to determine the preclusive effect of a prior federal court judgment where the rendering federal court sat in federal question jurisdiction.  *See* *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 507 (2001); *Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1021 (9th Cir. 2019).  In the prior action at issue, Plaintiff Johnson asserted claims for federal copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, against Defendant Storix.  (*See* Doc. No. 34-2, RJN Ex. 1 ¶¶ 3, 17-21.)  Thus, the Court sat in federal question jurisdiction over the prior action.  *See* *Vestron, Inc. v. Home Box Office, Inc.*, 839 F.2d 1380, 1381 (9th Cir.

1988) ("[F]ederal courts have exclusive jurisdiction over actions that arise under federal copyright law."). As a result, federal law governs the preclusive effect of that prior federal court judgment. See Semtek, 531 U.S. at 507; Media Rights Techs., 922 F.3d at 1021.

Under federal law, "[t]he preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as '*res judicata.*'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008). "[B]y preclud[ing] parties from contesting matters that they have had a full and fair opportunity to litigate," "[t]he related doctrines of claim and issue preclusion," "protect against the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foste[r] reliance on judicial action by minimizing the possibility of inconsistent decisions." Media Rights Techs., 922 F.3d at 1020 (internal quotation marks omitted)) (quoting Taylor, 553 U.S. at 892); see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) ("'The doctrine of *res judicata* is meant to protect parties against being harassed by repetitive actions.'").

Claim preclusion "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." W. Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997). "The doctrine is applicable whenever there is '(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.'" Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (quoting W. Radio Servs., 123 F.3d at 1192). "Issue preclusion bars relitigation of issues adjudicated in an earlier proceeding if three requirements are met: '(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.'" Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 (9th Cir. 2006) (quoting Kourtis v. Cameron, 419 F.3d 989, 994 (9th Cir. 2005)).

///

///

3:19-cv-01185-H-BLM

### iii. Analysis

Defendants argue that Plaintiff's claims for breach of contract and rescission are barred by the doctrine of *res judicata* in light of this Court's prior judgment on the merits in Johnson v. Storix, 14-cv-1873-H-BLM. (Doc. No. 30-1 at 16, 18; Doc. No. 31-1 at 9-13.) Claim preclusion "is applicable whenever there is '(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.'" Owens, 244 F.3d at 713. Here, Plaintiff was a party, the plaintiff, in the prior federal action, and that action concluded with a final judgment on the merits following a jury trial on Plaintiff and Storix's claims.[5] (See Doc. No. 34-2, RJN Exs. 3, 6.) Thus, these two elements of claim preclusion have been satisfied, and Defendants need only show that there is an identity of claims.

To decide whether there is an identity of claims, courts apply the following four criteria:

> "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts."

United States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011) (quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir. 1982)); accord Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005). "The fourth criterion—the same transactional nucleus of facts—is the most important." Liquidators of European Fed. Credit Bank, 630 F.3d at 1151; see Owens, 244 F.3d at 714 ("The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional

---

[5] The Court acknowledges that Plaintiff has an appeal pending before the Ninth Circuit in the prior action. See Johnson v. Storix, 14-cv-1873-H-BLM, Docket Nos. 304, 306 (S.D. Cal. Aug. 14, 2018). But under federal law, "the pendency of an appeal does not suspend the operation of an otherwise final judgment for purposes of *res judicata*." Eichman v. Fotomat Corp., 759 F.2d 1434, 1439 (9th Cir. 1985); see Sosa v. DIRECTV, Inc., 437 F.3d 923, 928 (9th Cir. 2006); Orion Tire Corp. v. Goodyear Tire & Rubber Co., 268 F.3d 1133, 1135 (9th Cir. 2001) ("In federal courts, a district court judgment is 'final' for purposes of res judicata.").

nucleus of facts."). "Newly articulated claims based on the same nucleus of facts may still be subject to a *res judicata* finding if the claims could have been brought in the earlier action." <u>Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency</u>, 322 F.3d 1064, 1077 (9th Cir. 2003).

Here, Plaintiff's current claims for breach of contract and rescission arise out of the same common nucleus of operative as the claims for copyright infringement and declaratory judgment that were at issue in the prior federal action. Whether two suits share a common nucleus of operative fact "'depends on whether they are related to the same set of facts and whether they could conveniently be tried together.'" <u>Mpoyo v. Litton Electro-Optical Sys.</u>, 430 F.3d 985, 987 (9th Cir. 2005) (quoting <u>Western Sys., Inc. v. Ulloa</u>, 958 F.2d 864, 871 (9th Cir. 1992)).

Both the present action and the prior action are related to the same set of facts, specifically the transfer of ownership of the copyrights to SBAdmin from Plaintiff to Storix. The transfer of ownership of the copyrights was at issue in the prior federal action as the jury in that action specifically found that Storix "proved by a preponderance of the evidence that Anthony Johnson's copyright infringement claim against Storix, Inc. is barred because Anthony Johnson transferred ownership of all pre-incorporation copyrights, including SBAdmin Version 1.3, in writing from himself to Storix, Inc." (Doc. No. 34-2, RJN Ex. 6 at 2.) In this action, Plaintiff now alleges that he transferred the copyrights to SBAdmin from himself to Storix via an oral contract in exchange for future compensation. (Doc. No. 1, Compl. ¶¶ 11, 59, 63.) Thus, both actions involve the same set of facts related to the transfer of ownership in the relevant copyrights.

In addition, both actions could have been tried together to resolve the issue of the transfer of the copyrights and the terms of that transfer. And both actions would involve substantially the same evidence regarding that transfer of ownership in the copyrights. Finally, rights established in the prior lawsuit would be impaired by the prosecution Plaintiff's present claims. In the prior lawsuit, it was established via a specific finding by the jury that Storix obtained ownership of all pre-incorporation copyrights, including

SBAdmin Version 1.3, from Plaintiff in writing. (See Doc. No. 34-2, RJN Ex. 6 at 2.) Plaintiff's current claims rely on allegations that he actually transferred ownership of these copyrights via an oral agreement containing additional terms. (Doc. No. 1, Compl. ¶¶ 11, 59, 63.) Further, Plaintiff's rescission claim seeks to rescind the alleged oral contract and return ownership of the copyrights to SBAdmin from Storix back to Plaintiff. (Id. ¶ 66.) As such, these allegations seek to impair the rights that were established in the prior action. In sum, Defendants have satisfied the "identity of claims" element of their *res judicata* affirmative defense, and, thus, Plaintiff's claims for breach of contract and rescission are barred by the doctrine of claim preclusion in light of the prior judgment that was entered in Johnson v. Storix, 14-cv-1873-H-BLM. See Hudson v. Universal Studios Inc., 235 F. App'x 788, 790 (2d Cir. 2007) ("We affirm the district court's dismissal of Hudson's claims regarding *No Harm, No Foul* as barred by *res judicata*. Identical claims of copyright infringement and unfair competition regarding this work were raised in an earlier action, and the breach of contract claim could have and should have been brought in the same action.").

Further, Plaintiff's claim for breach of contract is also barred under the doctrine of issue preclusion. Issue preclusion applies if the following three requirements are met: "'(1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the first proceeding.'" Reyn's Pasta Bella, 442 F.3d at 746.

Here, the three elements for issue preclusion have been satisfied. Plaintiff was a party in the prior federal action, Case No. 14-cv-1873. (See Doc. No. 34-2, RJN Ex. 1.) A final judgment was entered in that action in favor of Storix and against Johnson following a jury trial on the merits on Plaintiff Johnson's claim for copyright infringement and Defendant Storix's declaratory judgment counterclaims. (See id. Exs. 3, 6.) In the verdict, the jury specifically and necessarily found that Storix "proved by a preponderance of the evidence that Anthony Johnson's copyright infringement claim against Storix, Inc. is

barred because Anthony Johnson transferred ownership of all pre-incorporation copyrights, including SBAdmin Version 1.3, in writing from himself to Storix, Inc." (Id. Ex. 6 at 2.) Thus, the issue of the transfer of ownership of the copyrights from Johnson to Storix was necessarily decided in the prior action, and the doctrine of issue preclusion bars the re-litigation of that issue. See Reyn's Pasta Bella, 442 F.3d at 746.

In his complaint, Plaintiff alleges, contrary to the jury's findings and the Court's judgment in the prior action, that the copyrights to SBAdmin were transferred from himself to Storix via an oral contract in exchange for future compensation. (Doc. No. 1, Compl. ¶¶ 11, 59, 63.) In making these allegations, Plaintiff is attempting to relitigate the issue of the transfer of ownership in the copyrights to SBAdmin that was necessarily decided in the prior action. In the prior action, the jury decided that the ownership of the copyrights was transferred "in writing from [Plaintiff] to Storix, Inc." (Doc. No. 34-2, RJN Ex. 6 at 2.) Thus, Plaintiff's allegations of an oral contract between Storix and Johnson regarding the ownership of the copyrights to SBAdmin are barred by the doctrine of issue preclusion. Because Plaintiff's oral contract allegations are barred by issue preclusion, Plaintiff is unable to allege a claim for breach of contract or rescission. See Oasis W. Realty, 51 Cal. 4th at 821 (listing the "existence of a contract" as an element to a claim for breach of contract); Viterbi, 191 Cal. App. 4th at 935 ("A prerequisite to any claim for rescission is a contract between the parties").

In addition, Plaintiff's allegations of an oral contract between Storix and Johnson for the transfer of the copyrights to SBAdmin fail as a matter of law. 17 U.S.C. § 204(a) provides: "A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed or such owner's duly authorized agent." Section 204(a) requires that in order for a transfer of ownership in a copyright to be valid, "it must be in writing." Foad Consulting Grp., Inc. v. Azzalino, 270 F.3d 821, 825 (9th Cir. 2001). The Ninth Circuit has explained that "Section 204(a) not only bars copyright infringement actions but also breach of contract claims based on oral agreements."

Valente-Kritzer Video v. Pinckney, 881 F.2d 772, 774 (9th Cir. 1989); accord Radio Television Espanola S.A. v. New World Entm't, Ltd., 183 F.3d 922, 929 (9th Cir. 1999); Time, Inc. v. Kastner, 972 F. Supp. 236, 238 (S.D.N.Y. 1997). Here, Plaintiff alleges claims for breach of contract and rescission based an alleged oral contract between Storix and Johnson wherein Storix was allegedly granted the copyrights to SBAdmin in exchange for future compensation. (Doc. No. 1, Compl. ¶¶ 11, 59, 63.) As such, Plaintiff's contract claims are barred by 17 U.S.C. § 204(a). See Valente-Kritzer Video, 881 F.2d at 774; Radio Television Espanola, 183 F.3d at 929; Time, 972 F. Supp. at 238.

Further, even assuming Plaintiff was able to allege an oral contract between Storix and Johnson regarding the copyrights, Plaintiff's claims for breach of contract and rescission against Defendants Altamirano, Turner, Kinney, and Huffman still fail as a matter of law because Plaintiff does not allege that these defendants are parties to the contract at issue. (Doc. No. 30-1 at 14-15, 18.) An essential element of both Plaintiff's claim for breach of contract and Plaintiff's claim for rescission is the existence of a contract between the parties. See Donovan, 26 Cal. 4th at 270; Viterbi, 191 Cal. App. 4th at 935. In the complaint, Plaintiff alleges that he entered into the contract at issue with Defendant Storix, not Defendants Altamirano, Turner, Kinney, or Huffman. (See Doc. No. 1, Compl. ¶¶ 11, 59, 63.) Indeed, Plaintiff specifically alleges that Defendants Altamirano, Turner, Kinney, and Huffman were not parties to the contract. (Id. ¶ 11.) As such, Plaintiff's claim for breach of contract and his claim for rescission are legally defective as to these defendants.

In response, Plaintiff argues that corporate officers and directors can be held personally liable for torts in certain circumstances. (Doc. No. 40 at 9-10, 19-20.) Under California law, shareholders, officers, and directors of corporations can be "held personally liable for intentional torts when they knew or had reason to know about but failed to put a stop to tortious conduct." PMC, Inc. v. Kadisha, 78 Cal.App.4th 1368, 1387 (2000); see United States Liab. Ins. Co. v. Haidinger-Hayes, Inc., 1 Cal. 3d 586, 595 (1970) ("Directors or officers of a corporation do not incur personal liability for torts of the corporation merely

by reason of their official position, unless they participate in the wrong or authorize or direct that it be done. They may be liable, under the rules of tort and agency, for tortious acts committed on behalf of the corporation." (citations omitted)). But a claim for breach of contract or rescission is not a tort. See Erlich v. Menezes, 21 Cal. 4th 543, 550 (1999) (describing the distinctions between tort and contract claims); Aas v. Superior Court, 24 Cal. 4th 627, 643 (2000), superseded on other grounds as explained in S. California Gas Leak Cases, 7 Cal. 5th 391, 412 (2019) (same); State Ready Mix, Inc. v. Moffatt & Nichol, 232 Cal. App. 4th 1227, 1232 (2015) ("State cannot recast Major's complaint for breach of contract/breach of warranty as a tort action.").

In sum, Plaintiff's claims for breach of contract and rescission fail as a matter of law. Because Plaintiff cannot cure the above defects through amendment of the pleadings, the Court dismisses Plaintiff's claim for breach of contract and his claim for rescission against Defendants Storix, Altamirano, Turner, Kinney, and Huffman with prejudice.[6]

E.    Plaintiff's Claim for Economic Interference

In the complaint, Plaintiff alleges a cause of action for economic interference against Defendants Altamirano, Turner, Kinney, and Huffman. (Doc. No. 1, Compl. ¶¶ 54-57.) Plaintiff's claim for economic interference is two-part. First, Plaintiff alleges that these defendants interfered with the alleged oral contract between Storix and Johnson regarding the copyrights to SBAdmin. (Id. ¶ 55.) Second, Plaintiff alleges that these defendants interfered with Plaintiff's prospective economic advantage by interfering with a business opportunity with third-party Veeam. (Id. ¶ 56.) The Court addresses each of these claims in turn.

///

_____

[6]    In their motion, Defendants Storix, Altamirano, Turner, Kinney, and Huffman also argue that Plaintiff's claims for breach of contract and rescission should be dismissed because they are barred by the applicable statute of limitations; they are preempted by copyright law; and Plaintiff lacks standing to bring the claims. (Doc. No. 30-1 at 16-17; Doc. No. 31-1 at 13-18; Doc. No. 56 at 3-5.) Because the Court dismisses Plaintiff's claims for breach of contract and rescission with prejudice as barred by the doctrine of res judicata and 17 U.S.C. § 204(a), the Court declines to address these additional grounds for dismissal.

<u>Intentional Interference With Contractual Relations</u>

"'The elements which a plaintiff must plead to state the cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage.'" <u>Quelimane Co. v. Stewart Title Guar. Co.</u>, 19 Cal. 4th 26, 55 (1998), <u>as modified</u> (Sept. 23, 1998) (quoting <u>Pac. Gas & Elec. Co. v. Bear Stearns & Co.</u>, 50 Cal. 3d 1118, 1126 (1990)).

Here, Plaintiff's claim for intentional interference with contractual relations is based on Plaintiff's allegations that he entered into an oral contract with Storix wherein Storix was granted the copyrights to SBAdmin in exchange for future compensation if or when Plaintiff's participation in Storix ended. (Doc. No. 1, Compl. ¶¶ 11, 55.) But this allegation is barred by the doctrine of issue preclusion.

Plaintiff was a party in the prior federal action, <u>Johnson v. Storix</u>, No. 14-cv-1873, which concluded with a final judgment on the merits. In that action, the jury specifically and necessarily found that Storix "proved by a preponderance of the evidence that Anthony Johnson's copyright infringement claim against Storix, Inc. is barred because Anthony Johnson transferred ownership of all pre-incorporation copyrights, including SBAdmin Version 1.3, in writing from himself to Storix, Inc." (Doc. No. 34-2, RJN Ex. 6 at 2.) Thus, Plaintiff is barred by the doctrine of issue preclusion from relitigating the issue of the transfer of the copyrights to SBAdmin from Johnson to Storix. <u>See</u> <u>Reyn's Pasta Bella</u>, 442 F.3d at 746. And Plaintiff is barred from alleging that he had an oral contract with Storix wherein he gave the copyrights to Storix in exchange for future compensation. Because Plaintiff is unable to allege the required element of a valid contract between a third party and Johnson, his claim for intentional interference with contractual relations fails as a matter of law.

In addition, Plaintiff's allegations of an oral contract between Storix and Johnson for the transfer of the copyrights to SBAdmin fail as a matter of law under 17 U.S.C. § 204(a).

"Section 204(a) not only bars copyright infringement actions but also breach of contract claims based on oral agreements." Valente-Kritzer Video, 881 F.2d at 774; accord Radio Television Espanola, 183 F.3d at 929; Time, 972 F. Supp. at 238. Here, Plaintiff's claim for intentional interference with contractual relations is based on an alleged oral contract between Storix and Johnson wherein Storix was granted the copyrights to SBAdmin in exchange for future compensation. (Doc. No. 1, Compl. ¶¶ 11, 55.) As such, Plaintiff's allegations of an oral contract between Storix and Johnson involving the transfer of the copyrights to SBAdmin are barred by 17 U.S.C. § 204(a). See Valente-Kritzer Video, 881 F.2d at 774; Radio Television Espanola, 183 F.3d at 929; Time, 972 F. Supp. at 238. As a result, Plaintiff is unable to allege the required element of a valid contract between a third party and Johnson, and his claim for intentional interference with contractual relations also fails as a matter of law for this reason.

Further, Plaintiff's claim for intentional interference with contractual relations fails because it is "well established that corporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract." Shoemaker v. Myers, 52 Cal. 3d 1, 24 (1990); accord Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 512 n.4 (1994). Plaintiff alleges that Defendants Altamirano, Turner, Kinney, and Huffman are shareholders/partners and managers of Defendant Storix, the party to the alleged contract. (See Doc. No. 1, Compl. ¶¶ 4, 12.) As such, Plaintiff's claim for intentional interference with contractual relations fails for this reason as well. See Shoemaker, 52 Cal. 3d at 24; Applied Equip., 7 Cal. 4th at 512 n.4. In sum, the Court dismisses Plaintiff's claim for intentional interference with a contractual relation with prejudice.

ii. Intentional Interference with a Prospective Economic Advantage

The elements of the tort of intentional interference with prospective economic advantage are: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to

disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134, 1153 (2003) (internal quotation marks and citations omitted). "[A] plaintiff alleging business interference must also plead and prove that the defendant's interference was wrongful by some measure beyond the fact of the interference itself." <u>Popescu v. Apple Inc.</u>, 1 Cal. App. 5th 39, 63 (2016) (quoting <u>Della Penna v. Toyota Motor Sales, U.S.A., Inc.</u>, 11 Cal. 4th 376, 393 (1995)). "[A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, 29 Cal. 4th 1134, 1159 (2003).

"[T]he tort of interference with prospective economic advantage 'is considerably more inclusive than actions based on contract or interference with contract, and is [*sic*] thus is not dependent on the existence of a valid contract.'" <u>Korea Supply</u>, 29 Cal. 4th at 1157 (quoting <u>Buckaloo v. Johnson</u>, 14 Cal. 3d 815, 826 (1975)). California courts have clarified that "[a]lthough this need not be a contractual relationship, an existing relationship is required." <u>Roth v. Rhodes</u>, 25 Cal. App. 4th 530, 546 (1994); see <u>Roy Allan Slurry Seal, Inc. v. Am. Asphalt S., Inc.</u>, 2 Cal. 5th 505, 512 (2017). "[A] cause of action for tortious interference has been found lacking when either the economic relationship with a third party is too attenuated or the probability of economic benefit too speculative." <u>Roy Allan Slurry Seal</u>, 2 Cal. 5th at 515.

Here, Plaintiff has failed to allege an existing economic relationship between a third party and Johnson. Plaintiff's claim for intentional interference with a prospective economic advantage is based an alleged offer by competitor Veeam Software to purchase Storix that Plaintiff contends Defendants caused to be withdrawn. (Doc. No. 1, Compl. ¶¶ 25, 56.) At most, Plaintiff alleges a potential relationship between Veeam and Storix. Plaintiff does not allege an existing relationship between the two companies, and Plaintiff does not allege any relationship between Veeam and Johnson. Any potential benefit that Plaintiff might have obtained from the potential relationship between Veeam and Storix is

too speculative to support a claim for intentional interference with a prospective economic advantage. See Roy Allan Slurry Seal, 2 Cal. 5th at 515. Thus, Plaintiff's claim for intentional interference with a prospective economic advantage fails as a matter of law. Further, because the defects in Plaintiff's claim cannot be cured by amendment of the pleadings, the Court dismisses Plaintiff's claim for economic interference with prejudice.

      F.    <u>Plaintiff Claim for Breach of Fiduciary Duty</u>

In the complaint, Plaintiff alleges a cause of action for breach of fiduciary duty against Defendants Altamirano, Turner, Kinney, and Huffman. (Doc. No. 1, Compl. ¶¶ 44-48.) Plaintiff's claim for breach of fiduciary duty is two-part. First, Plaintiff alleges that these defendants breached their fiduciary duty to Plaintiff by denying Plaintiff indemnification for his defense in Storix, Inc. v. Johnson, San Diego Superior Court Case No. 2015-00028262-CU-BT-CTL. (Id. ¶ 45.) Second, Plaintiff alleges that these defendants breached their fiduciary duty by using Storix profits that would have otherwise been owed to Plaintiff to defend against the claims in the state court derivative action, Johnson v. Huffman, San Diego Superior Court Case No. 2015-00034545-CU-BT-CTL, brought on Storix's behalf. (Id. ¶ 46.)

Defendants Altamirano, Turner, Kinney, and Huffman argue that the indemnification portion of Plaintiff's claim for breach of fiduciary duty should be dismissed because Plaintiff was not successful in the state action. (Doc. No. 30-1 at 7.) Defendants are correct. A judgment was entered against Plaintiff on Storix's breach of fiduciary duty claim in the state action at issue. (See Doc. No. 34-4, RJN Ex. 22 at 8.) As such, Plaintiff's claim for indemnification is legally defective, and the Court has dismissed Plaintiff's claim for indemnification with prejudice. See Dalany, 42 Cal. App. 4th at 830; Lane, 20 Cal. App. 5th at 76; Crowley, 8 Cal. 4th at 686. Thus, to the extent Plaintiff's claim for breach of fiduciary duty is based on Plaintiff's claim for indemnification, Plaintiff's claim for breach of fiduciary duty is also legally defective as a matter of law.

Defendants Altamirano, Turner, Kinney, and Huffman argue that the remainder of Plaintiff's claim for breach of fiduciary duty is barred by the doctrine of *res judicata* in

light of the prior judgment that was entered in the state court action. (Doc. No. 30-1 at 8-9.) In determining the preclusive effect of a prior state court judgment, federal courts are required to apply the preclusion law of the state in which the judgment was rendered, here California. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); White v. City of Pasadena, 671 F.3d 918, 926 (9th Cir. 2012).

Under California law, "[t]he doctrine of *res judicata* precludes the relitigation of certain matters which have been resolved in a prior proceeding under certain circumstances." Brinton v. Bankers Pension Servs., Inc., 76 Cal. App. 4th 550, 556 (1999); accord Rippon v. Bowen, 160 Cal. App. 4th 1308, 1318 (2008), as modified (Mar. 19, 2008). The rule is "is intended to preserve the integrity of the judicial system, promote judicial economy, and protect litigants from harassment by vexatious litigation." Vandenberg v. Superior Court, 21 Cal. 4th 815, 829 (1999); see also Bernhard v. Bank of Am. Nat. Tr. & Sav. Ass'n, 19 Cal. 2d 807, 811 (1942) ("The rule is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy. The doctrine also serves to protect persons from being twice vexed for the same cause.").

Under California law, the doctrine of *res judicata* "has two aspects." Brinton, 76 Cal. App. 4th at 556; see DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 823 (2015). "*Res judicata*, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. Collateral estoppel, or issue preclusion, 'precludes relitigation of issues argued and decided in prior proceedings.'" Mycogen Corp. v. Monsanto Co., 28 Cal. 4th 888, 896 (2002). "Claim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." DKN Holdings, 61 Cal. 4th at 824. "[I]ssue preclusion applies: (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." Id. at 825. "'Under California law, . . . a judgment is not final for purposes of *res judicata* during the pendency

of and until the resolution of an appeal.'" <u>Sosa</u>, 437 F.3d at 928 (quoting <u>Eichman</u>, 759 F.2d at 1439); <u>see</u> <u>Nathanson v. Hecker</u>, 99 Cal. App. 4th 1158, 1163 n.1 (2002).

Here, there is no final judgment under California law. Defendants argue that Plaintiff's claim for breach of fiduciary duty is barred by *res judicata* in light of the judgment that was entered in the derivative action, Case No. 37-2015-34545-CU-BT-CTL. (Doc. No. 30-1 at 8-9.) On September 12, 2018, the state court entered a consolidated judgment in the derivative action. (Doc. No. 34-4, RJN Ex. 22.) But in December 2018, Plaintiff appealed that judgment to the California Court of Appeal, and Plaintiff's appeal remains pending. (Doc. No. 63-1, Exs. C, D.) As such, there is no final judgment for purposes of *res judicata* under California law. <u>See</u> <u>Sosa</u>, 437 F.3d at 928; <u>Nathanson</u>, 99 Cal. App. 4th at 1163 n.1. As a result, Defendants' have failed to establish that the remainder of Plaintiff's claim for breach of fiduciary duty is barred by the doctrine of *res judicata*, and the Court declines to dismiss Plaintiff's claim for breach of fiduciary duty.[7]

G.    <u>Plaintiff's Claim for Conversion</u>

In the complaint, Plaintiff alleges a cause of action for conversion against Defendants Altamirano, Turner, Kinney, and Huffman. (Doc. No. 1, Compl. ¶¶ 49-53.) Defendants Altamirano, Turner, Kinney, and Huffman argue that Plaintiff's conversion claim should be dismissed because the claim is barred by the applicable three-year statute of limitations. (Doc. No. 30-1 at 9-11.) In response, Plaintiff argues that his conversion claim is not barred by the applicable statute of limitations because he did not discover the alleged conversion until December 2018. (Doc. No. 40 at 13-14.)

"Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." <u>Welco Elecs., Inc. v. Mora</u>, 223 Cal. App. 4th 202, 208 (2014)

---

[7]    The Court's denial of Defendants' motion to dismiss Plaintiff's claim for breach of fiduciary duty as barred by *res judicata* is without prejudice to Defendants raising their *res judicata* defense at a later stage in the proceedings once the state court judgment has become final.

(internal quotation marks omitted); accord Los Angeles Fed. Credit Union v. Madatyan, 209 Cal. App. 4th 1383, 1387 (2012).

### i. Statute of Limitations

California Code of Civil Procedure § 338(c) provides a three-year limitations period for claims for conversion of personal property. AmerUS Life Ins. Co. v. Bank of Am., N.A., 143 Cal. App. 4th 631, 639 (2006), as modified (Oct. 30, 2006). "Ordinarily the statute of limitations applying in conversion actions begins to run from the date of the conversion even though the injured person is ignorant of his rights." Bennett v. Hibernia Bank, 47 Cal. 2d 540, 561 (1956) (citations omitted). "This rule, however, is not absolute; for example, where there has been a fraudulent concealment of the facts the statute of limitations does not commence to run until the aggrieved party discovers or ought to have discovered the existence of the cause of action for conversion." Id.; accord Strasberg v. Odyssey Grp., Inc., 51 Cal. App. 4th 906, 917 (1996). "Since a fiduciary has a duty to make a full disclosure of facts which materially affect the rights of the parties, it seems obvious that any act by him amounting to a conversion of trust property is akin to a fraudulent concealment." Bennett, 47 Cal. 2d at 561; accord Strasberg, 51 Cal. App. 4th at 917; see also Graham-Sult v. Clainos, 756 F.3d 724, 743 (9th Cir. 2014) ("'[T]he same degree of diligence is not required where a fiduciary relationship exists between the parties at the time the alleged acts of negligence occur.'" (quoting Elec. Equip. Express, Inc. v. Donald H. Seiler & Co., 122 Cal. App. 3d 834, 855 (1981)).

A statute of limitations defense may be asserted at the pleading stage through a motion to dismiss. See E-Fab, Inc. v. Accountants, Inc. Servs., 153 Cal. App. 4th 1308, 1315 (2007). In order for a statute of limitations bar to be raised at the pleadings stage, "'the defect must clearly and affirmatively appear on the face of the complaint; it is not enough that the complaint shows that the action may be barred.'" Geneva Towers Ltd. P'ship v. City of San Francisco, 29 Cal. 4th 769, 781 (2003).

Defendants argue that Plaintiff's claim for conversion is barred by the three-year statute of limitation because the complaint alleges that the alleged conversion occurred

sometime between 2011 and 2013.  (Doc. No. 30-1 at 10 (citing Doc. No. 1, Compl. ¶ 30).)  In response, Plaintiff argues that his claim for conversion should not be deemed to accrue at that time because he did not discover the alleged conversion until December 2018.  (Doc. No. 40 at 13; see also Doc. No. 67 at 5, 10.)

In the complaint, Plaintiff alleges that Defendants Altamirano, Turner, Kinney, and Huffman converted money from Storix's profits into their personal equity accounts while Johnson was on medical leave from 2011 to 2013.  (Doc. No. 1, Compl. ¶ 30.)  Plaintiff alleges that these defendants thereafter directed their attorneys to prevent Plaintiff "from accessing financial records which would have raised his suspicions and provided a reasonable opportunity for [him] to discover" the conversion earlier.  (Id.)  Plaintiff alleges that he obtained information showing the conversion in December 2018.  (Id.)  In light of these allegations, the Court declines to dismiss Plaintiff's claim for conversion as barred by the statute of limitations at this stage in the proceedings.  See Bennett, 47 Cal. 2d at 561; Strasberg, 51 Cal. App. 4th at 917.

Defendants argue that Plaintiff's allegations that he was prevented from accessing Storix's financial records are not credible because he was granted access to Storix's books, records, and documents in the state court action.  (Doc. No. 30-1 at 10.)  But in deciding a Rule 12(b)(6) motion to dismiss, the Court must accept Plaintiff's allegations as true.  See Retail Prop. Trust, 768 F.3d at 945.  Further, the judicially noticeable state court documents show that Plaintiff's motion for access to Storix's record books, records, and documents was granted on September 16, 2016.  (Doc. No. 30-3, RJN Ex. 5.)  Even assuming Plaintiff's conversion claim should be deemed to have accrued on the date, September 16, 2019, Plaintiff filed the present conversion claim on June 24, 2019, which would be within the three-year statute of limitations period.  (Doc. No. 1, Compl. ¶¶ 49-53.)  As a result, the Court declines to dismiss Plaintiff's conversion claim as barred by the applicable statute

of limitations.[8]

ii. *Res Judicata*

Defendants also argue that the Court should dismiss Plaintiff's claim for conversion as barred by the doctrine of *res judicata*. (Doc. No. 66 at 3-8.) But "'[u]nder California law, . . . a judgment is not final for purposes of *res judicata* during the pendency of and until the resolution of an appeal.'" Sosa, 437 F.3d at 928 (quoting Eichman, 759 F.2d at 1439); see Nathanson, 99 Cal. App. 4th at 1163 n.1.

Here, there is no final judgment under California law. Defendants argue that Plaintiff's claim for conversion is barred by *res judicata* in light of the judgment that was entered in the derivative action, Case No. 37-2015-34545-CU-BT-CTL. (Doc. No. 66 at 3.) On September 12, 2018, the state court entered a consolidated judgment in the derivative action. (Doc. No. 34-4, RJN Ex. 22.) But in December 2018, Plaintiff appealed that judgment to the California Court of Appeal, and Plaintiff's appeal remains pending. (Doc. No. 63-1, Exs. C, D.) As such, there is no final judgment for purposes of *res judicata* under California law. See Sosa, 437 F.3d at 928; Nathanson, 99 Cal. App. 4th at 1163 n.1. As a result, Defendants' have failed to establish that Plaintiff's claim for conversion is barred by the doctrine of *res judicata*, and the Court declines to dismiss Plaintiff's conversion claim.[9]

_____

[8]    The Court notes that its denial of Defendants Altamirano, Turner, Kinney, and Huffman's motion to dismiss Plaintiff's conversion claim as barred by the applicable statute of limitations is without prejudice to Defendants asserting their statute of limitations defense at a later stage in the proceedings, such as through a motion for summary judgment.

[9]    The Court notes that it requested supplemental briefing on the issue of *res judicata* as to Plaintiff's claim for conversion on October 9, 2019. (Doc. No. 62.) But at that time, it was not clear to the Court that Plaintiff had appealed the claims at issue in the derivative action to the California Court of Appeal. It was not until Plaintiff filed his motion to stay on October 21, 2019 that the record contained judicially noticeable state court documents showing that Plaintiff had appealed the judgment in Case No. 37-2015-34545-CU-BT-CTL. (Doc. No. 63-1, Exs. C, D.)

    In addition, the Court rejects Plaintiff's contention that it was improper for the Court to raise the issue of *res judicata sua sponte*. (Doc. No. 67 at 3-4.) A district court can appropriately raise the issue of res judicata *sua sponte* provided that the court allows the parties the opportunity to submit briefing on

3:19-cv-01185-H-BLM

## II.    Defendants' Anti-SLAPP Motions to Strike

In addition to their motion to dismiss, Defendants Altamirano, Turner, Kinney, and Huffman move pursuant to California's Anti-SLAPP statute, California Code of Civil Procedure § 425.16, to strike Plaintiff's claim for malicious prosecution and Plaintiff's claim for breach of fiduciary duty.  (Doc. No. 29-1 at 1.)  Defendants Tyrell and Sullivan also move pursuant to California's Anti-SLAPP statute to strike Plaintiff's claim for malicious prosecution.  (Doc. No. 33-1 at 1.)

### A.    Legal Standards for an Anti-SLAPP Motion

"California's anti-SLAPP statute was 'enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation.'"  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1109 (9th Cir. 2003) (quoting Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 839 (9th Cir. 2001)).  "California's anti-SLAPP statute allows a defendant to file a 'special motion to strike' to dismiss an action before trial.  Makaeff v. Trump Univ., LLC, 715 F.3d 254, 261 (9th Cir. 2013) (citing Cal. Civ. Proc. Code § 425.16).  "Motions to strike a state law claim under California's anti-SLAPP statute may be brought in federal court."  Vess, 317 F.3d at 1109.

"A court considering a motion to strike under the anti-SLAPP statute must engage in a two-part inquiry."  Id. at 1110.  First, "the moving defendant must make a *prima facie* showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech."  Makaeff, 715 F.3d at 261.  "Second, once the defendant has made a *prima facie* showing, 'the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims.'"  Vess, 317 F.3d at 1110 (quoting Globetrotter Software, Inc. v. Elan Comput. Grp., Inc., 63 F. Supp. 2d 1127, 1129 (N.D. Cal. 1999)).  Under this standard, "when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil

---

the issue.  See State of Nev. Employees Ass'n, Inc. v. Keating, 903 F.2d 1223, 1225 (9th Cir. 1990); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1055 (9th Cir. 2005); Hawkins v. Risley, 984 F.2d 321, 324 (9th Cir. 1993).

Procedure 12(b)(6) standard and consider whether a claim is properly stated. And, on the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply. But in such a case, discovery must be allowed." Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress, 890 F.3d 828, 834 (9th Cir.), amended, 897 F.3d 1224 (9th Cir. 2018).

Here, Defendants only challenge the legal sufficiency of Plaintiff's claim for malicious prosecution and his claim for breach of fiduciary duty. (Doc. No. 29-1 at 8-14; Doc. No. 33-1 at 9-12.) As such, the Court will apply the Rule 12(b)(6) standard in considering whether Plaintiff has demonstrated a probability of prevailing on the challenged claims. See Planned Parenthood, 890 F.3d at 834.

B. Plaintiff's Claim for Malicious Prosecution

Plaintiff's claim for malicious prosecution is based defendants' participation in the filing and prosecution of the state court action Storix, Inc. v. Johnson, San Diego Superior Court Case No. 2015-00028262-CU-BT-CTL. (Doc. No. 1, Compl. ¶¶ 17, 38-40, 42.) The California Supreme Court has explained:

> Under Code of Civil Procedure section 425.16 "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . shall be subject to a special motion to strike . . . ." "A cause of action 'arising from' defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike." "Any act" includes communicative conduct such as the filing, funding, and prosecution of a civil action. This includes qualifying acts committed by attorneys in representing clients in litigation.

Rusheen v. Cohen, 37 Cal. 4th 1048, 1056 (2006) (citations omitted); see Navellier v. Sletten, 29 Cal. 4th 82, 90 (2002) ("The constitutional right of petition encompasses the basic act of filing litigation." (internal quotation marks omitted)).

Because Plaintiff's claim for malicious prosecution is based on defendants' involvement in the filing and prosecution of a state court action, Plaintiff's claim arises from an act in furtherance of the Defendants' constitutional right to free speech. See Rusheen, 37 Cal. 4th at 1056; Navellier, 29 Cal. 4th at 90. As such, Defendants have made

a *prima facie* showing that the Plaintiff's claim arises from an act in furtherance of Defendants' constitutional right to free speech. See Soukup v. Law Offices of Herbert Hafif, 39 Cal. 4th 260, 291 (2006) ("'By definition, a malicious prosecution suit alleges that the defendant committed a tort by filing a lawsuit.' The filing of lawsuits is an aspect of the First Amendment right of petition. Accordingly, defendants have fulfilled the required threshold showing." (citations omitted)).

Turning to the legal sufficiency of Plaintiff's claim for malicious prosecution, the Court has already determined that Plaintiff's claim for malicious prosecution fails as a matter of law, and the Court has dismissed the claim with prejudice pursuant to Rule 12(b)(6). See supra. The judicially noticeable state court documents show that a judgment was entered against Plaintiff on Storix's claim for breach of fiduciary duty in the relevant prior action. (See Doc. No. 34-4, RJN Ex. 22 at 8.) As a result, Plaintiff cannot satisfy the essential element of favorable termination, and Plaintiff's claim for malicious prosecution fails as a matter of law. See Lane, 20 Cal. App. 5th at 76 ("[T]he Lanes cannot establish the essential element of favorable termination because the entire underlying action was not terminated in the Lanes' favor."); Crowley, 8 Cal. 4th at 686. Thus, the Court grants Defendants' motion to strike Plaintiff's claim for malicious prosecution pursuant to California Code of Civil Procedure § 425.16.

### C.    Plaintiff's Claim for Breach of Fiduciary Duty

Plaintiff's claim for breach of fiduciary duty against Defendants Altamirano, Turner, Kinney, and Huffman is based in part on these defendants' alleged use of Storix profits to fund their defense in the state court action. (Doc. No. 1, Compl. ¶ 46.) The California Supreme Court has explained that "a cause of action arising from defendant's litigation activity," including the funding of litigation, "may appropriately be the subject of a section 425.16 motion to strike." Rusheen, 37 Cal. 4th at 1056. Because Plaintiff's claim for breach of fiduciary duties challenges Defendants' funding of their defense in the prior state court litigation, Plaintiff's claim arises from an act in furtherance of Defendants' constitutional right to free speech. See id. As such, Defendants have made a *prima facie*

showing that this aspect of Plaintiff's claim for breach of fiduciary duty arises from an act in furtherance of the defendant's constitutional right to free speech.

Turning to the legal sufficiency of Plaintiff's claim for breach of fiduciary duty, the Court has declined to dismiss this part of Plaintiff's claim for breach of fiduciary duty under Rule 12(b)(6). See supra. Defendants have failed to establish that Plaintiff's claim for breach of fiduciary duty is barred by the doctrine of *res judicata*. As a result, the Court denies Defendants' motion to strike Plaintiff's claim for breach of fiduciary duty pursuant to California Code of Civil Procedure § 425.16.

### III. Defendants Altamirano, Turner, Kinney, and Huffman's Motion for An Undertaking Pursuant to California Code of Civil Procedure § 1030

Defendants Altamirano, Turner, Kinney, and Huffman move pursuant to California Code of Civil Procedure § 1030 for an order requiring Plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action. (Doc. No. 28-1 at 1.) Specifically, Defendants move for an undertaking (bond) in the amount of $85,000. (Id. at 22; Doc. No. 53 at 5.)

"There is no specific provision in the Federal Rules of Civil Procedure relating to security for costs. However, the federal district courts have inherent power to require plaintiffs to post security for costs." Simulnet E. Assocs. v. Ramada Hotel Operating Co., 37 F.3d 573, 574 (9th Cir. 1994). "'Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs.'" Id.

California Code of Civil Procedure § 1030 provides:

(a) When the plaintiff in an action or special proceeding resides out of the state, or is a foreign corporation, the defendant may at any time apply to the court by noticed motion for an order requiring the plaintiff to file an undertaking to secure an award of costs and attorney's fees which may be awarded in the action or special proceeding. For the purposes of this section, "attorney's fees" means reasonable attorney's fees a party may be authorized to recover by a statute apart from this section or by contract.

(b) The motion shall be made on the grounds that the plaintiff resides out of the state or is a foreign corporation and that there is a reasonable possibility that the moving defendant will obtain judgment in the action or special

proceeding.

Cal. Civ. Proc. Code § 1030.

Section 1030(b)'s "reasonable possibility" standard "is relatively low." <u>Wilson &</u> <u>Haubert, PLLC v. Yahoo! Inc.</u>, No. C-13-5879 EMC, 2014 WL 1351210, at *3 (N.D. Cal. Apr. 4, 2014). But it "is not so low as to be non-existent." <u>Id.</u> District courts should not "read section 1030 so broadly as to require every out-of-state litigant who brings a non-frivolous suit in California to post a bond simply because there is a reasonable chance the defendant may prevail." <u>Id.</u>; <u>accord</u> <u>BladeRoom Grp. Ltd. v. Facebook, Inc.</u>, No. 5:15-CV-01370-EJD, 2018 WL 1989530, at *1 (N.D. Cal. Jan. 4, 2018).

To satisfy the requirements of section 1030, the Defendant must demonstrate a reasonable possibility of success on each of Plaintiff's claims. <u>Brightwell v. McMillan</u> <u>Law Firm</u>, No. 16-CV-1696 W (NLS), 2017 WL 6944415, at *2 (S.D. Cal. May 12, 2017) (citing <u>Gabriel Techs. Corp. v. Qualcomm Inc.</u>, No. 08 CV 1992 MMA POR, 2010 WL 3718848, at *5 (S.D. Cal. Sept. 20, 2010)). "[I]f Defendants do not show a reasonable possibility of defeating even one of Plaintiff's claims, the Court must deny the motion." <u>Id.</u>

Further, the Ninth Circuit has cautioned that "[i]n requiring a security bond for defendants' costs, care must be taken not to deprive a plaintiff of access to the federal courts." <u>Simulnet</u>, 37 F.3d at 575–76. "'While it is neither unjust nor unreasonable to expect a suitor "to put his money where his mouth is," toll-booths cannot be placed across the courthouse doors in a haphazard fashion.'" <u>Id.</u> at 576 (quoting <u>Aggarwal v. Ponce</u> <u>School of Medicine</u>, 745 F.2d 723, 727–28 (1st Cir. 1984)).

Here, in attempting to show a reasonable probability of defeating Plaintiff's claim for conversion, Defendants rely entirely on their statute of limitations affirmative defense. (Doc. No. 28-1 at 12-13.) California Code of Civil Procedure § 338(c) provides a three-year limitations periods for claims for conversion of personal property. <u>AmerUS Life Ins.</u>, 143 Cal. App. 4th at 639. "Ordinarily the statute of limitations applying in conversion actions begins to run from the date of the conversion even though the injured person is

ignorant of his rights." Bennett, 47 Cal. 2d at 561 (citations omitted). "This rule, however, is not absolute; for example, where there has been a fraudulent concealment of the facts the statute of limitations does not commence to run until the aggrieved party discovers or ought to have discovered the existence of the cause of action for conversion." Id.; accord Strasberg, 51 Cal. App. 4th at 917. "Since a fiduciary has a duty to make a full disclosure of facts which materially affect the rights of the parties, it seems obvious that any act by him amounting to a conversion of trust property is akin to a fraudulent concealment." Bennett, 47 Cal. 2d at 561; accord Strasberg, 51 Cal. App. 4th at 917.

In the complaint, Plaintiff alleges that Defendants Altamirano, Turner, Kinney, and Huffman converted money from Storix's profits into their personal equity accounts while Johnson was on medical leave from 2011 to 2013. (Doc. No. 1, Compl. ¶ 30.) Plaintiff alleges that these defendants thereafter directed their attorneys to prevent Plaintiff "from accessing financial records which would have raised his suspicions and provided a reasonable opportunity for [him] to discover" the conversion earlier. (Id.) Plaintiff alleges that he obtained information showing the conversion in December 2018. (Id.) In light of these allegations, Defendants have failed to show a reasonable probability of success as to their statute of limitations defense to Plaintiff's conversion claim at this stage in the proceedings. See Bennett, 47 Cal. 2d at 561; Strasberg, 51 Cal. App. 4th at 917. Defendants' § 1030 motion can be denied on this basis. See Brightwell, 2017 WL 6944415, at *2

Further, Defendants have failed to show that the bond amount requested is proper. Here, Defendants request a bond in the amount of $85,000. (Doc. No. 28-1 at 22; Doc. No. 53 at 5.) This amount appears to be primarily based on the attorney's fees Defendants anticipate incurring in this action. (See Doc. No. 28-2, Ready Decl. ¶¶ 2-6.) But Defendants' motion fails to set forth any basis for Defendants' entitlement to attorney's fees in this action. See Musaelian v. Adams, 45 Cal. 4th 512, 516 (2009) ("California follows the 'American rule,' under which each party to a lawsuit ordinarily must pay his or her own attorney fees. [California] Code of Civil Procedure section 1021 codifies the

rule, providing that the measure and mode of attorney compensation are left to the agreement of the parties '[e]xcept as attorney's fees are specifically provided for by statute.'" (citations omitted)); Cal. Civ. Proc. Code § 1030(a) ("For the purposes of this section, 'attorney's fees' means reasonable attorney's fees a party may be authorized to recover by a statute apart from this section or by contract.").  As such, the Court, exercising its sound discretion, declines to require plaintiff to post a bond for costs in this action, and the Court denies Defendants' motion.

///

///

///

For the reasons above, the Court:

(1) grants in part and denies in part Defendants Altamirano, Huffman, Kinney, and Turner's motion to dismiss;

(2) grants Defendants Storix, Tyrell, and Sullivan's motions to dismiss with prejudice;

(3) grants in part and denies in part Defendants Altamirano, Huffman, Kinney, and Turner's anti-SLAPP motion to strike;

(4) grants Defendants Tyrell and Sullivan's anti-SLAPP motion to strike; and

(5) denies Defendants Altamirano, Huffman, Kinney, and Turner's motion for a statutory undertaking.

In summary, the Court dismisses Plaintiffs' claims for malicious prosecution, economic interference, breach of contract, rescission, and indemnification with prejudice. The Court declines to dismiss Plaintiff's claims for conversion and breach of fiduciary duty.[10] Because all of the claims asserted against Defendants Storix, Tyrell, and Sullivan have been dismissed with prejudice, the Court dismisses those three defendants with prejudice from the action.[11]

The action will proceed on Plaintiff's claims for conversion and breach of fiduciary duty against Defendants Altamirano, Huffman, Kinney, and Turner. Defendants Altamirano, Huffman, Kinney, and Turner must file an answer to Plaintiff's claims for

---

[10]    The Court dismisses with prejudice Plaintiff's claim for breach of fiduciary duty to the extent it is based on Plaintiff's allegations that Defendants breached their fiduciary duty to Plaintiff by denying Plaintiff indemnification for his defense in <u>Storix, Inc. v. Johnson</u>, San Diego Superior Court Case No. 2015-00028262-CU-BT-CTL.  (<u>See</u> Doc. No. 1, Compl. ¶ 45.)

[11]    The Court notes that although it has dismissed Defendants Storix, Tyrell, and Sullivan from the action with prejudice, there is no appealable final judgment as to those parties at this time.  <u>See</u> <u>Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC</u>, 548 F.3d 738, 747 (9th Cir. 2008) ("[A] 'final decision' is one that 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment . . . .'  A district court order is therefore not appealable unless it disposes of all claims as to all parties."); <u>Ashker v. California Dep't of Corr.</u>, 350 F.3d 917, 920 n.1 (9th Cir. 2003) (explaining that "a final judgment" is "one disposing of all claims against all parties").

3:19-cv-01185-H-BLM

conversion and breach of fiduciary duty in the complaint within **30 days** from the date this order is filed.

**IT IS SO ORDERED.**

DATED: December 2, 2019

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT