1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

ANTHONY JOHNSON,

Plaintiff,

v.

MANUEL ALTAMIRANO, an individual; RICHARD TURNER, an individual; DAVID KINNEY, an individual; DAVID HUFFMAN, an individual; PAUL TYRELL, an individual; SEAN SULLIVAN, an individual; STORIX, INC., a California corporation; and DOES 1-5, inclusive,

Defendants.

Case No.: 3:19-cv-01185-H-BLM

**ORDER:**

**(1) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION;**

[Doc. No. 74.]

**(2) DENYING PLAINTIFF'S MOTION FOR ENTRY OF RULE 54(b) PARTIAL FINAL JUDGMENT OR FOR § 1292(b) CERTIFICATION; AND**

[Doc. No. 75.]

**(3) GRANTING DEFENDANTS ALTAMIRANO, HUFFMAN, KINNEY, AND TURNER'S MOTION TO STAY**

[Doc. No. 78.]

On December 9, 2019, Plaintiff Anthony Johnson filed (1) a motion for reconsideration of the Court's December 2, 2019 order on Defendants' motions to dismiss and anti-SLAPP motions to strike; and (2) a motion for entry of partial final judgment under Rule 54(b) or, in the alternative, for certification under 28 U.S.C. § 1292. (Doc. Nos. 74, 75.) On January 7, 2020, Defendants filed their respective responses in opposition to Plaintiff's motions. (Doc. Nos. 80, 81, 82, 83.) On January 9, 2020, Plaintiff filed his replies in support of his motions. (Doc. Nos. 84, 85.)

On January 6, 2020, Defendants Altamirano, Huffman, Kinney, and Turner filed a motion to stay the action pending resolution by the California Court of Appeal of the appeal in <u>Storix, Inc. v. Johnson</u>, Case No. D075308.[1] (Doc. No. 78.) On January 6, 2020, Plaintiff filed a response in opposition to Defendants Altamirano, Huffman, Kinney, and Turner's motion to stay. (Doc. No. 79.) On January 21, 2020, Defendants Altamirano, Huffman, Kinney, and Turner filed their reply in support of their motion. (Doc. No. 87.)

On January 13, 2019, the Court took the matters under submission. (Doc. No. 86.) For the reasons below, the Court: (1) denies Plaintiff's motion for reconsideration of the Court's December 2, 2019 order on Defendants' motions to dismiss and anti-SLAPP motions to strike; (2) denies Plaintiff's motion for entry of partial final judgment under Rule 54(b) or for certification under 28 U.S.C. § 1292; and (3) grants Defendants Altamirano, Huffman, Kinney, and Turner's motion to stay.

## Background

## I.    The Prior Federal Action

On August 8, 2014, Anthony Johnson – the Plaintiff in this action – filed a complaint in federal court, Case No. 14-cv-1873-H-BLM, against Storix – one of the defendants in this action – alleging claims for: (1) federal copyright infringement under the Copyright

---

[1]    The Court notes that in their motion, Defendants Altamirano, Turney, Kinney, and Huffman refer to the appeal as <u>Johnson v. Huffman</u>, Case No. D075308. However, the California Court of Appeal docket titles the appeal as <u>Storix, Inc. v. Johnson</u>, Case No. D075308. <u>See</u> <u>Storix, Inc. v. Johnson</u>, No. D075308 (Cal. App., filed Dec. 10, 2018).

Act of 1976, 17 U.S.C. § 101, *et seq.*; (2) contributory copyright infringement; and (3) vicarious copyright infringement. (Doc. No. 34-2, RJN Ex. 1.) On September 19, 2014, Storix filed an answer to Johnson's complaint and counterclaims for: (1) a declaratory judgment of non-infringement; and a declaratory judgment that it is the owner of the copyrights at issue. (Id. Ex. 2.)

The action was tried before a jury beginning on December 8, 2015. (Doc. No. 34-2, RJN Ex. 3 at 1.) On December 15, 2015, the jury returned a verdict that was in favor of Storix on all causes of action. (Id. at 2.) Specifically, in the verdict, the jury found that "Storix, Inc. proved by a preponderance of the evidence that Anthony Johnson's copyright infringement claim against Storix, Inc. is barred because Anthony Johnson transferred ownership of all pre-incorporation copyrights, including SBAdmin Version 1.3, in writing from himself to Storix, Inc." (Id.) On November 16, 2016, the Court entered an amended judgment incorporating the jury's verdict "in favor of Defendant and Counter-Claimant Storix, and against Plaintiff Anthony Johnson." (Id. at 3.)

Johnson appealed the Court's judgment to the United States Court of Appeals for the Ninth Circuit. On December 19, 2017, the Ninth Circuit affirmed in part, reversed in part, and remanded for further proceedings. Johnson v. Storix, Inc., 716 F. App'x 628, 632 (9th Cir. 2017), cert. denied, 139 S. Ct. 76 (2018). In the decision, the Ninth Circuit affirmed the jury's verdict on liability, as well as the Court's decision to award Storix attorneys' fees. Id. at 631. However, the Ninth Circuit held that the fees awarded were "unreasonable," and remanded with instructions for the Court "to reconsider the amount." Id. at 632.

On August 7, 2018, after issuing an order awarding attorneys' fees on remand, the Court entered a second amended judgment in the action. (Doc. No. 34-2, RJN Ex. 6.) On August 14, 2018, Plaintiff appealed the Court's second amended judgment to the Ninth Circuit. Johnson v. Storix, Inc., No. 14-cv-01873-H-BLM, Docket No. 304 (S.D. Cal. Aug. 14, 2018). Plaintiff's appeal of the amount of attorneys' fees is currently pending before the Ninth Circuit. See Johnson v. Storix, Inc., No. 18-56106 (9th Cir., filed Aug. 16, 2018).

## II.    The State Court Actions

On August 20, 2015, Storix filed a complaint in state court, Case No. 37-2015-28262-CU-BT-CTL, against Anthony Johnson and Janstor Technology, alleging claims for: (1) breach of fiduciary duty against Johnson; and (2) aiding and abetting breach of fiduciary duty against Janstor. (Doc. No. 34-2, RJN Ex. 8.) On October 13, 2015, Anthony Johnson along with Robin Sassi filed a derivative complaint on behalf of Storix in state court, Case No. 37-2015-34545-CU-BT-CTL, against David Huffman, Richard Turner, Manuel Altamirano, David Kinney, and David Smiljkovich, alleging claims for: (1) breach of fiduciary duty; (2) abuse of control; (3) corporate waste; and (4) an accounting. (Doc. No. 34-3, RJN Ex. 14.) The two actions were subsequently consolidated by the state court.

On March 14, 2016, Storix filed a first amended complaint in Case No. 37-2015-28262, alleging the same two causes of action. (Doc. No. 34-2, RJN Ex. 9.) On April 13, 2016, Johnson filed a cross-complaint in Case No. 37-2015-28262 against David Huffman, Richard Turner, Manuel Altamirano, David Kinney, and David Smiljkovich, alleging claims for: (1) breach of fiduciary duty; (2) civil conspiracy; and (3) fraud. (Id. Ex. 13.) On June 2, 2016, Johnson and Sassi filed a first amended complaint in the derivative action, alleging the same four causes of action. (Doc. No. 34-3, RJN Ex. 15.) On September 6, 2016, Storix filed a second amended complaint in Case No. 37-2015-28262, alleging the same two causes of action for: (1) breach of fiduciary duty against Johnson; and (2) aiding and abetting breach of fiduciary duty against Janstor. (Doc. No. 34-2, RJN Ex. 11.)

Following a jury trial, on February 20, 2018, a jury returned a verdict in Case No. 37-2015-28262 in favor of Storix and against Johnson on Storix's claim for breach of fiduciary duty and against Johnson on all of his cross-claims. (Doc. No. 34-4, RJN Ex. 17.) Specifically, in the verdict, the jury found that "Anthony Johnson breach[ed] his duty of loyalty by knowingly acting against Storix, Inc.'s interests while serving on the Board of Directors of Storix, Inc." (Id. at 1.) In addition, the jury award Storix $3,739.14 "as a result of Anthony Johnson's acts or conduct in breach of a fiduciary duty or duties owed to Storix, Inc." (Id. at 2.)

On May 16, 2018, after a bench trial, the state court issued a decision and order on the claims in the derivative action, finding in favor of the defendants and against the plaintiff on all four causes of action. (Doc. No. 34-4, RJN Ex. 20.) On September 12, 2018, the state court entered a consolidated judgment in the two actions as follows: (1) "[i]n favor of plaintiff Storix, Inc. and against Defendant Anthony Johnson on Storix Inc's complaint for breach of fiduciary duty;" (2) "Cross-Complainant Anthony Johnson shall take nothing from Cross-Defendants David Huffman, Richard Turner, Manuel Altamirano, David Kinney, and David Smiljkovich, or any of them, on the Cross-Complaint filed in Case No. 37-2015-00028262-CU-BT-CTL;" (3) Plaintiffs Anthony Johnson and Robin Sassi shall take nothing from Defendants David Huffman, Richard Turner, Manuel Altamirano, David Kinney, and David Smiljkovich, or any of them on the First Amended Derivative Complaint filed in Case No. 37-2015-00034545-CUBT-CTL." (Id. Ex. 22.) In December 2018, Plaintiff appealed the September 12, 2018 consolidated judgment to the California Court of Appeal. (Doc. No. 63-1, Exs. C, D.) Plaintiff's appeal is currently pending before the California Court of Appeal. See Storix, Inc. v. Johnson, No. D075308 (Cal. App., filed Dec. 10, 2018).

## III. The Present Action

On June 24, 2019, Plaintiff Anthony Johnson, proceeding *pro se*, filed a complaint against Defendants Manuel Altamirano, Richard Turner, David Kinney, David Huffman, Paul Tyrell, Sean Sullivan, and Storix, Inc., alleging causes of action for: (1) malicious prosecution; (2) breach of fiduciary duty; (3) conversion; (4) economic interference; (5) breach of contract; (6) rescission; and (7) indemnification. (Doc. No. 1, Compl.) On September 30, 2019, the Court denied Plaintiff's motion for recusal under 28 U.S.C. §§ 144 and 455(a). (Doc. No. 51.) On October 2, 2019, Plaintiff filed a petition for writ of mandamus with the United States Court of Appeals for the Ninth Circuit, challenging the Court's denial of his motion for recusal. (Doc. No. 60.) On November 22, 2019, the Ninth Circuit denied Plaintiff's petition for writ of mandamus and closed the case. In re Johnson, No. 19-72507, Docket No. 3 (9th Cir. Nov. 22, 2019). (Doc. No. 71.)

On December 2, 2019, the Court issued an order: (1) granting in part and denying in part Defendants Altamirano, Huffman, Kinney, and Turner's Rule 12(b)(6) motion to dismiss; (2) granting Defendants Storix, Tyrell, and Sullivan's Rule 12(b)(6) motions to dismiss with prejudice; (3) granting in part and denying in part Defendants Altamirano, Huffman, Kinney, and Turner's anti-SLAPP motion to strike; (4) granting Defendants Tyrell and Sullivan's anti-SLAPP motion to strike; and (5) denying Defendants Altamirano, Huffman, Kinney, and Turner's motion for a statutory undertaking. (Doc. No. 73.) In the order, the Court dismissed Plaintiffs' claims for malicious prosecution, economic interference, breach of contract, rescission, and indemnification with prejudice. (Id. at 40.) The Court declined to dismiss Plaintiff's claims for conversion and breach of fiduciary duty. (Id.) In addition, on December 2, 2019, the Court denied Plaintiff's motion to stay the proceedings. (Doc. No. 72.)

By the present motions, Plaintiff Johnson: (1) moves for reconsideration of the Court's December 2, 2019 order on Defendants' Rule 12(b)(6) motions to dismiss and anti-SLAPP motions to strike; and (2) moves for the entry of a partial final judgment under to Federal Rule of Civil Procedure 54(b) or, in the alternative, for certification under 28 U.S.C. § 1292. (Doc. No. 74-1 at 1; Doc. No. 75-1 at 1.) In addition, Defendants Altamirano, Huffman, Kinney, and Turner move to stay the action pending resolution by the California Court of Appeal of the appeal in Storix, Inc. v. Johnson, Case No. D075308. (Doc. No. 78-1 at 1-2.)

## Discussion

## I.    Plaintiff's Motion for Reconsideration

Plaintiff moves for reconsideration of the Court's December 2, 2019 order on Defendants' Rule 12(b)(6) motions to dismiss and anti-SLAPP motions to strike. (Doc. No. 74-1 at 1-2.) In response, Defendants argue that Plaintiff's motion should be denied because he has failed to set forth any grounds justifying reconsideration of that prior order. (Doc. No. 80 at 2-5; Doc. No. 82 at 3-6.)

///

A.    Legal Standards for a Motion for Reconsideration

A district court has inherent jurisdiction to modify, alter, or revoke a prior order. United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000).  "Reconsideration [of a prior order] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see C.D. Cal. Civ. L.R. 7-18.

Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."  Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("'[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . .'").  A motion for reconsideration may not be used to relitigate old matters, or to raise arguments or present evidence for the first time that reasonably could have been raised earlier in the litigation.  Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008); see Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) ("A [motion for reconsideration] may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").  "A party seeking reconsideration must show more than a disagreement with the Court's decision."  United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001); accord Huhmann v. FedEx Corp., No. 13-CV-00787-BAS NLS, 2015 WL 6128494, at *2 (S.D. Cal. Oct. 16, 2015).

B.    Legal Standards for a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted.  See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011).  Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief containing "a short and plain statement of the claim

showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." <u>Mendiondo v. Centinela Hosp. Med. Ctr.</u>, 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant. <u>See</u> <u>Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.</u>, 768 F.3d 938, 945 (9th Cir. 2014). But, a court need not accept "legal conclusions" as true. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." <u>Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. <u>See</u> <u>Coto Settlement v. Eisenberg</u>, 593 F.3d 1031, 1038 (9th Cir. 2010). Further, "[a] *pro se* complaint must be 'liberally construed,' since 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" <u>Entler v. Gregoire</u>,

872 F.3d 1031, 1038 (9th Cir. 2017) (quoting <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007)).

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. <u>See</u> <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995). "A district court may deny a plaintiff leave to amend if it determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." <u>Telesaurus VPC, LLC v. Power</u>, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted).

C.   <u>Legal Standards for an Anti-SLAPP Motion</u>

"California's anti-SLAPP statute was 'enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation.'" <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1109 (9th Cir. 2003) (quoting <u>Metabolife Int'l, Inc. v. Wornick</u>, 264 F.3d 832, 839 (9th Cir. 2001)). "California's anti-SLAPP statute allows a defendant to file a 'special motion to strike' to dismiss an action before trial. <u>Makaeff v. Trump Univ., LLC</u>, 715 F.3d 254, 261 (9th Cir. 2013) (citing Cal. Civ. Proc. Code § 425.16). "Motions to strike a state law claim under California's anti-SLAPP statute may be brought in federal court." <u>Vess</u>, 317 F.3d at 1109.

"A court considering a motion to strike under the anti-SLAPP statute must engage in a two-part inquiry." <u>Id.</u> at 1110. First, "the moving defendant must make a *prima facie* showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech." <u>Makaeff</u>, 715 F.3d at 261. "Second, once the defendant has made a *prima facie* showing, 'the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims.'" <u>Vess</u>, 317 F.3d at 1110 (quoting <u>Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.</u>, 63 F. Supp. 2d 1127, 1129 (N.D. Cal. 1999)). Under this standard, "when an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated. And, on the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a

claim, then the Federal Rule of Civil Procedure 56 standard will apply.  But in such a case, discovery must be allowed."  <u>Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress</u>, 890 F.3d 828, 834 (9th Cir.), <u>amended</u>, 897 F.3d 1224 (9th Cir. 2018).

Defendants challenged the legal sufficiency of Plaintiff's claim for malicious prosecution.  (Doc. No. 29-1 at 8-14; Doc. No. 33-1 at 9-12.)  As such, the Rule 12(b)(6) standard applies to the determination of whether Plaintiff demonstrated a probability of prevailing on the claim.  <u>See</u> <u>Planned Parenthood</u>, 890 F.3d at 834.

D.    <u>Analysis</u>

Plaintiff argues that the Court should reconsider its December 2, 2019 Order on Defendants' motions to dismiss and motions to strike because the order: (1) contains manifest errors of law; (2) dismisses claims based on arguments not raised by the defendants; and (3) failed to acknowledge arguments and authorities in Plaintiff's opposition.  (Doc. No. 74-1 at 1-2.)  In response, Defendants argue that Plaintiff's motion should be denied because he has failed to set forth a sufficient basis for reconsideration of the Court's prior order.  (Doc. No. 80 at 3-5; Doc. No. 82 at 2-6.)  The Court agrees with Defendants.

In his motion, Plaintiff does not identify any new evidence or intervening change in law that would justify reconsideration of the prior order.  Rather, Plaintiff argues that the Court clearly erred in dismissing his claims for malicious prosecution, economic interference, breach of contract, rescission, and indemnification with prejudice.  (Doc. No. 74-1 at 3-16.)  But, in attempting to establish error, Plaintiff relies on arguments that he either did raise or reasonable could have raised in his oppositions to Defendants' motions to dismiss these claims.  In essence, Plaintiff disagrees with the Court's prior order dismissing his claims with prejudice and seeks to relitigate Defendants' motions to dismiss through a motion for reconsideration.  This is not a proper basis for reconsideration of a prior order, and the Court denies Plaintiff's motion for reconsideration on this basis alone.  <u>See</u> <u>Exxon</u>, 554 U.S. at 486 n.5 (explaining that a motion for reconsideration may not be used to relitigate old matters, or to raise arguments or present evidence for the first time

that reasonably could have been raised earlier in the litigation); <u>Huhmann</u>, 2015 WL 6128494, at *2 ("'A party seeking reconsideration must show more than a disagreement with the Court's decision.'"). Nevertheless, the Court will address the specific arguments set forth in Plaintiff's motion for reconsideration below.

With respect to Plaintiff's claim for malicious prosecution, in order for the favorable termination element of a claim for malicious prosecution to be satisfied, "'there must first be a favorable termination of the entire action.'" <u>Crowley v. Katleman</u>, 8 Cal. 4th 666, 686 (1994) (emphasis in original). Regardless of how Plaintiff attempts to characterize the claims that were at issue in the state court action, the judicially noticeable documents show that a judgment was entered against him in that action. (Doc. No. 34-4, RJN Ex. 22 at 8 (entering judgment "[i]n favor of plaintiff Storix., Inc. and against Defendant Anthony Johnson on Storix Inc.'s complaint for breach of fiduciary duty").) <u>See also</u> <u>In re Gilead Scis. Sec. Litig.</u>, 536 F.3d 1049, 1055 (9th Cir. 2008) ("'The court need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'").

Because the prior state court action at issue concluded with a judgment against him, Plaintiff's claim for malicious prosecution fails as a matter of law. <u>See</u> <u>Crowley</u>, 8 Cal. 4th at 686; <u>Lane v. Bell</u>, 20 Cal. App. 5th 61, 68-76 (2018), <u>review denied</u> (Apr. 18, 2018); <u>Staffpro, Inc. v. Elite Show Servs., Inc.</u>, 136 Cal. App. 4th 1392, 1405 (2006); <u>Dalany v. Am. Pac. Holding Corp.</u>, 42 Cal. App. 4th 822, 829 (1996); <u>see, e.g.</u>, <u>Cairns v. Cty. of El Dorado</u>, 694 F. App'x 534, 535 (9th Cir. 2017); <u>Rezek v. City of Tustin</u>, 684 F. App'x 620, 622 (9th Cir. 2017); <u>Law Offices of Bruce Altschuld v. Wilson</u>, 632 F. App'x 321, 323–24 (9th Cir. 2015). In addition, because Plaintiff's claim for malicious prosecution fails as matter of law, his claim for indemnification also fails as a matter of law. <u>See</u> <u>Dalany</u>, 42 Cal. App. 4th at 830 (after finding that plaintiff could not establish the favorable termination element of his malicious prosecution claim, holding that "his indemnity cause of action is also defective").

With respect to Plaintiff's claims for breach of contract, rescission, and intentional interference with contractual relations, the existence of a valid contract is an essential

element of each of these claims.  See <u>Oasis W. Realty, LLC v. Goldman</u>, 51 Cal. 4th 811, 821 (2011) (breach of contract); <u>Viterbi v. Wasserman</u>, 191 Cal. App. 4th 927, 935 (2011) (rescission); <u>Quelimane Co. v. Stewart Title Guar. Co.</u>, 19 Cal. 4th 26, 55 (1998), <u>as modified</u> (Sept. 23, 1998) (intentional interference with contractual relations).  As explained in the December 2, 2019 order, Plaintiff's allegations of an oral contract between Storix and Johnson for the transfer of the copyrights to SBAdmin fail as a matter of law under 17 U.S.C. § 204(a).  See <u>Valente-Kritzer Video v. Pinckney</u>, 881 F.2d 772, 774 (9th Cir. 1989) ("Section 204(a) not only bars copyright infringement actions but also breach of contract claims based on oral agreements."); <u>Foad Consulting Grp., Inc. v. Azzalino</u>, 270 F.3d 821, 825 (9th Cir. 2001); <u>Radio Television Espanola S.A. v. New World Entm't, Ltd.</u>, 183 F.3d 922, 929 (9th Cir. 1999).  In addition, Plaintiff's allegations of an oral contract between Storix and Johnson for the transfer of the copyrights to SBAdmin are barred under the doctrines of claim preclusion and issue preclusion in light of the prior judgment that was entered in <u>Johnson v. Storix</u>, 14-cv-1873-H-BLM.  (<u>See</u> Doc. No. 73 at 18-21)  In that prior action, it was specifically determined that "Anthony Johnson transferred ownership of all pre-incorporation copyrights, including SBAdmin Version 1.3, in writing from himself to Storix, Inc." (Doc. No. 34-2, RJN Ex. 6 at 2.)  In his motion for reconsideration, Plaintiff concedes that the transfer of ownership in the copyrights was specifically determined in that prior action and states that he does not dispute the transfer of ownership.  (<u>See</u> Doc. No. 74-1 at 10-11 ("The Complaint does not dispute the transfer of ownership. . . . The Ninth Circuit affirmed, finding '[t]he Annual Report qualified as a 'note or memorandum' that was signed by Johnson and memorialized a transfer of assets.' (ECF No. 46, Ex. 3, p. 13)").)

Nevertheless, in his motion for reconsideration, Plaintiff attempts to argue that the Court should not have dismissed his claim for breach of contract because his allegations of an oral contract between Johnson and Storix regarding the copyrights to SBAdmin is different from the agreement to transfer copyright ownership.  (Doc. No. 74-1 at 7-8.)  Plaintiff argues that he did not allege an oral contract involving the transfer of his copyright

ownership. (Id.) Plaintiff argues that, instead, he alleged that there was an oral contract where "Johnson granted Storix all the copyrights it needed to conduct its business in exchange for future compensation." (Id. at 7; see also Doc. No. 1, Compl. ¶ 11 ("Johnson entered into an oral contract with Storix upon its formation, wherein Storix was granted rights to market, sell, copy, distribute and license SBAdmin to third-parties in exchange for future compensation for the copyright . . . . Johnson continually performed his obligations under the contract by providing Storix the copyrights to SBAdmin needed to conduct its business for over fifteen (15) years.").)

But any assertion or allegation of an agreement between Johnson and Storix where Johnson provided certain rights to SBAdmin to Storix upon its formation and for the next 15 years fails as a matter of law. In the prior action, it was determined that Johnson transferred ownership of all copyrights, included the rights to SBAdmin, to Storix upon its formation in 2003, (see Doc. No. 34-2, RJN Ex. 6 at 2), and Plaintiff concedes this in his motion. (See Doc. No. 74-1 at 8, 10-11.) Thus, Storix, not Johnson, owned those copyrights upon its formation in 2003, and Storix has continued to own those copyrights. Plaintiff cannot allege that he conferred any rights to SBAdmin during the 15 years at issue because Plaintiff did not own those rights during that period, Storix did. In sum, Plaintiff's allegations of an alleged oral contract between Johnson and Storix fail as a matter of law, and, thus, his claims for breach of contract, rescission, and intentional interference with contractual relations all fail as matter of law.

With respect to Plaintiff's claim for intentional interference with a prospective economic advantage, in order to state a claim, Plaintiff had to adequately allege an existing economic relationship between himself and a third party. See Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1153 (2003); Roth v. Rhodes, 25 Cal. App. 4th 530, 546 (1994). In his motion for reconsideration, Plaintiff argues that he adequately alleged that there was a relationship between Veeam and Storix's shareholders, which would include himself, for the sale of Storix to Veeam. (Doc. No. 74-1 at 15.) Plaintiff notes that in his complaint, he alleged that Veeam "'provided Storix a letter of intent to

purchase Storix for $5M.'" (Id. (quoting Doc. No. 1, Compl. ¶ 25).) But an intent to purchase is insufficient to establish an existing economic relationship. At best, Plaintiff alleges a potential relationship, not an existing one. As such, Plaintiff's claim for intentional interference with a prospective economic advantage fails as a matter of law.

In his motion for reconsideration, Plaintiff also argues that the Court committed clear error in the December 2, 2019 order by conducting its own research into the issues and citing to authorities that were not presented in Defendants' motions. (Doc. No. 74-1 at 17.) But in resolving legal issues presented to the Court by the parties, a district court is not limited to the specific authorities presented in the parties' briefing. Rather, in reviewing questions of a law, a court should "use its 'full knowledge of its own [and other relevant] precedents.'" Elder v. Holloway, 510 U.S. 510, 516 (1994); accord United States v. Rapone, 131 F.3d 188, 197 (D.C. Cir. 1997); see Elder v. Holloway, 984 F.2d 991, 999 (9th Cir. 1993) (Kozinski, J., dissenting) ("The district court can, after all, find cases not cited by one party."); see also U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 447 (1993) ("[A] court may consider an issue 'antecedent to . . . and ultimately dispositive of' the dispute before it, even an issue the parties fail to identify and brief.").

Plaintiff also argues that the Court erred by not converting Defendants' motions to dismiss into motions for summary judgment and reviewing the motions under that standard. (Doc. No. 74-1 at 17-18.) To support this argument, Plaintiff notes that in his November 7, 2019 opposition brief, he argued that Defendants' motion to dismiss raised factual issues and referenced evidence not subject to judicial notice, thereby, converting the motion to dismiss into a motion for summary judgment, and, therefore, the motion should be denied. (Id. (citing Doc. No. 67 at 4-5).) The Court notes that Plaintiff's November 7, 2019 opposition brief was in response to Defendants Altamirano, Huffman, Kinney, and Turner's supplemental briefing in support of their motion to dismiss Plaintiff's conversion claim. (See Doc. Nos. 66, 67.) The Court denied Defendants Altamirano, Huffman, Kinney, and Turner's motion to dismiss Plaintiff's conversion claim and that claim remains

3:19-cv-01185-H-BLM

in the case.  (See Doc. No. 73 at 40.)

Finally, Plaintiff argues that the Court erred in allowing Defendants to re-raise their *res judicata* defenses at a later stage in the proceedings once the relevant state court judgment has become final.  (Doc. No. 74-1 at 18-19.)  Plaintiff argues that under the Federal Rules of Civil Procedure, a defendant is required to raise all affirmative defenses in its first responsive pleading, and defenses not so raised are deemed raised.  (Id. at 18.)  Federal Rule of Civil Procedure 12(h)(1) provides: "A party waives any defense listed in Rule 12(b)(2)–(5) by: . . . failing to either: (i) make it by motion under this rule; or  (ii) include it in a responsive pleading . . . ."  Fed. R. Civ. P. 12(h)(1).  But Rule 12(h)(1) is inapplicable here.  By its terms, Rule 12(h)(1) only applies to "defense[s] listed in Rule 12(b)(2)–(5)."  Fed. R. Civ. P. 12(h)(1).  Defendants' motion to dismiss was made pursuant to Rule 12(b)(6), not (b)(2)-(5).  Further, even if Rule 12(h)(1) applied here, there still would be no waiver.  Defendants included their *res judicata* defense in the briefing in support of their motion to dismiss.  As such, Plaintiff's waiver argument fails.  In sum, the Court denies Plaintiff's motion for reconsideration of the Court's December 2, 2019 order on Defendants' Rule 12(b)(6) motions to dismiss and anti-SLAPP motions to strike.

## II.    Plaintiff's Motion for Entry of a Rule 54(b) Partial Final Judgment

Plaintiff moves for the entry of partial final judgment under Federal Rule of Civil Procedure 54(b).  (Doc. No. 75-1 at 1.)  Specifically, Plaintiff requests that the Court enter a Rule 54(b) partial final judgment as to his claims for malicious prosecution, economic interference, breach of contract, rescission, and indemnification, which the Court dismissed with prejudice in its December 2, 2019 order.  (Id.)

Federal Rule of Civil Procedure 54(b) provides: "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  "Rule 54(b) permits district courts to authorize immediate appeal of dispositive rulings on separate claims in a civil action raising multiple claims."  Gelboim v. Bank of Am. Corp.,

135 S. Ct. 897, 902 (2015). Under Rule 54(b), a judgment may be entered where (1) there is a final judgment of an individual claim; and (2) there is no just reason to delay. See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7–8 (1980); Pakootas v. Teck Cominco Metals, Ltd., 905 F.3d 565, 574 (9th Cir. 2018).

Under this two-part test, "[a] district court must first determine that it is dealing with a 'final judgment.'" Curtiss-Wright, 446 U.S. at 7. "It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Id. (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436 (1956)).

If the district court finds finality, "the district court must go on to determine whether there is any just reason for delay." Id. at 8. "In deciding whether there are no just reasons to delay the appeal of individual final judgments . . . , a district court must take into account judicial administrative interests as well as the equities involved." Id. In particular, a court should "consider such factors as whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Id.

"Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." Curtiss-Wright, 446 U.S. at 8. "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison-Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981). Rule 54(b) should be applied to "'preserves the historic federal policy against piecemeal appeals.'" Curtiss-Wright, 446 U.S. at 8 (quoting Sears, Roebuck, 351 U.S. at 438. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." Id.

In the Court's December 2, 2019 order on Defendants' motions to dismiss, the Court dismissed Plaintiff's claims for malicious prosecution, economic interference, breach of contract, rescission, and indemnification with prejudice. (Doc. No. 73 at 40.)  The Court's December 2, 2019 dismissal of those claims with prejudice represents a final judgment as to those individual claims as it was "'an ultimate disposition'" of those individual claims in this action.  See Curtiss-Wright, 446 U.S. at 8.

Nevertheless, the Court, exercising its sound discretion, declines to enter a Rule 54(b) partial judgment.  The Ninth Circuit has instructed that a Rule 54(b) partial final judgment is generally inappropriate where the "the case would inevitable come back to [the Court of Appeals] on the same set of facts."  Wood v. GCC Bend, LLC, 422 F.3d 873, 879 (9th Cir. 2005).  "This inquiry does not require the issues raised on appeal to be completely distinct from the rest of the action, so long as resolving the claims would 'streamline the ensuing litigation."  Jewel v. Nat'l Sec. Agency, 810 F.3d 622, 628 (9th Cir. 2015) (internal quotation marks omitted).

Here, there is some factual overlap between the five dismissed claims and the two remaining claims in the action as all of the claims in Plaintiff's complaint are broadly related to Plaintiff's relationship over the years with Storix Inc. and its shareholders/partners.  Thus, there is a substantial risk of piecemeal appeals before the Ninth Circuit Court of Appeals on the same set of facts.  Further, there is no indication that the entry of a Rule 54(b) partial final judgment as to the five dismissed claims has the potential to streamline the ensuing litigation.  Under these circumstances, the Court, exercising its sound discretion, declines to enter a Rule 54(b) partial final judgment.

### III.    Plaintiff's Motion for a 28 U.S.C. § 1292(b) Certification

In his motion, in the event the Court denies his request for entry of a partial final judgment under Rule 54(b), Plaintiff moves, in the alternative, for the Court issue a certification under 28 U.S.C. § 1292(b).  (Doc. No. 75-1 at 1, 4.)  Specifically, Plaintiff requests that the Court certify for immediate appeal its December 2, 2019 order denying Plaintiff's request for a stay of his claim for malicious prosecution pending his appeal of

the underlying state court judgment.  (Id.)

"The denial of a stay is not a final decision appealable under [28 U.S.C. §] 1291 because it does not end the litigation on the merits."  Mayacamas Corp. v. Gulfstream Aerospace Corp., 806 F.2d 928, 930 (9th Cir. 1986).  Nevertheless, 28 U.S.C. § 1292(b) provides "district courts circumscribed authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable."  Swint v. Chambers Cty. Comm'n, 514 U.S. 35, 46 (1995).  Under section 1292(b), a district court may certify an interlocutory order for immediate appeal only if the following requirements for certification have been met: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation."  In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir. 1981); see 28 U.S.C. § 1292(b).

The ultimate decision of whether to certify an interlocutory order for immediate appeal under section 1292(b) is subject to the district court's discretion.  See Swint, 514 U.S. at 47 ("Congress . . . chose to confer on district courts first line discretion to allow interlocutory appeals."); Tsyn v. Wells Fargo Advisors, LLC, No. 14-CV-02552-LB, 2016 WL 1718139, at *3 (N.D. Cal. Apr. 29, 2016) ("Even where the statutory criteria of § 1292(b) are met, the district court 'retains discretion to deny permission for interlocutory appeal.'").  Interlocutory appeals under § 1292(b) "are intended to be rare and used only in "exceptional circumstances.'"  Greenspan v. Orrick, Herrington & Sutcliffe LLP, No. C 09-4256 CRB, 2010 WL 3448240, at *1 (N.D. Cal. Sept. 1, 2010) (quoting In re Cement Antitrust Litig., 673 F.2d at 1026); see also James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002) ("Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly.").  "The party seeking certification bears the burden of demonstrating that the requirements are satisfied and that such a departure is warranted."  Stiner v. Brookdale Senior Living, Inc., 383 F. Supp. 3d 949, 957 (N.D. Cal. 2019).

Plaintiff has failed to demonstrate that the requirements for an interlocutory appeal

under 28 U.S.C. § 1292(b) have been met.  First, there was no controlling question of law at issue in the Court's December 2, 2019 order denying Plaintiff's request for a stay.  The Court's decision to deny Plaintiff's request for a stay did not turn on any controlling question of law.  Rather, the Court denied the request for a stay as an exercise of the Court's discretion after reviewing the <u>Keating</u> factors.  (<u>See</u> Doc. No. 72 at 5-6 (citing <u>Keating v. Office of Thrift Supervision</u>, 45 F.3d 322, 324–25 (9th Cir. 1995)).  Second, an immediate appeal of Plaintiff's request for a stay issue would not materially advance the ultimate termination of the litigation.  Plaintiff's request for a stay pending the resolution of the appeal in the state court action was related only to his claim for malicious prosecution.  (<u>See</u> Doc. No. 63 at 5-7.)  Plaintiff's claim for malicious prosecution is only one of the seven claims alleged in Plaintiff's complaint and at issue in this action.  (<u>See</u> Doc. No. 1, Compl ¶¶ 37-71.)  In addition, the Court notes that it is staying the remaining claims in this action pending the state court proceedings.  <u>See</u> <u>infra</u>.  Moreover, even assuming the Court's December 2, 2019 order denying Plaintiff's motion to stay met the requirements for certification, the Court under these circumstances would still decline to exercise its discretion to issue a section 1292(b) certification.  There simply are no exceptional circumstances here.

In his motion, Plaintiff also argues that the Court's order denying his motion to stay is appealable under the collateral order doctrine.  (<u>See</u> Doc. No. 75-1 at 2, 4 (citing <u>DC Comics v. Pac. Pictures Corp.</u>, 706 F.3d 1009, 1012 (9th Cir. 2013)).)  Plaintiff is incorrect.  The Ninth Circuit has held that the collateral order doctrine does not apply to orders denying a motion to stay the proceedings.  <u>See</u> <u>Mayacamas</u>, 806 F.2d at 930 ("The collateral order exception applies only where there is an 'asserted right the legal and practical value of which could be destroyed if it were not vindicated before trial.'  [¶]  Here, Gulfstream has no right to have this federal action stayed or dismissed." (citations omitted)).  In sum, the Court denies Plaintiff's motion for the Court to certify for immediate appeal under 28 U.S.C. § 1292(b) its December 2, 2019 order denying Plaintiff's motion to stay.

**IV.    Defendants Altamirano, Huffman, Kinney, and Turner's Motion to Stay**

Defendants Altamirano, Huffman, Kinney, and Turner move to stay the action pending resolution by the California Court of Appeal of the appeal in Storix, Inc. v. Johnson, Case No. D075308.  (Doc. No. 78-1 at 1.)  A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)).  "'A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (quoting Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979)).  But "'[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time.' Generally, stays should not be indefinite in nature." Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (quoting Leyva, 593 F.2d at 864) (citations omitted).

In determining whether to grant a motion to stay, a court "should generally consider the following factors:"

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Keating v. Office of Thrift Supervision, 45 F.3d 322, 324–25 (9th Cir. 1995); see Blue Cross & Blue Shield of Alabama v. Unity Outpatient Surgery Ctr., Inc., 490 F.3d 718, 724 (9th Cir. 2007).  "The proponent of a stay bears the burden of establishing its need." Clinton, 520 U.S. at 708.

Defendants Altamirano, Huffman, Kinney, and Turner note that following the Court's December 2, 2019 order granting in part and denying in part their Rule 12(b)(6)

motion to dismiss and their anti-SLAPP motion to strike, only two causes of action remain in case: Plaintiff's claim for breach of fiduciary duty and Plaintiff's claim for conversion. (Doc. No. 78-1 at 2.)  In their briefing in support of their motion to dismiss, Defendants argued that both of these claims are barred by the doctrine of *res judicata* in light of the prior consolidated judgment that was entered in the state court action.  (Doc. No. 30-1 at 8-9; Doc. No. 66 at 3-8.)  In denying Defendants' motion to dismiss, the Court rejected Defendants' assertion of *res judicata* on the grounds that the consolidated judgment at issue is not yet final because Plaintiff's appeal of the judgment remains pending before the California Court of Appeal.  (See Doc. No. 73 at 29, 32 (citing Sosa v. DIRECTV, Inc., 437 F.3d 923, 928 (9th Cir. 2006) ("'Under California law, . . . a judgment is not final for purposes of *res judicata* during the pendency of and until the resolution of an appeal.'")).)

Defendants argue that, in light of this, the Court should stay the current proceedings pending resolution of the state court appeal, which is fully briefed and awaiting oral arguments.  (Doc. No. 78-1 at 2.)  Defendants argue that because the two remaining claims are duplicative of the claims in the state court litigation, a stay pending resolution of the state court appeal will significantly narrow, if not completely eliminate, the issues and claims before this Court.  (Id. at 3.)

After reviewing the relevant factors, the Court, exercising its sound discretion grants Defendants' request for a stay.  In light of Defendants' asserted *res judicata* defense, a stay of the action pending resolution of the state court appeal has the potential to narrow and/or clarify the remaining issues in this case.[2]  In addition, the Court notes that Plaintiff previously requested that part of the action be stayed pending the resolution of the state court appeal.  (Doc. No. 63.)  As such, the Court grants Defendants' request to stay the action pending the state court proceedings.

Nevertheless, the Court declines to stay the action pending the California Court of

---

[2]     The Court notes that it is not making any findings as to the ultimate merits of Defendants' *res judicata* defense.

Appeal's decision in Case No. D075308 as that would be a stay of indefinite duration. Rather, the Court grants a six-month stay of the action without prejudice to Defendants seeking a further stay of the action.

## Conclusion

For the reasons above, the Court:

(1) denies Plaintiff's motion for reconsideration of the Court's December 2, 2019 order on Defendants' Rule 12(b)(6) motions to dismiss and anti-SLAPP motions to strike;

(2) denies Plaintiff's motion for entry of partial final judgment under Rule 54(b) or for certification under 28 U.S.C. § 1292; and

(3) grants Defendants Altamirano, Turner, Kinney, and Huffman's motion to stay the action.

The Court stays the action pending the appeal in <u>Storix, Inc. v. Johnson</u>, Case No. D075308 for six months from the date this order is filed. This stay is without prejudice to Defendants seeking a further stay of the action. If the California Court of Appeal issues a decision in <u>Storix, Inc. v. Johnson</u>, Case No. D075308 during the stay, Defendants must file a notice of decision with the Court within fourteen (14) days from the date the decision is issued. The California Court of Appeal's opinion must be attached to the notice.

**IT IS SO ORDERED.**

DATED: January 30, 2020

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT