UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MANUEL ALTAMIRANO, an individual; RICHARD TURNER, an individual; DAVID KINNEY, an individual; DAVID HUFFMAN, an individual; PAUL TYRELL, an individual; SEAN SULLIVAN, an individual; STORIX, INC., a California corporation; and DOES 1-5, inclusive,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:19-cv-01185-H-BLM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 25, 2020 ORDER**<br><br>[Doc. No. 98.] |

On August 25, 2020, the Court granted Defendants Altamirano, Huffman, Kinney, and Turner's motion for a six-month further stay of the action pending the appeal in Storix, Inc. v. Johnson, No. D075308 (Cal. App., filed Dec. 10, 2018). (Doc. No. 97.) On August 31, 2020, Plaintiff Anthony Johnson filed a motion for reconsideration of the Court's August 25, 2020 order. (Doc. No. 98.) On September 14, 2020, Defendants filed a response in opposition to Plaintiff's motion for reconsideration. (Doc. No. 99.) On September 17, 2020, Plaintiff filed a reply. (Doc. No. 102.) On September 21, 2020, the

1

Court took the matter under submission. (Doc. No. 100.) For the reasons below, the Court denies Plaintiff's motion for reconsideration.

## Background

### I.     The Prior Federal Action

On August 8, 2014, Anthony Johnson – the Plaintiff in this action – filed a complaint in federal court, Case No. 14-cv-1873-H-BLM, against Storix – one of the defendants in this action – alleging claims for: (1) federal copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*; (2) contributory copyright infringement; and (3) vicarious copyright infringement. (Doc. No. 34-2, RJN Ex. 1.) On September 19, 2014, Storix filed an answer to Johnson's complaint and counterclaims for: (1) a declaratory judgment of non-infringement; and a declaratory judgment that it is the owner of the copyrights at issue. (Id. Ex. 2.)

The action was tried before a jury beginning on December 8, 2015. (Doc. No. 34-2, RJN Ex. 3 at 1.) On December 15, 2015, the jury returned a verdict that was in favor of Storix on all causes of action. (Id. at 2.) Specifically, in the verdict, the jury found that "Storix, Inc. proved by a preponderance of the evidence that Anthony Johnson's copyright infringement claim against Storix, Inc. is barred because Anthony Johnson transferred ownership of all pre-incorporation copyrights, including SBAdmin Version 1.3, in writing from himself to Storix, Inc." (Id.) On November 16, 2016, the Court entered an amended judgment incorporating the jury's verdict "in favor of Defendant and Counter-Claimant Storix, and against Plaintiff Anthony Johnson." (Id. at 3.)

Johnson appealed the Court's judgment to the United States Court of Appeals for the Ninth Circuit. On December 19, 2017, the Ninth Circuit affirmed in part, reversed in part, and remanded for further proceedings. Johnson v. Storix, Inc., 716 F. App'x 628, 632 (9th Cir. 2017), cert. denied, 139 S. Ct. 76 (2018). In the decision, the Ninth Circuit affirmed the jury's verdict on liability, as well as the Court's decision to award Storix attorneys' fees. Id. at 631. However, the Ninth Circuit held that the fees awarded were "unreasonable," and remanded with instructions for the Court "to reconsider the amount."

Id. at 632. On April 2, 2018, the Ninth Circuit issued its mandate.[1] (Doc. No. 283.)

On August 7, 2018, after issuing an order awarding attorneys' fees on remand, the Court entered a second amended judgment in the action. (Doc. No. 34-2, RJN Ex. 6.) On February 5, 2020, the Ninth Circuit affirmed the Court's second amended judgment. (Doc. No. 320.) On May 18, 2020, the Court held an appeal mandate hearing and spread the Ninth Circuit's mandate. (Doc. No. 320.) On June 29, 2020, the Supreme Court denied Johnson's petition for writ of certiorari. Johnson v. Storix, No. 19-1244 (U.S. Jun. 29, 2020).

## II. The State Court Actions

On August 20, 2015, Storix filed a complaint in state court, Case No. 37-2015-28262-CU-BT-CTL, against Anthony Johnson and Janstor Technology, alleging claims for: (1) breach of fiduciary duty against Johnson; and (2) aiding and abetting breach of fiduciary duty against Janstor. (Doc. No. 34-2, RJN Ex. 8.) On October 13, 2015, Anthony Johnson along with Robin Sassi filed a derivative complaint on behalf of Storix in state court, Case No. 37-2015-34545-CU-BT-CTL, against David Huffman, Richard Turner, Manuel Altamirano, David Kinney, and David Smiljkovich, alleging claims for: (1) breach of fiduciary duty; (2) abuse of control; (3) corporate waste; and (4) an accounting. (Doc. No. 34-3, RJN Ex. 14.) The two actions were subsequently consolidated by the state court.

On March 14, 2016, Storix filed a first amended complaint in Case No. 37-2015-28262, alleging the same two causes of action. (Doc. No. 34-2, RJN Ex. 9.) On April 13, 2016, Johnson filed a cross-complaint in Case No. 37-2015-28262 against David Huffman, Richard Turner, Manuel Altamirano, David Kinney, and David Smiljkovich, alleging claims for: (1) breach of fiduciary duty; (2) civil conspiracy; and (3) fraud. (Id. Ex. 13.) On June 2, 2016, Johnson and Sassi filed a first amended complaint in the derivative action, alleging the same four causes of action. (Doc. No. 34-3, RJN Ex. 15.) On September 6,

---

[1] Johnson subsequently filed a petition for writ of certiorari with the United States Supreme Court, which the Supreme Court denied on October 1, 2018. Johnson v. Storix, 139 S. Ct. 76 (2018).

2016, Storix filed a second amended complaint in Case No. 37-2015-28262, alleging the same two causes of action for: (1) breach of fiduciary duty against Johnson; and (2) aiding and abetting breach of fiduciary duty against Janstor. (Doc. No. 34-2, RJN Ex. 11.)

Following a jury trial, on February 20, 2018, a jury returned a verdict in Case No. 37-2015-28262 in favor of Storix and against Johnson on Storix's claim for breach of fiduciary duty and against Johnson on all of his cross-claims. (Doc. No. 34-4, RJN Ex. 17.) Specifically, in the verdict, the jury found that "Anthony Johnson breach[ed] his duty of loyalty by knowingly acting against Storix, Inc.'s interests while serving on the Board of Directors of Storix, Inc." (Id. at 1.) In addition, the jury award Storix $3,739.14 "as a result of Anthony Johnson's acts or conduct in breach of a fiduciary duty or duties owed to Storix, Inc." (Id. at 2.)

On May 16, 2018, after a bench trial, the state court issued a decision and order on the claims in the derivative action, finding in favor of the defendants and against the plaintiff on all four causes of action. (Doc. No. 34-4, RJN Ex. 20.) On September 12, 2018, the state court entered a consolidated judgment in the two actions as follows: (1) "[i]n favor of plaintiff Storix, Inc. and against Defendant Anthony Johnson on Storix Inc's complaint for breach of fiduciary duty;" (2) "Cross-Complainant Anthony Johnson shall take nothing from Cross-Defendants David Huffman, Richard Turner, Manuel Altamirano, David Kinney, and David Smiljkovich, or any of them, on the Cross-Complaint filed in Case No. 37-2015-00028262-CU-BT-CTL;" (3) "Plaintiffs Anthony Johnson and Robin Sassi shall take nothing from Defendants David Huffman, Richard Turner, Manuel Altamirano, David Kinney, and David Smiljkovich, or any of them on the First Amended Derivative Complaint filed in Case No. 37-2015-00034545-CUBT-CTL." (Id. Ex. 22.)

On December 10, 2018, Plaintiff appealed the September 12, 2018 consolidated judgment to the California Court of Appeal, where the appeal is currently pending. (Doc. No. 63-1, Exs. C, D.) See Storix, Inc. v. Johnson, No. D075308 (Cal. App., filed Dec. 10,

2018).[2]  On November 20, 2019, the appeal was fully briefed by the parties.  See id.  On July 7, 2020, Johnson filed a motion to consolidate the appeal in Case No. D075308 with another state court appeal, Case No. D077096.  See id.  On July 30, 2020, the California Court of Appeal issued a letter to the parties requesting supplemental briefing on the timeliness of Johnson's appeal in D077096.  See id.  On September 11, 2020, the California Court of Appeal granted Johnson's motion to consolidate the two appeals.  See id.

### III. The Present Action

On June 24, 2019, Plaintiff Anthony Johnson, proceeding *pro se*, filed a complaint against Defendants Manuel Altamirano, Richard Turner, David Kinney, David Huffman, Paul Tyrell, Sean Sullivan, and Storix, Inc., alleging causes of action for: (1) malicious prosecution; (2) breach of fiduciary duty; (3) conversion; (4) economic interference; (5) breach of contract; (6) rescission; and (7) indemnification.  (Doc. No. 1, Compl.)  On September 30, 2019, the Court denied Plaintiff's motion for recusal under 28 U.S.C. §§ 144 and 455(a).  (Doc. No. 51.)  On October 2, 2019, Plaintiff filed a petition for writ of mandamus with the United States Court of Appeals for the Ninth Circuit, challenging the Court's denial of his motion for recusal.  (Doc. No. 60.)  On November 22, 2019, the Ninth Circuit denied Plaintiff's petition for writ of mandamus and closed the case.  In re Johnson, No. 19-72507, Docket No. 3 (9th Cir. Nov. 22, 2019).  (Doc. No. 71.)

On December 2, 2019, the Court issued an order: (1) granting in part and denying in part Defendants Altamirano, Huffman, Kinney, and Turner's Rule 12(b)(6) motion to dismiss; (2) granting Defendants Storix, Tyrell, and Sullivan's Rule 12(b)(6) motions to dismiss with prejudice; (3) granting in part and denying in part Defendants Altamirano, Huffman, Kinney, and Turner's anti-SLAPP motion to strike; (4) granting Defendants Tyrell and Sullivan's anti-SLAPP motion to strike; and (5) denying Defendants Altamirano, Huffman, Kinney, and Turner's motion for a statutory undertaking.  (Doc. No.

---

[2]  Docket available at https://appellatecases.courtinfo.ca.gov/search/case/briefing.cfm?dist=41&doc_id=2277885&doc_no=D075308&request_token=NiIwLSEmXkw3WyApSCNdVENIQEA6UkxbJCNOSzpRMCAgCg%3D%3D.

73.) In the order, the Court dismissed Plaintiffs' claims for malicious prosecution, economic interference, breach of contract, rescission, and indemnification with prejudice. (Id. at 40.) The Court declined to dismiss Plaintiff's claims for conversion and breach of fiduciary duty. (Id.) In addition, on December 2, 2019, the Court denied Plaintiff's motion to stay the proceedings. (Doc. No. 72.)

On January 30, 2020, the Court denied Plaintiff's motion for reconsideration of the Court's December 2, 2019 order on Defendants' motions to dismiss and anti-SLAPP motions to strike, and the Court denied Plaintiff's motion for entry of a partial final judgment under Rule 54(b) or, in the alternative, for certification under 28 U.S.C. § 1292. (Doc. No. 88 at 22.) In the order, the Court also granted Defendants Altamirano, Huffman, Kinney, and Turner's motion to stay the action pending the appeal in Storix, Inc. v. Johnson, Case No. D075308. (Id.) Specifically, the Court stayed the action pending the appeal in Storix, Inc. v. Johnson, Case No. D075308 for six months from the date of the order, January 30, 2020. (Id.)

On August 25, 2020, the Court granted Defendants Altamirano, Huffman, Kinney, and Turner's motion for a six-month further stay of the action pending the appeal in Case No. D075308. (Doc. No. 97.) In the order, the Court also denied Plaintiff's request that the motion and action be heard by a different judge. (Id. at 6-9.) By the present motion, Plaintiff moves for reconsideration of the Court's August 25, 2020 order. (Doc. No. 98.)

## Discussion

**I.      Legal Standards for a Motion for Reconsideration**

A district court has inherent jurisdiction to modify, alter, or revoke a prior order. United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000). "Reconsideration [of a prior order] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see C.D. Cal. Civ. L.R. 7-18.

Reconsideration should be used conservatively, because it is an "extraordinary

remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("'[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . .'"). A motion for reconsideration may not be used to relitigate old matters, or to raise arguments or present evidence for the first time that reasonably could have been raised earlier in the litigation. Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008); see Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) ("A [motion for reconsideration] may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). "A party seeking reconsideration must show more than a disagreement with the Court's decision." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001); accord Huhmann v. FedEx Corp., No. 13-CV-00787-BAS NLS, 2015 WL 6128494, at *2 (S.D. Cal. Oct. 16, 2015).

**II.   The Court's Denial of Plaintiff's Request for Recusal**

In the Court's August 25, 2020 order, the Court denied Plaintiff's request that Defendants' motion to continue the stay and the action be heard by a different judge. (Doc. No. 97 at 6-9.) In his motion, Plaintiff moves for reconsideration of this part of the Court's August 25, 2020 order. (Doc. No. 98-2 at 4-6.)

A request for the recusal of an assigned judge is governed by 28 U.S.C. §§ 144 and 455.[3] Section 144 provides: "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such

---

[3]   In his motion, Plaintiff cites to Federal Rule of Civil Procedure 60(b)(4) as the basis for his recusal request. (See Doc. No. 98-2 at 5.) However, requests for recusal of an assigned district judge are governed by 28 U.S.C. §§ 144 and 455, not Rule 60(b)(4). See Liteky v. United States, 510 U.S. 540, 543–48 (1994); United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012); United States v. Sibla, 624 F.2d 864, 867–68 (9th Cir. 1980).

proceeding." 28 U.S.C. § 144.  Section 455(a) provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).

"'The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" McTiernan, 695 F.3d at 891 (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam)); accord United States v. Carey, 929 F.3d 1092, 1104 (9th Cir. 2019).  "Under § 455(a), impartiality must be 'evaluated on an objective basis, so that what matters is not the reality of bias or prejudice but its appearance.'" Carey, 929 F.3d at 1104 (quoting Liteky, 510 U.S. at 548); see Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) ("[R]ecusal will be justified either by actual bias or the appearance of bias.").  "Disqualification under § 455(a) is necessarily fact-driven and may turn on subtleties in the particular case." United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008).

The Ninth Circuit has explained that a judge reviewing a motion to recuse "should also bear in mind that § 455(a) is limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." Holland, 519 F.3d at 913–14 (citing Liteky, 510 U.S. at 554–56).  "Put differently, the judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal under § 455(a)." Id. (footnote omitted); see Liteky, 510 U.S. at 555 ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); see also Toscano v. McLean, No. 16-CV-06800-EMC, 2018 WL 732341, at *2 (N.D. Cal. Feb. 6, 2018) ("It is well-established that actions taken by a judge during the normal course of proceedings are not proper grounds for disqualification." (citing United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999)).  A district court's determination of a motion to recuse is reviewed for abuse of discretion.  See Yagman, 987 F.2d at 626; United States v. Wilkerson, 208 F.3d 794, 797 (9th Cir. 2000).

In this action, Plaintiff Johnson previously filed a motion to recuse the undersigned Judge from this case pursuant to 28 U.S.C. §§ 144 and 455(a). (Doc. No. 16.) On September 30, 2019, the Court denied Plaintiff's motion for recusal. (Doc. No. 51.) In the order, the Court held that Plaintiff had failed to set forth an adequate basis for recusal. (Id. at 3-6.) The Court noted that Plaintiff's allegations of bias stemmed entirely from this Court's adverse rulings and analysis in the prior action on the issue of attorney's fees, and because of this, Plaintiff failed to present an adequate basis for recusal. (Id. at 4 (citing United States v. Johnson, 610 F.3d 1138, 1148 (9th Cir. 2010); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999); Scholl, 166 F.3d at 978).)

Following the Court's denial of Plaintiff's recusal motion, Plaintiff filed a petition for writ of mandamus with the United States Court of Appeals for the Ninth Circuit, challenging the Court's denial of his motion for recusal. (Doc. No. 60.) On November 22, 2019, the Ninth Circuit denied Plaintiff's petition for writ of mandamus and closed the case. In re Johnson, No. 19-72507, Docket No. 3 (9th Cir. Nov. 22, 2019).

In his opposition to Defendants' motion to continue the stay, Plaintiff requested that the motion to continue the stay and his claims in this action be heard by another judge. (Doc. No. 94 at 3, 5.) In the Court's August 25, 2020 order, the Court denied Plaintiff's recusal request. (Doc. No. 97 at 6-9.) In denying the request, the Court explained that Plaintiff still failed to set forth any extrajudicial source for any alleged bias. (Id. at 8.) In addition, the Court explained that Plaintiff's pending lawsuit against the undersigned Judge is also not a sufficient basis for recusal. (Id. at 9 (citing United States v. Sutcliffe, 505 F.3d 944, 958 (9th Cir. 2007); Toyota of Berkeley v. Auto. Salesman's Union, Local 1095, United Food & Commercial Workers Union, 834 F.2d 751, 757 (9th Cir. 1987), amended, 856 F.2d 1572 (9th Cir. 1988); United States v. Hymes, 113 F. App'x 755, 757 (9th Cir. 2004)).)

Plaintiff moves for reconsideration of this ruling. (Doc. No. 98-2 at 4-6.) In his motion for reconsideration, Plaintiff explains that his request for recusal was not based on his lawsuit against the undersigned Judge. (Id. at 4.) Rather, Plaintiff asserts that the

undersigned Judge must recuse from the case because this Judge purportedly forfeited jurisdiction over the action by acting on behalf of Defendants and arguing their case. (Id. at 4-5 ("[The undersigned Judge] acted as counsel when arguing the defendants' case and therefore had no authority to also decide the case."); Doc. No. 102 at 2.) This assertion is without merit and has no basis in the record.

Plaintiff appears to be referring to prior orders in this action where the Court raised the issue of res judicata sua sponte, and the Court cited to authorities that were not presented in Defendants' briefing. (See Doc. No. 98-2 at 5-6; Doc. No. 67 at 3-4; Doc. No. 74-1 at 17.) As in explained in the Court's prior orders, there is nothing improper about this. (See Doc. No. 73 at 32; Doc. No. 88 at 14.)  A district court can appropriately raise the issue of res judicata sua sponte provided that the court allows the parties the opportunity to submit briefing on the issue, which the Court did in this action. See State of Nev. Employees Ass'n, Inc. v. Keating, 903 F.2d 1223, 1225 (9th Cir. 1990); Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1055 (9th Cir. 2005); Hawkins v. Risley, 984 F.2d 321, 324 (9th Cir. 1993).  In addition, in resolving the legal issues presented to the Court by the parties, a district court is not limited to the specific authorities presented in the parties' briefing.  Rather, in reviewing questions of a law, a court should "use its 'full knowledge of its own [and other relevant] precedents.'" Elder v. Holloway, 510 U.S. 510, 516 (1994); accord United States v. Rapone, 131 F.3d 188, 197 (D.C. Cir. 1997); see Elder v. Holloway, 984 F.2d 991, 999 (9th Cir. 1993) (Kozinski, J., dissenting) ("The district court can, after all, find cases not cited by one party."); see also U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 447 (1993) ("[A] court may consider an issue 'antecedent to . . . and ultimately dispositive of' the dispute before it, even an issue the parties fail to identify and brief.").

Moreover, the Court notes that Plaintiff's recusal request still fails to set forth any extrajudicial source for the alleged bias.  Instead, Plaintiff's request for recusal is based entirely on adverse rulings made by the Court in this action and the prior action.  This is an inadequate basis for recusal.  See Leslie, 198 F.3d at 1160 ("[Plaintiff]'s allegations stem

entirely from the district court judge's adverse rulings.  That is not an adequate basis for recusal."); Scholl, 166 F.3d at 978 ("[The district judge]'s judicial rulings and efforts at trial administration are an inadequate basis for disqualification.").

Finally, although in his motion for reconsideration Plaintiff asserts that his prior recusal request was not based on his lawsuit against the undersigned Judge, in his reply brief, Plaintiff argues that the undersigned Judge cannot decide this case at the same time she is being sued by him for alleged constitutional violations in a separate federal action. (Doc. No. 102 at 3.)  Plaintiff is wrong.  As explained in the prior order, the Ninth Circuit has long held that "'[a] judge is not disqualified by a litigant's suit or threatened suit against h[er] . . . .'"  Sutcliffe, 505 F.3d at 958 (quoting United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986)); accord Toyota of Berkeley, 834 F.2d at 757; see, e.g., Hymes, 113 F. App'x at 757 ("[T]he fact that Hymes had filed a lawsuit against the trial judge was not a sufficient basis for recusal."); see also Guide to Judiciary Policy, Vol. 2: Ethics and Judicial Conduct, Pt. B: Ethics Advisory Opinions, Published Advisory Opinion No 103, at 187, available at https://www.uscourts.gov/sites/default/files/guide-vol02b-ch02-2019_final.pdf ("Automatic disqualification of a judge cannot be obtained by the simple act of suing the judge, particularly where the suit is primarily based on the judge's prior judicial rulings.").  Thus, Plaintiff's pending lawsuit against the undersigned Judge is not a sufficient basis for recusal, and there is nothing improper about the undersigned Judge continuing to preside over this action despite that lawsuit.  In sum, the Court denies Plaintiff's motion for reconsideration of this portion of the Court's August 25, 2020 order, and the Court again denies Plaintiff's request for recusal.

**II.     The Court's Granting of Defendants' Motion to Continue the Stay**

In the Court's August 25, 2020 order, the Court granted Defendants' motion to continue the Court's stay of the action pending the appeal in Storix, Inc. v. Johnson, No. D075308 for six months. (Doc. No. 97 at 9-11.)  Plaintiff also moves for reconsideration of this part of the Court's August 25, 2020 order.  (Doc. No. 98-2 at 6-7.)

Plaintiff argues that the Court gave no reasons for staying the action. This contention is wrong and not supported by the record. (Doc. No. 98-2 at 6.) In the Court's August 25, 2020 order, the Court considered the relevant factors and explained its basis for granting Defendants' motion to continue the stay. (Doc. No 97 at 11.) Plaintiff may disagree with the Court's analysis and the Court's decision to continue the stay. But disagreement with a Court's decision is an insufficient ground for reconsideration. See Westlands Water Dist., 134 F. Supp. 2d at 1131; Huhmann, 2015 WL 6128494, at *2; see also Exxon Shipping, 554 U.S. at 486 n.5 (explaining that a motion for reconsideration may not be used to "'relitigate old matters'"). As such, the Court denies Plaintiff's motion for reconsideration of the Court's decision to grant Defendants' motion to continue the stay.

### III. Plaintiff's Motion for Clarification

In his motion for reconsideration, Plaintiff also requests clarification of several issues. (See Doc. No. 98-2 at 6-7.) Plaintiff contends that he requires clarification of these issues in order to appeal the Court's prior orders in this action following the entry of a final judgment. (Id.)

The Court has reviewed Plaintiff's questions regarding the Court's prior orders, and the Court declines to grant Plaintiff's motion for clarification. In the Court's prior orders in this action, the Court has set forth a detailed analysis of the issues presented by the parties, and the Court has provided an explanation and basis for each of the Court's rulings, including the reasons for issuing a stay of the present action. (See Doc. Nos. 73, 88, 97.) No further clarification of the Court's rulings is necessary. As such, the Court denies Plaintiff's motion for clarification.

///
///
///

**Conclusion**

For the reasons above, the Court denies Plaintiff's motion for reconsideration of the Court's August 25, 2020 order.

**IT IS SO ORDERED.**

DATED: October 5, 2020

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT