**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY JOHNSON,<br><br>                              Plaintiff,<br><br>v.<br><br>MANUEL ALTAMIRANO, an individual; RICHARD TURNER, an individual; DAVID KINNEY, an individual; DAVID HUFFMAN, an individual; PAUL TYRELL, an individual; SEAN SULLIVAN, an individual; STORIX, INC., a California corporation; and DOES 1-5, inclusive,<br><br>                              Defendants. | Case No.:  3:19-cv-01185-H-BLM<br><br>**ORDER:**<br><br>**(1) DISMISSING CLAIMS FOR BREACH OF FIDUCIARY DUTY AND CONVERSION AS BARRED BY RES JUDICATA;**<br><br>**(2) LIFTING THE STAY; AND**<br><br>**(3) ORDER FOLLOWING SUPPLEMENTAL BRIEFING** |

On January 30, 2020, the Court granted a stay of the remaining claims in the present action pending the appeal in Storix, Inc. v. Johnson, Case No. D075308.  (Doc. No. 88 at 22.)  On December 31, 2020, the California Court of Appeal issued its opinion in the consolidated appeals: Storix, Inc. v. Johnson, Case No. D075308 and Johnson v. Huffman, Case No. D077096.  (Doc. No. 104.)  On April 22, 2021, the California Court of Appeal issued its remittitur.  See Storix, Inc. v. Johnson, No. D075308 (Cal. App., filed Dec. 10, 2018) (docket).

On April 26, 2021, the Court issued a briefing schedule, requesting further briefing from the parties on the effect, if any, of the California Court of Appeal's December 31, 2020 opinion and April 22, 2021 remittitur on the Court's stay of this action and the Court's December 2, 2019 order. (Doc. No. 107.) On May 10, 2021, Defendants Manuel Altamirano, Richard Turner, David Kinney, and David Huffman filed their supplemental brief. (Doc. No. 108.) On May 22, 2021, Plaintiff Anthony Johnson filed his responsive brief. (Doc. No. 109.) On May 27, 2021, Defendants Altamirano, Turner, Kinney, and Huffman filed a reply brief. (Doc. No. 111.) On May 28, 2021, Plaintiff filed a sur-reply brief. (Doc. No. 112.) After reviewing the parties' briefing and for the reasons set forth below, the Court lifts the stay of the remaining claims in the action. In addition, the Court reconsiders its December 2, 2019 order, and the Court dismisses Plaintiff's claims for breach of fiduciary duty and conversion with prejudice.

## Background

This case arises out of a series of cases involving Plaintiff Anthony Johnson and Storix, Inc. As such, the Court details the full procedural history of the litigation below.

## I. The Prior Federal Action

On August 8, 2014, Anthony Johnson – the Plaintiff in this action – filed a complaint in federal court, Case No. 14-cv-1873-H-BLM, against Storix, Inc. – one of the defendants in this action – alleging claims for: (1) federal copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*; (2) contributory copyright infringement; and (3) vicarious copyright infringement. (Doc. No. 34-2, RJN Ex. 1.) On September 19, 2014, Storix filed an answer to Johnson's complaint and counterclaims for: (1) a declaratory judgment of non-infringement; and a declaratory judgment that it is the owner of the copyrights at issue. (Id. Ex. 2.)

The action was tried before a jury beginning on December 8, 2015. (Doc. No. 34-2, RJN Ex. 3 at 1.) On December 15, 2015, the jury returned a verdict that was in favor of Storix on all causes of action. (Id. at 2.) Specifically, in the verdict, the jury found that "Storix, Inc. proved by a preponderance of the evidence that Anthony Johnson's copyright

infringement claim against Storix, Inc. is barred because Anthony Johnson transferred ownership of all pre-incorporation copyrights, including SBAdmin Version 1.3, in writing from himself to Storix, Inc." (Id.) On November 16, 2016, the Court entered an amended judgment incorporating the jury's verdict "in favor of Defendant and Counter-Claimant Storix, and against Plaintiff Anthony Johnson." (Id. at 3.)

Johnson appealed the Court's judgment to the United States Court of Appeals for the Ninth Circuit. On December 19, 2017, the Ninth Circuit affirmed in part, reversed in part, and remanded for further proceedings. Johnson v. Storix, Inc., 716 F. App'x 628, 632 (9th Cir. 2017), cert. denied, 139 S. Ct. 76 (2018). In the decision, the Ninth Circuit affirmed the jury's verdict on liability, as well as the Court's decision to award Storix attorneys' fees. Id. at 631. However, the Ninth Circuit held that the fees awarded were "unreasonable," and remanded with instructions for the Court "to reconsider the amount." Id. at 632. On April 2, 2018, the Ninth Circuit issued its mandate.[1] (Doc. No. 283.)

On August 7, 2018, after issuing an order awarding attorneys' fees on remand, the Court entered a second amended judgment in the action. (Doc. No. 34-2, RJN Ex. 6.) On February 5, 2020, the Ninth Circuit affirmed the Court's second amended judgment. (Doc. No. 320.) On May 18, 2020, the Court held an appeal mandate hearing and spread the Ninth Circuit's mandate. (Doc. No. 320.) On June 29, 2020, the Supreme Court denied Johnson's petition for writ of certiorari. Johnson v. Storix, No. 19-1244 (U.S. Jun. 29, 2020).

## II. The State Court Actions

On August 20, 2015, Storix filed a complaint in state court, Case No. 37-2015-28262-CU-BT-CTL, against Anthony Johnson and Janstor Technology, alleging claims for: (1) breach of fiduciary duty against Johnson; and (2) aiding and abetting breach of fiduciary duty against Janstor. (Doc. No. 34-2, RJN Ex. 8.) On October 13, 2015, Anthony

---

[1]	Johnson subsequently filed a petition for writ of certiorari with the United States Supreme Court, which the Supreme Court denied on October 1, 2018. Johnson v. Storix, 139 S. Ct. 76 (2018).

Johnson along with Robin Sassi filed a derivative complaint on behalf of Storix in state court, Case No. 37-2015-34545-CU-BT-CTL, against David Huffman, Richard Turner, Manuel Altamirano, David Kinney, and David Smiljkovich, alleging claims for: (1) breach of fiduciary duty; (2) abuse of control; (3) corporate waste; and (4) an accounting. (Doc. No. 34-3, RJN Ex. 14.) The two actions were subsequently consolidated by the state court.

On March 14, 2016, Storix filed a first amended complaint in Case No. 37-2015-28262, alleging the same two causes of action as in the original complaint. (Doc. No. 34-2, RJN Ex. 9.) On April 13, 2016, Johnson filed a cross-complaint in Case No. 37-2015-28262 against David Huffman, Richard Turner, Manuel Altamirano, David Kinney, and David Smiljkovich, alleging claims for: (1) breach of fiduciary duty; (2) civil conspiracy; and (3) fraud. (Id. Ex. 13.) On June 2, 2016, Johnson and Sassi filed a first amended complaint in the derivative action, alleging the same four causes of action as in the original derivative complaint. (Doc. No. 34-3, RJN Ex. 15.) On September 6, 2016, Storix filed a second amended complaint in Case No. 37-2015-28262, alleging the same two causes of action for: (1) breach of fiduciary duty against Johnson; and (2) aiding and abetting breach of fiduciary duty against Janstor. (Doc. No. 34-2, RJN Ex. 11.)

Following a jury trial, on February 20, 2018, a jury returned a verdict in Case No. 37-2015-28262 in favor of Storix and against Johnson on Storix's claim for breach of fiduciary duty and against Johnson on all of his cross-claims. (Doc. No. 34-4, RJN Ex. 17.) Specifically, in the verdict, the jury found that "Anthony Johnson breach[ed] his duty of loyalty by knowingly acting against Storix, Inc.'s interests while serving on the Board of Directors of Storix, Inc." (Id. at 1.) The jury award Storix $3,739.14 "as a result of Anthony Johnson's acts or conduct in breach of a fiduciary duty or duties owed to Storix, Inc." (Id. at 2.)

On May 16, 2018, after a bench trial, the state court issued a decision and order on the claims in the derivative action, finding in favor of the defendants and against the plaintiff on all four causes of action. (Doc. No. 34-4, RJN Ex. 20.) On September 12, 2018, the state court entered a consolidated judgment in the two actions as follows: (1)

4

"[i]n favor of plaintiff Storix, Inc. and against Defendant Anthony Johnson on Storix Inc's complaint for breach of fiduciary duty;" (2) "Cross-Complainant Anthony Johnson shall take nothing from Cross-Defendants David Huffman, Richard Turner, Manuel Altamirano, David Kinney, and David Smiljkovich, or any of them, on the Cross-Complaint filed in Case No. 37-2015-00028262-CU-BT-CTL;" (3) "Plaintiffs Anthony Johnson and Robin Sassi shall take nothing from Defendants David Huffman, Richard Turner, Manuel Altamirano, David Kinney, and David Smiljkovich, or any of them on the First Amended Derivative Complaint filed in Case No. 37-2015-00034545-CUBT-CTL." (Id. Ex. 22.)

On December 10, 2018, Plaintiff appealed the September 12, 2018 consolidated judgment to the California Court of Appeal. (Doc. No. 63-1, Exs. C, D.) See Storix, Inc. v. Johnson, No. D075308 (Cal. App., filed Dec. 10, 2018) (docket).[2] While that appeal was pending, Johnson filed a complaint against Defendants Huffman, Altamirano, Turner, and Kinney alleging claims for malicious prosecution, breach of fiduciary duty, conversion, economic interference, fraud/constructive fraud, and civil conspiracy. (Doc. No. 104 at 3, 41–42.) Defendants Huffman, Altamirano, Turner, and Kinney responded to the complaint by filing an anti-SLAPP motion challenging the claims. (Id.) Johnson responded by voluntarily dismissing the action without prejudice. (Id.) The defendants in that action then filed a costs memorandum and a motion for attorney fees seeking fees permitted by the anti-SLAPP statute. (Id.) The state court judge awarded the defendants $2,364.45 in costs and $12,237.50 in attorney fees. (Id.) On December 18, 2019, Johnson also appealed this order to the California Court of Appeal. See Johnson v. Huffman, Case No. D077096 (Cal. App., filed Jan. 15, 2020) (docket).

On November 20, 2019, the appeal in Case No. No. D075308 was fully briefed by the parties. See Storix, Inc. v. Johnson, No. D075308 (Cal. App., filed Dec. 10, 2018)

---

[2] Docket available at https://appellatecases.courtinfo.ca.gov/search/case/briefing.cfm?dist=41&doc_id=2277885&doc_no=D075308&request_token=NiIwLSEmXkw3WyApSCNdVENIQEA6UkxbJCNOSzpRMCAgCg%3D%3D (last visited Jun. 2, 2021).

(docket). On July 7, 2020, Johnson filed a motion to consolidate the appeal in Case No. D075308 with the appeal in Case No. D077096. <u>See</u> <u>id.</u> On July 30, 2020, the California Court of Appeal issued a letter to the parties requesting supplemental briefing on the timeliness of Johnson's appeal in D077096. <u>See</u> <u>id.</u> On September 11, 2020, the California Court of Appeal granted Johnson's motion to consolidate the two appeals. <u>See</u> <u>id.</u>

On December 31, 2020, the California Court of Appeal issued its opinion in the consolidated appeals: <u>Storix, Inc. v. Johnson</u>, Case No. D075308 and <u>Johnson v. Huffman</u>, Case No. D077096. (Doc. No. 104.) In the opinion, the California Court of Appeal affirmed all challenged judgments and orders. (<u>Id.</u> at 3, 47.) Specifically, the Court of Appeal affirmed the judgment in Case No. 37-2015-00034545-CUBT-CTL. (<u>Id.</u> at 47.) In addition, the Court of Appeal affirmed the order in Case No. 37-2019-00002457-CU-BT-CTL and remanded that case "to the trial court with directions to conduct further proceedings as are appropriate with respect to an award of attorney fees incurred in this aspect of the appeal only." (<u>Id.</u>)

On January 27, 2021, the California Court of Appeal issued modifications to the December 31, 2020 opinion. <u>See</u> <u>Storix, Inc. v. Johnson</u>, No. D075308 (Cal. App., filed Dec. 10, 2018) (docket). The January 27, 2021 order expressly noted that there was "no change in judgment." <u>Id.</u>

On February 18, 2021, Johnson filed a petition for review with the California Supreme Court. <u>Id.</u> On April 22, 2021, the California Supreme Court denied Johnson's petition for review. <u>Id.</u> On April 22, 2021, the California Court of Appeal issue its remittitur. <u>Id.</u>

**III.    The Present Action**

On June 24, 2019, Plaintiff Anthony Johnson, proceeding *pro se*, filed a complaint against Defendants Manuel Altamirano, Richard Turner, David Kinney, David Huffman, Paul Tyrell, Sean Sullivan, and Storix, Inc., alleging causes of action for: (1) malicious prosecution; (2) breach of fiduciary duty; (3) conversion; (4) economic interference; (5) breach of contract; (6) rescission; and (7) indemnification. (Doc. No. 1, Compl.) On

September 30, 2019, the Court denied Plaintiff's motion for recusal under 28 U.S.C. §§ 144 and 455(a). (Doc. No. 51.) On October 2, 2019, Plaintiff filed a petition for writ of mandamus with the United States Court of Appeals for the Ninth Circuit, challenging the Court's denial of his motion for recusal. (Doc. No. 60.) On November 22, 2019, the Ninth Circuit denied Plaintiff's petition for writ of mandamus and closed the case. In re Johnson, No. 19-72507, Docket No. 3 (9th Cir. Nov. 22, 2019). (Doc. No. 71.)

On December 2, 2019, the Court issued an order: (1) granting in part and denying in part Defendants Altamirano, Huffman, Kinney, and Turner's Rule 12(b)(6) motion to dismiss; (2) granting Defendants Storix, Tyrell, and Sullivan's Rule 12(b)(6) motions to dismiss with prejudice; (3) granting in part and denying in part Defendants Altamirano, Huffman, Kinney, and Turner's anti-SLAPP motion to strike; (4) granting Defendants Tyrell and Sullivan's anti-SLAPP motion to strike; and (5) denying Defendants Altamirano, Huffman, Kinney, and Turner's motion for a statutory undertaking. (Doc. No. 73.) In the December 2, 2019 order, the Court dismissed with prejudice Plaintiff's claims for malicious prosecution, economic interference, breach of contract, rescission, and indemnification. (Id. at 40.) The Court declined to dismiss Plaintiff's claims for conversion and breach of fiduciary duty. (Id.) With respect to those two claims, the Court rejected Defendants' assertion of *res judicata* on the grounds that the consolidated state court judgment at issue was not yet final because Plaintiff's appeal of the judgment remained pending before the California Court of Appeal. (See id. at 29, 32 (citing Sosa v. DIRECTV, Inc., 437 F.3d 923, 928 (9th Cir. 2006) ("'Under California law, . . . a judgment is not final for purposes of *res judicata* during the pendency of and until the resolution of an appeal.'")).) In addition, on December 2, 2019, the Court denied Plaintiff's motion to stay the proceedings. (Doc. No. 72.)

On January 30, 2020, the Court denied Plaintiff's motion for reconsideration of the Court's December 2, 2019 order on Defendants' motions to dismiss and anti-SLAPP motions to strike, and the Court denied Plaintiff's motion for entry of a partial final judgment under Rule 54(b) or, in the alternative, for certification under 28 U.S.C. § 1292.

(Doc. No. 88 at 22.)  In the order, the Court also granted Defendants Altamirano, Huffman, Kinney, and Turner's motion to stay the action pending the appeal in <u>Storix, Inc. v. Johnson</u>, Case No. D075308.  (<u>Id.</u>)  Specifically, the Court stayed the action pending the appeal in <u>Storix, Inc. v. Johnson</u>, Case No. D075308 for six months from the date of the order, January 30, 2020.[3]  (<u>Id.</u>)

On August 25, 2020, the Court granted Defendants Altamirano, Huffman, Kinney, and Turner's motion for a six-month further stay of the action pending the appeal in Case No. D075308.  (Doc. No. 97.)  In the order, the Court also denied Plaintiff's request that the motion and action be heard by a different judge.  (<u>Id.</u> at 6-9.)  On October 5, 2020, the Court denied Plaintiff's motion for reconsideration of the Court's August 25, 2020 order.  (Doc. No. 103.)

On January 8, 2021, Defendants filed a notice of decision, attaching the California Court of Appeal's December 31, 2020 opinion that was issued in the consolidated appeals: <u>Storix, Inc. v. Johnson</u>, Case No. D075308 and <u>Johnson v. Huffman</u>, Case No. D077096.  (Doc. No. 104.)  On April 26, 2021, the Court issued a briefing schedule, requesting further briefing from the parties on the effect, if any, of the California Court of Appeal's December 31, 2020 opinion and April 22, 2021 remittitur on the Court's stay of this action and the Court's December 2, 2019 order.  (Doc. No. 107.)

---

[3]  While this action was stayed, on July 16, 2020, Plaintiff filed a new complaint in federal court naming as defendants David Kinney, Richard Turner, Manuel Altamirano, David Huffman, David Smiljkovich, Paul Tyrell, Sean Sullivan, Storix Inc., Judge Marilyn Huff, Judge Randa Trapp, Judge Kevin Enright, and Judge Katherine Bacal, and alleging claims for: (1) violation of civil rights pursuant to 42 U.S.C. § 1983; (2) conspiracy to interfere with civil rights under 42 U.S.C. § 1985(2); (3) neglect to prevent conspiracy to interfere pursuant to 42 U.S.C. § 1986; and (4) common counts for failure to compensate for goods provided and money had and received.  <u>See</u> <u>Johnson v. Kinney</u>, Case No. 20-cv-1354-TWR-MSB, Docket Entry No. 1 (S.D. Cal., Jul. 16, 2020).  On February 24, 2021, the court in <u>Kinney</u> dismissed Judge Huff with prejudice.  <u>Id.</u>, Docket Entry No. 44 at 80.  The Court notes that Plaintiff's naming of this Judge as a defendant in Case No. 20-cv-1354 does not require recusal in this action.  <u>See</u> <u>United States v. Sutcliffe</u>, 505 F.3d 944, 958 (9th Cir. 2007) ("'A judge is not disqualified by a litigant's suit or threatened suit against h[er] . . . .'"); <u>United States v. Hymes</u>, 113 F. App'x 755, 757 (9th Cir. 2004) ("[T]he fact that Hymes had filed a lawsuit against the trial judge was not a sufficient basis for recusal.").

## Discussion

### I.  The Court's Stay of the Action

On January 30, 2020, the Court granted a stay of the remaining claims in the present action pending the appeal in <u>Storix, Inc. v. Johnson</u>, Case No. D075308.  (Doc. No. 88 at 22.)  Defendants Altamirano, Turner, Kinney, and Huffman argue that because the California Court of Appeal has issued its remittitur, the consolidated state court action is now final and the purpose of the Court's stay has been satisfied.  (Doc. No. 108 at 3-4.)  The Court agrees.  <u>Cf.</u> <u>Macedo v. Bosio</u>, 86 Cal. App. 4th 1044, 1051 n.5 (2001) ("Our Supreme Court denied review on April 12, 1994, and our remittitur issued on May 11, 1994.  Hence, under section 1049 of the Code of Civil Procedure, the judgment became final as of that date."); <u>San Bernardino Cmty. Hosp. v. Meeks</u>, 187 Cal. App. 3d 457, 464–65 (1986) ("'[W]hen an appeal is taken the action remains pending . . . until the appeal is disposed of by the filing of the remittitur from the appellate court.'" (citations and footnote omitted)).  In light of this, the Court lifts the stay of the remaining claims in the present action.

### II.  The Parties' Requests for Reconsideration of the Court's December 2, 2019 Order

Now that the relevant state court judgment is final, both parties request that the Court reconsider certain portions of its December 2, 2019 order.  Specifically, Defendants Altamirano, Turner, Kinney, and Huffman argue that the Court should reconsider its denial of their motion to dismiss Plaintiff's claims for breach of fiduciary duty and conversion on the grounds that those claims are barred by res judicata.  (Doc. No. 108 at 4-5; Doc. No. 111 at 2-7.)  Plaintiff argues that the Court should reconsider and vacate its dismissal of Plaintiff's claims for malicious prosecution and indemnification.  (Doc. No. 109 at 7-11; Doc. No. 112 at 8-9.)

#### A.  Legal Standards for a Motion for Reconsideration

A district court has inherent jurisdiction to modify, alter, or revoke a prior order.  <u>United States v. Martin</u>, 226 F.3d 1042, 1049 (9th Cir. 2000).  "Reconsideration [of a prior

9

order] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see C.D. Cal. Civ. L.R. 7-18.

Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("'[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . .'"). A motion for reconsideration may not be used to relitigate old matters, or to raise arguments or present evidence for the first time that reasonably could have been raised earlier in the litigation. Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008); see Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) ("A [motion for reconsideration] may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). "A party seeking reconsideration must show more than a disagreement with the Court's decision." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001); accord Huhmann v. FedEx Corp., No. 13-CV-00787-BAS NLS, 2015 WL 6128494, at *2 (S.D. Cal. Oct. 16, 2015).

B.   Legal Standards for a Rule 12(b)(6) Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In reviewing a Rule 12(b)(6) motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). But a court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678. Further, it is improper for a court to assume the claimant "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In addition, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995); see Telesaurus, 623 F.3d at 1003 (9th Cir. 2010).

///

///

C.    Plaintiff's Claim for Breach of Fiduciary Duty

In the complaint, Plaintiff alleges a cause of action for breach of fiduciary duty against Defendants Altamirano, Turner, Kinney, and Huffman. (Doc. No. 1, Compl. ¶¶ 44-48.) Plaintiff's claim for breach of fiduciary duty is two-part. First, Plaintiff alleges that these defendants breached their fiduciary duty to Plaintiff by denying Plaintiff indemnification for his defense in Storix, Inc. v. Johnson, San Diego Superior Court Case No. 2015-00028262-CU-BT-CTL. (Id. ¶ 45.) Second, Plaintiff alleges that these defendants breached their fiduciary duty by using Storix profits that would have otherwise been owed to Plaintiff to defend against the claims in the state court derivative action, Johnson v. Huffman, San Diego Superior Court Case No. 2015-00034545-CU-BT-CTL, brought on Storix's behalf. (Id. ¶ 46.)

In the December 2, 2019 order, the Court dismissed with prejudice Plaintiff's claim for breach of fiduciary duty to the extent it was based on his indemnification allegations, but the Court declined to dismiss the remainder of Plaintiff's claim for breach of fiduciary duty. (Doc. No. 73 at 27-29, 40 & n.10.) Defendants Altamirano, Turner, Kinney, and Huffman argue that the remainder of Plaintiff's claim for breach of fiduciary duty is barred by the doctrine of res judicata, and the Court should reconsider its December 2, 2019 order now that the relevant state court judgment is final. (Doc. No. 108 at 4-5; Doc. No. 111 at 2-5; see also Doc. No. 30-1 at 8-9.)

In determining the preclusive effect of a prior state court judgment, federal courts are required to apply the preclusion law of the state in which the judgment was rendered, here California. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984); White v. City of Pasadena, 671 F.3d 918, 926 (9th Cir. 2012). Under California law, "[t]he doctrine of *res judicata* precludes the relitigation of certain matters which have been resolved in a prior proceeding under certain circumstances." Brinton v. Bankers Pension Servs., Inc., 76 Cal. App. 4th 550, 556 (1999); accord Rippon v. Bowen, 160 Cal. App. 4th 1308, 1318 (2008), as modified (Mar. 19, 2008). The rule is "is intended to preserve the integrity of the judicial system, promote judicial economy, and protect litigants from

harassment by vexatious litigation." <u>Vandenberg v. Superior Court</u>, 21 Cal. 4th 815, 829 (1999); <u>see also</u> <u>Bernhard v. Bank of Am. Nat. Tr. & Sav. Ass'n</u>, 19 Cal. 2d 807, 811 (1942) ("The rule is based upon the sound public policy of limiting litigation by preventing a party who has had one fair trial on an issue from again drawing it into controversy. The doctrine also serves to protect persons from being twice vexed for the same cause.").

Under California law, the doctrine of *res judicata* "has two aspects." <u>Brinton</u>, 76 Cal. App. 4th at 556; <u>see</u> <u>DKN Holdings LLC v. Faerber</u>, 61 Cal. 4th 813, 823 (2015). "*Res judicata*, or claim preclusion, prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. Collateral estoppel, or issue preclusion, 'precludes relitigation of issues argued and decided in prior proceedings.'" <u>Mycogen Corp. v. Monsanto Co.</u>, 28 Cal. 4th 888, 896 (2002). "Claim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." <u>DKN Holdings</u>, 61 Cal. 4th at 824. "[I]ssue preclusion applies: (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one who was a party in the first suit or one in privity with that party." <u>Id.</u> at 825. "'Under California law, . . . a judgment is not final for purposes of *res judicata* during the pendency of and until the resolution of an appeal.'" <u>Sosa</u>, 437 F.3d at 928 (quoting <u>Eichman v. Fotomat Corp.</u>, 759 F.2d 1434, 1439 (9th Cir. 1985)); <u>see</u> <u>Nathanson v. Hecker</u>, 99 Cal. App. 4th 1158, 1163 n.1 (2002).

In the December 2, 2019 order, the Court declined to dismiss the remainder of Plaintiff's claim for breach of fiduciary duty as barred by res judicata because the judgment at issue was not final at that time under California law since it was pending on appeal. (Doc. No. 73 at 29 (citing <u>Sosa</u>, 437 F.3d at 928; <u>Nathanson</u>, 99 Cal. App. 4th at 1163 n.1).) Defendants Altamirano, Turner, Kinney, and Huffman argue that because the California Court of Appeal's April 22, 2021 remittitur rendered the judgment at issue final, the Court should reconsider this portion of its December 2, 2019 order. (Doc. No. 108 at 4.) The Court agrees with Defendants that the California Court of Appeal's April 22, 2021

remittitur rendered the judgment at issue final.  See Macedo, 86 Cal. App. 4th at 1051 n.5 ("Our Supreme Court denied review on April 12, 1994, and our remittitur issued on May 11, 1994.  Hence, under section 1049 of the Code of Civil Procedure, the judgment became final as of that date."); San Bernardino Cmty. Hosp., 187 Cal. App. 3d at 464–65 ("'[W]hen an appeal is taken the action remains pending . . . until the appeal is disposed of by the filing of the remittitur from the appellate court.'" (citations and footnote omitted)); see also Sosa, 437 F.3d at 928 ("The judgment in the Blanchard litigation is now final, because there has been a decision on appeal as well as denial of review by the California Supreme Court.").  In light of this, reconsideration of this aspect of the Court's December 2, 2019 order is appropriate.[4]

In the complaint in this action, Plaintiff alleges that the defendants at issue breached their fiduciary duty by using Storix profits that would have otherwise been owed to Plaintiff to defend against the claims that were brought against them in the state court action.  (Doc. No. 1, Compl. ¶ 46.)  In the consolidated state court action, Plaintiff along with Robin Sassi brought a derivative complaint against Defendants Altamirano, Turner, Kinney, and Huffman alleging a claim for breach of fiduciary duty, and Plaintiff brought a cross-claim against those same defendants alleging a claim for breach of fiduciary duty.  (Doc. No. 34-2, RJN Ex. 13 ¶¶ 58-68, Ex. 14 ¶¶ 39-46.)  As part of his claim for breach of fiduciary duty in the state court action, Plaintiff contended that these defendants improperly advanced defense fees and costs to themselves in the derivative action.  (See Doc. No. 34-4, RJN Ex. 20 at 3.)  The state court rejected this contention in a written order.  (Id.)  The state court subsequently entered a judgment against Plaintiff and in favor of these defendants on Plaintiff's and Sassi's derivative claim for breach of fiduciary duty and Plaintiff's cross-claim for breach of fiduciary duty.  (Doc. No. 34-4, RJN Ex. 22 at 6-8.)

---

[4]    Indeed, in the December 2, 2019 order, the Court stated: "The Court's denial of Defendants' motion to dismiss Plaintiff's claim for breach of fiduciary duty as barred by res judicata is without prejudice to Defendants raising their res judicata defense at a later stage in the proceedings once the state court judgment has become final."  (Doc. No. 73 at 29 n.7.)

3:19-cv-01185-H-BLM

After comparing the claims in the state court action with the claim in this action, Defendants Altamirano, Turner, Kinney, and Huffman have satisfied the three elements required for the application of claim preclusion under California law. The state court action at issue concluded with a final judgment on the merits that has been affirmed on appeal and with the remittitur issued. (Doc. No. 34-4, RJN Ex. 20 at 3; Doc. No. 34-4, RJN Ex. 22; Doc. No. 104 at 3, 47.) The prior action involved the same parties as the present action: Plaintiff and Defendants Altamirano, Turner, Kinney, and Huffman. (See id.) And the prior action involved the same claim as the present action, a claim for breach of fiduciary duty based on these defendants' allegedly improper use of Storix funds to defend themselves in the state court action. (Compare Doc. No. 34-2, RJN Ex. 13 ¶¶ 58-68, Ex. 14 ¶¶ 39-46; Doc. No. 34-4, RJN Ex. 20 at 3 with Doc. No. 1, Compl. ¶ 46.) As such, Defendants Altamirano, Turner, Kinney, and Huffman have established that the remainder of Plaintiff's claim for breach of fiduciary duty is barred by res judicata. See DKN Holdings, 61 Cal. 4th at 824. Thus, the Court reconsiders its December 2, 2019 order and dismisses Plaintiff's claim for breach of fiduciary duty with prejudice.

D. Plaintiff's Claim for Conversion

In the complaint, Plaintiff alleges a cause of action for conversion against Defendants Altamirano, Turner, Kinney, and Huffman. (Doc. No. 1, Compl. ¶¶ 49-53.) In the Court's December 2, 2019 order, the Court declined to dismiss Plaintiff's claim for conversion on the grounds that the claim is barred by res judicata. (Doc. No. 74 at 32.) The Court explained that Plaintiff's claim for conversion was not barred by res judicata because the judgment at issue was not final under California law at that time since it was still pending on appeal. (Id. (citing Sosa, 437 F.3d at 928; Nathanson, 99 Cal. App. 4th at 1163 n.1).)

Defendants Altamirano, Turner, Kinney, and Huffman argue that because the California Court of Appeal's April 22, 2021 remittitur rendered the relevant state court judgment final, the Court should now reconsider this portion of its December 2, 2019 order. (Doc. No. 108 at 4-5; Doc. No. 111 at 5-7.) The Court agrees with Defendants that the

California Court of Appeal's April 22, 2021 remittitur rendered the judgment at issue final. See Macedo, 86 Cal. App. 4th at 1051 n.5; San Bernardino Cmty. Hosp., 187 Cal. App. 3d at 464–65; Sosa, 437 F.3d at 928. In light of this, reconsideration of this aspect of the Court's December 2, 2019 order is appropriate.

Defendants Altamirano, Turner, Kinney, and Huffman argue that Plaintiff's claim for conversion is barred by *res judicata* in light of the judgment that was entered in the consolidated state court action, which included Plaintiff's and Sassi's derivative action, Case No. 37-2015-34545-CU-BT-CTL. (Doc. No. 111 at 5-7; see also Doc. No. 66 at 3-8.) In the derivative action, Plaintiff along with Robin Sassi alleged against Defendants Altamirano, Turner, Kinney, and Huffman, among other claims, a claim for accounting. (Doc. No. 28-3, Ex. 4 ¶¶ 163-67.) Under California law, "[a]n action for an accounting has two elements: (1) 'that a relationship exists between the plaintiff and defendant that requires an accounting' and (2) 'that some balance is due the plaintiff that can only be ascertained by an accounting.'" Sass v. Cohen, 10 Cal. 5th 861, 869 (2020). "The right to an accounting can arise from the possession by the defendant of money or property which, because of the defendant's relationship with the plaintiff, the defendant is obliged to surrender." Teselle v. McLoughlin, 173 Cal. App. 4th 156, 179–80 (2009).

To support this accounting claim, Plaintiff along with co-plaintiff Robin Sassi alleged: "Defendants are solely in absolute possession and control of Storix'[s] financial documents, and have refused to provide those documents after numerous reasonable requests by Plaintiffs therefor, instead providing only portions and summaries of the information contained in those documents at their sole discretion." (Doc. No. 34-3, RJN Ex. 15 ¶ 164.) Plaintiff and Sassi further alleged Defendants "engaged in self-dealing and corporate waste as described above, misappropriating funds that belonged to Storix and its shareholders, and have willfully acted to conceal such facts." (Id. ¶ 165.) As part of this claim, Plaintiff and Sassi sought a determination of "[t]he amount of money due from Defendants to Plaintiffs." (Id. ¶ 166.) In addition, in the prayer for relief, Plaintiff and Sassi requested, among other things: "an accounting between Plaintiffs and Defendants;"

and "[f]or payment to Storix, to be distributed to its innocent shareholders, of the amount due from Defendants as a result of the account and interest on that amount from and after they took majority control of Storix in September 2011." (Id. at 44.)

In comparison, in the present action, Plaintiff alleges a claim for conversion against these same defendants. (Doc. No. 1, Compl. ¶¶ 49-53.) Under California law, "[c]onversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages." Welco Elecs., Inc. v. Mora, 223 Cal. App. 4th 202, 208 (2014) (internal quotation marks omitted); accord Los Angeles Fed. Credit Union v. Madatyan, 209 Cal. App. 4th 1383, 1387 (2012).

To support this claim for conversion, Plaintiff alleges: "In December 2018, Johnson obtained information showing that Partner-Defendants converted almost half a million dollars of Storix's profits earned when Johnson was a sole shareholder to their personal equity accounts. While Johnson was on medical leave in 2011-2013, Partner-Defendants changed the company's accounting method, amended tax filings, and thereafter directed Attorney-Defendants to prevent Johnson from accessing financial records which would have raised his suspicions and provided a reasonable opportunity for Johnson to discovery this fact earlier." (Doc. No. 1, Compl. ¶ 30.) Plaintiff further alleges: "Johnson was owed all undistributed profits of Storix earned prior to Partner-Defendants became shareholders, and such money is personal property of Johnson. Partner-Defendants substantially interfered with Johnson's property by knowingly and intentionally taking possession of the money Johnson was entitled to preventing Johnson's access to the money or records pertaining to it, using the money for their personal benefit, and refusing to return Johnson's money after he discovered the conversion and demanded it be returned to him." (Id. ¶ 50.) Plaintiff alleges that he "was harmed by the conversion of $475,560 owed to him." (Id. ¶ 52.) Further, in the prayer for relief, Plaintiff requests: "the recovery of Storix's earnings owed to Johnson;" and "an account between Johnson and defendants to include records of

Storix under the control of defendants." (Id. ¶¶ 74, 79.)

A comparison of Plaintiff's claim for conversion in this action with Plaintiff's and Sassi's claim for an accounting in the state court action shows that Defendants Altamirano, Turner, Kinney, and Huffman have satisfied the three elements required for the application of claim preclusion under California law. The state court action at issue concluded with a final judgment on the merits that has been affirmed on appeal and with the remittitur issued. (Doc. No. 34-4, RJN Exs. 20, 22; Doc. No. 104 at 3, 47.) The prior action involved the same parties as the present action: Plaintiff and Defendants Altamirano, Turner, Kinney, and Huffman. (See id.)

Finally, although a claim for conversion and a claim for an accounting are technically two different legal theories, under California's "primary right" doctrine, Plaintiff's claim for conversion in this action and Plaintiff's and Sassi's claim for an accounting in the state court action are the same cause of action. Under California law, "[c]auses of action are considered the same if based on the same primary right." Hi-Desert Med. Ctr. v. Douglas, 239 Cal. App. 4th 717, 733 (2015), as modified (Sept. 15, 2015).

The California Supreme Court has explained: "'In California the phrase "cause of action" is often used indiscriminately . . . to mean counts which state [according to different legal theories] the same cause of action . . . .' But for purposes of applying the doctrine of res judicata, the phrase 'cause of action' has a more precise meaning: The cause of action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." Boeken v. Philip Morris USA, Inc., 48 Cal. 4th 788, 798 (2010). "Thus, under the primary rights theory, the determinative factor is the harm suffered. When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." Id.

"In short, under California law, the significant factor guiding the application of the doctrine is whether the 'cause of action' is for invasion of a single primary right; whether the same facts are involved in both suits is not conclusive." Franceschi v. Franchise Tax Bd., 1 Cal. App. 5th 247, 258 (2016). "The doctrine not only precludes relitigation of

claims resolved in a prior action, but it also precludes litigation of claims that could have been brought in the prior action but were not." Id. ("'The law abhors a multiplicity of actions . . . .'"); see also Mycogen Corp. v. Monsanto Co., 28 Cal.4th 888, 897 (2002) ("'Res judicata precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief.'").

The primary rights doctrine was explained by the California Court of Appeal in Hi-Desert Medical Center v. Douglas using the California Supreme Court's decision in Boeken v. Philip Morris USA, Inc. and an example of the doctrine:

> Boeken is instructive. In that case, the plaintiff brought a loss of consortium action against a cigarette manufacturer after her husband was diagnosed with lung cancer. She sought compensation for the loss of her husband's companionship and affection. About four months after filing that action, she dismissed it with prejudice.
>
> A year after the dismissal of her loss of consortium action, the plaintiff's husband died from the effects of lung cancer. She then filed a wrongful death action against the cigarette manufacturer, again seeking compensation for the loss of her husband's companionship. The cigarette manufacturer demurred on the grounds that the plaintiff's claim was barred by the doctrine of res judicata; the trial court sustained the demurrer without leave to amend, and the Court of Appeal affirmed.
>
> Applying the primary rights theory, the Supreme Court affirmed the judgment of the Court of Appeal. The Supreme Court reasoned that the primary right at issue in both actions, namely "the right not to be permanently and wrongfully deprived of spousal companionship and affection," was the same.

Hi-Desert Med. Ctr., 239 Cal. App. 4th at 733–34 (citations omitted).

Under the primary rights doctrine, Plaintiff's claim for conversion in this action and Plaintiff's and Sassi's claim for an accounting in the state court action are the same cause of action because they both involve the same harm. Both claims alleged that Defendants Altamirano, Turner, Kinney, and Huffman harmed Plaintiff by purportedly concealing certain Storix records and misappropriating certain funds that were owed to Plaintiff as a shareholder of Storix. (See Doc. No. 1, Compl. ¶¶ 30, 50, 52; Doc. No. 28-3, Ex. 4 ¶¶ 164-66, p.44.) Because the two claims seek compensation for the same harm, they both involve

the same primary right.  See Boeken, 48 Cal. 4th at 798.

Plaintiff argues that his conversion claim is not barred by the res judicata because he did not discover the alleged conversion until after the state court trial and his conversion claim is purportedly based on different operative facts and evidence.  (Doc. No. 109 at 5; Doc. No. 112 at 4.)  But even assuming this is true, Plaintiff's conversion claim is barred by res judicata under California law because it still alleges the same harm as Plaintiff's and Sassi's accounting claim in the prior state court action.  The Ninth Circuit has explained: "'[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.'"  Gonzales v. Cal. Dep't of Corr., 739 F.3d 1226, 1233 (9th Cir. 2014) (quoting Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (1983)); see also Hi-Desert Med. Ctr., 239 Cal. App. 4th at 734 ("The fact that the [plaintiff] may be pursuing or adding a different remedy for the same injury does not create a new primary right.").

In sum, Defendants Altamirano, Turner, Kinney, Huffman have established that Plaintiff's claim for conversion is barred by res judicata.  See DKN Holdings, 61 Cal. 4th at 824.  Thus, the Court reconsiders its December 2, 2019 order and dismisses Plaintiff's claim for conversion with prejudice.[5]

E.    Plaintiff's Claim for Malicious Prosecution

In the complaint, Plaintiff alleged a cause of action for malicious prosecution against Defendants Altamirano, Turner, Kinney, Huffman, Tyrell, and Sullivan.  (Doc. No. 1, Compl. ¶¶ 37-43.)  In the December 2, 2019 order, the Court dismissed Plaintiff's claim for malicious prosecution with prejudice.  (Doc. No. 73 at 8-13.)  The Court explained that

---

[5]    In their supplement briefing, the parties also address whether collateral estoppel prevents Plaintiff from rebutting Defendants' assertion that Plaintiff's conversion claim is barred by the applicable statute of limitations.  (Doc. No. 109 at 4; Doc. No. 111 at 6-7; Doc. No. 112 at 8.)  Because the Court dismisses Plaintiff's claim for conversion with prejudice as barred by claim preclusion, the Court declines to consider this additional basis for dismissal of the claim.

Plaintiff's claim for malicious prosecution failed as a matter because Plaintiff could not satisfy the essential element of a "favorable termination" to support the claim since a judgment was entered against him on Storix's claim for breach of fiduciary duty in the relevant state court action. (Id. at 12-13 (citing Lane v. Bell, 20 Cal. App. 5th 61, 76 (2018); Crowley v. Katleman, 8 Cal. 4th 666, 686 (1994)).)

Plaintiff argues that the Court should reconsider its dismissal of his malicious prosecution claim in light of the California Court of Appeal's December 31, 2020 opinion. (Doc. No. 109 at 8-9; Doc. No. 112 at 8-9.) Plaintiff argues that the Court's dismissal of his malicious prosecution claim was improper because the claim was directed only to one of Storix's two separate and distinct claims for breach of fiduciary duty, and he prevailed on that one claim in accordance with the "severability" rule. (Doc. No. 109 at 9.) But a review of the California Court of Appeal's opinion show that it actually reinforces the Court's dismissal of Plaintiff's claim for malicious prosecution with prejudice.

In California, a claim for malicious prosecution "consists of three elements. The underlying action must have been: (i) initiated or maintained by, or at the direction of, the defendant, and pursued to a legal termination in favor of the malicious prosecution plaintiff; (ii) initiated or maintained without probable cause; and (iii) initiated or maintained with malice." Parrish v. Latham & Watkins, 3 Cal. 5th 767, 775 (2017). The California Supreme Court has noted that "[m]alicious prosecution actions have traditionally been disfavored as potentially chilling the right to pursue legal redress and report crime." Siebel v. Mittlesteadt, 41 Cal. 4th 735, 740 (2007); accord Sheldon Appel Co. v. Albert & Oliker, 47 Cal. 3d 863, 872 (1989).

"'Favorable termination . . . is an essential element of the tort of malicious prosecution, and it is strictly enforced.'" Lane v. Bell, 20 Cal. App. 5th 61, 68 (2018), review denied (Apr. 18, 2018); see also Siebel, 41 Cal. 4th at 741 ("'[I]t is hornbook law that the plaintiff in a malicious prosecution action must plead and prove that the prior judicial proceeding of which he complains terminated in his favor.'" (quoting Casa Herrera, Inc. v. Beydoun, 32 Cal. 4th 336, 341 (2004))). In determining whether a party

has received a favorable termination, a court should consider "the judgment as a whole in the prior action." Siebel, 41 Cal. 4th at 741 (internal quotation marks omitted) (quoting Casa Herrera, 32 Cal. 4th at 341). The California Supreme Court has clarified that in order for this element to be satisfied "'there must first be a favorable termination of the *entire* action.'" Crowley v. Katleman, 8 Cal. 4th 666, 686 (1994) (emphasis in original).

The judicially noticeable state court documents show that in Storix, Inc. v. Johnson, San Diego Superior Court Case No. 2015-00028262-CU-BT-CTL, Storix asserted a single cause of action for breach of fiduciary duty against Johnson. (Doc. No. 34-2, RJN Exs. 8, 9, 11.) Following a jury trial, the jury returned a verdict finding that "Anthony Johnson breach[ed] his duty of loyalty by knowingly acting against Storix, Inc.'s interests while serving on the Board of Directors of Storix, Inc." (Doc. No. 34-4, RJN Ex. 17 at 1.) In addition, the jury awarded Storix $3,739.14 "as a result of Anthony Johnson's acts or conduct in breach of a fiduciary duty or duties owed to Storix, Inc." (Id. at 2.) On September 12, 2018, the state court entered judgment in the consolidated action that included Case No. 2015-00028262-CU-BT-CTL. (Doc. No. 34-4, RJN Ex. 22.) In the judgment, the state court entered judgment "[i]n favor of plaintiff Storix., Inc. and against Defendant Anthony Johnson on Storix Inc.'s complaint for breach of fiduciary duty." (Id. at 8.) That judgment was affirmed by the California Court of Appeal on December 31, 2020. (Doc. No. 104 at 3, 47.)

A review of the state court judgment in the prior action shows that a judgment was entered against Plaintiff on Storix's claim for breach of fiduciary duty. Indeed, in his briefing, Plaintiff concedes that he "didn't succeed in defending the 'entire action.'" (Doc. No. 109 at 11.) As such, Plaintiff cannot plausibly allege a favorable termination of the entire underlying action in his favor. The prior action concluded with a judgment against him. Thus, Plaintiff's claim for malicious prosecution fails as a matter of law, and the Court's dismissal of the claim with prejudice remains proper. See Crowley, 8 Cal. 4th at 686; Lane, 20 Cal. App. 5th at 76.

The California Court of Appeal's December 31, 2020 reinforces that conclusion.

Prior to filing the present action in federal court, Johnson filed a complaint in state court against Defendants Huffman, Altamirano, Turner, and Kinney alleging, among other claims, a claim for malicious prosecution premised on Storix's claim for breach of fiduciary duty that was asserted against him in San Diego Superior Court Case No. 2015-00028262-CU-BT-CTL. (Doc. No. 104 at 3, 41–42.) The named defendants responded to the complaint by filing an anti-SLAPP motion challenging the claims. (Id.) Johnson responded by voluntarily dismissing the action without prejudice. (Id.) The defendants in that action then filed a costs memorandum and a motion for attorney fees seeking fees permitted by the anti-SLAPP statute. (Id.) The state court judge awarded the defendants $2,364.45 in costs and $12,237.50 in attorney fees. (Id.) Plaintiff appealed this order to the California Court of Appeal. See Johnson v. Huffman, Case No. D077096 (Cal. App., filed Jan. 15, 2020) (docket).

The California Court of Appeal affirmed the order. (Doc. No. 104 at 3, 47.) In affirming the order, the California Court of Appeal revaluated the merits of Plaintiff's claim for malicious prosecution, and the California Court of Appeal concluded that Plaintiff's claim for malicious prosecution failed as a matter of law and explained:

> [Johnson] argues that because the jury rejected Storix's $1.2 million "unfair head start" claim and awarded Storix only $3,739.14 for lost employee productivity on their breach of fiduciary duty cause of action, we should sever the employee-productivity claim from the unrelated "unfair head start" claim and declare he prevailed.
>
> The argument is unavailing because Storix's breach of fiduciary duty claim is not severable. The fact Storix's claim for unfair head-start damages terminated in Johnson's favor is insufficient to establish Johnson prevailed against Storix. (Staffpro, supra, 136 Cal. App. 4th at p. 1405 ["[S]everability analysis is improper in determining whether a malicious prosecution plaintiff has demonstrated favorable termination of an underlying lawsuit."].)
>
> Because the entire Storix action was not terminated in Johnson's favor, he cannot establish the essential element of favorable termination and his malicious prosecution claim fails. (Lane, supra, 20 Cal. App. 5th at pp. 66, 76 [malicious prosecution plaintiffs could not establish the essential element of favorable termination because the entire underlying action was not terminated in their favor].)

(Id. at 44.)  Thus, the California Court of Appeal held, for the same reason that this Court did, that Plaintiff's claim for malicious prosecution fails as a matter of law because Plaintiff cannot establish the essential element of favorable termination since the entire underlying action was not terminated in his favor.  In addition, the California Court of Appeal expressly rejected Plaintiff's assertion that Storix's breach of fiduciary duty claim is severable.  (See id. (citing Staffpro, Inc. v. Elite Show Servs., Inc., 136 Cal. App. 4th 1392, 1405 (2006)).)  As such, the Court's dismissal of Plaintiff's claim for malicious prosecution with prejudice remains proper.

Moreover, the Court notes that the California Court of Appeal's December 31, 2020 opinion actually provides an additional basis for dismissal of Plaintiff's claim for malicious prosecution with prejudice.  Because the California Court of Appeal evaluated the merits of an identical claim for malicious prosecution that was between Plaintiff and Defendants Altamirano, Turner, Kinney, and Huffman, (see Doc. No. 104 at 43-44), and that decision is now final pursuant to the California Court of Appeal's April 22, 2021 remittur, Plaintiff's claim for malicious prosecution also fails as a matter of law because it is now barred by res judicata.  See, e.g., Finander v. Eskanos & Adler, 255 F. App'x 192, 192 (9th Cir. 2007) ("The district court properly dismissed the Finanders' action on the basis of res judicata because it involved the same claims and parties as a prior state court action that was dismissed on the merits under the California Strategic Lawsuit Against Public Participation (SLAPP) laws."); Chase v. Cty. of San Bernardino, No. EDCV 12-1082 (OPX), 2012 WL 12850677, at *5–7 (C.D. Cal. Nov. 6, 2012), aff'd, 593 F. App'x 678 (9th Cir. 2015) (finding claims barred by res judicata in light of California Court of Appeal's examination of the merits of the claims under California's anti-SLAPP statute).

F.     Plaintiff's Claims for Indemnification and Breach of Fiduciary Duty Based on Indemnification

In the complaint, Plaintiff alleged a cause of action for indemnification against Defendants Storix, Altamirano, Turner, Kinney, and Huffman.  (Doc. No. 1, Compl. ¶¶ 68-71.)  Plaintiff also alleged a cause of action for breach of fiduciary duty against Defendants

Altamirano, Turner, Kinney, and Huffman that was in part based on allegations that these defendants breached their fiduciary duty to Plaintiff by denying Plaintiff indemnification for his defense in <u>Storix, Inc. v. Johnson</u>, San Diego Superior Court Case No. 2015-00028262-CU-BT-CTL. (Doc. No. 1, Compl. ¶¶ 44-48.) In the December 2, 2019 order, the Court dismissed with prejudice Plaintiff's claim for indemnification and Plaintiff's claim for breach of fiduciary duty to the extent it is based on Plaintiff's indemnification allegations. (Doc. No. 73 at 13-15, 27, 40 & n.10.) The Court explained that because Plaintiff cannot satisfy the favorable termination element of his malicious prosecution claim as a matter of law, his claim for indemnification and his claim for breach of fiduciary duty based on indemnification are also defective as a matter of law. (<u>Id.</u> at 14-15, 27 (citing <u>Dalany</u>, 42 Cal. App. 4th at 830)).

Plaintiff argues that the Court should reconsider its dismissal of these claims for indemnification because he was not required to show that he prevailed as to every distinct claim in the underlying action in order to be entitled to indemnification. (Doc. No. 109 at 10-11; Doc. No. 112 at 9.) The Court rejects this argument.

The California Court of Appeal has explained that in order for a plaintiff to recover indemnification under California Corporations Code § 317(d), the plaintiff "must make the same showing of a prior favorable termination required to maintain a malicious prosecution action." <u>Dalany</u>, 42 Cal. App. 4th at 830. In order for the favorable termination element to be satisfied "'there must first be a favorable termination of the *entire* action.'" <u>Crowley</u>, 8 Cal. 4th at 686 (emphasis in original).

A review of the state court judgment in the prior action shows that a judgment was entered against Plaintiff on Storix's claim for breach of fiduciary duty. (Doc. No. 34-4, RJN Ex. 22 at 8; <u>see also</u> Doc. No. 34-4, RJN Ex. 17; Doc. No. 104 at 3, 47.) Indeed, in his briefing, Plaintiff concedes that he "didn't succeed in defending the 'entire action.'" (Doc. No. 109 at 11.) As such, Plaintiff cannot plausibly allege a favorable termination of the entire underlying action in his favor. Further, the California Court of Appeal in its December 31, 2020 opinion agreed with this Court that Plaintiff cannot satisfy the

favorable termination element of his malicious prosecution claim as a matter of law since the entire underlying action was not terminated in his favor. (See Doc. No. 104 at 44.) As such, the California Court of Appeal's decision reinforces the conclusion that Plaintiff's claim for indemnification is also defective as a matter of law. See Dalany, 42 Cal. App. 4th at 830 (affirming summary judgment of the plaintiff's claim for malicious prosecution and indemnification because the plaintiff could not establish the element of favorable termination). Thus, the Court's dismissal with prejudice of Plaintiff's claim for indemnification and Plaintiff's claim for breach of fiduciary duty to the extent it is based on indemnification remains proper.

### Conclusion

For the reasons set forth above, the Court lifts the stay of the remaining claims in the action. In addition, the Court reconsiders its December 2, 2019 order, and the Court dismisses Plaintiff's claims for breach of fiduciary duty and conversion with prejudice. All of Plaintiff's claims in this action have now been dismissed with prejudice. As such, the Court orders the clerk to enter a judgment against Plaintiff and in favor of Defendants and to close the case.

**IT IS SO ORDERED.**

DATED: June 7, 2021

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT